**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

MARILYN C. JONAS
27 Fairfield Lane
Wilton, NH 03086

     *and*

GORDON-DARBY HOLDINGS, INC.
2600 Stanley Gault Parkway
Suite 300
Louisville, KY 40223

     *Plaintiffs*,

v.

KELLY AYOTTE, in her official capacity as
the Governor of the State of New Hampshire
107 North Main Street
Concord, NH 03301

ROBERT L. QUINN, in his official capacity
as Commissioner of the New Hampshire
Department of Safety
33 Hazen Drive
Concord, NH 03305

ROBERT R. SCOTT, in his official capacity
as Commissioner of the New Hampshire
Department of Environmental Services
29 Hazen Drive
Concord, NH 03302

JOHN MARASCO, in his official capacity as
Director of the New Hampshire Division of
Motor Vehicles
23 Hazen Drive
Concord, NH 03305

Civil Action No. _____

1

THE EXECUTIVE COUNCIL OF THE
STATE OF NEW HAMPSHIRE
107 North Main Street
State House, Room 207
Concord, NH 03301

JOSEPH D. KENNEY, in his official capacity
as District 1 Executive Councilor of the
Executive Council of the State of New
Hampshire
P. O. Box 201
Union, NH 03887

KAREN LIOT HILL, in her official capacity
as District 2 Executive Councilor of the
Executive Council of the State of New
Hampshire
24 Messenger Street
Lebanon, NH 03766

JANET STEVENS, in her official capacity as
District 3 Executive Councilor of the
Executive Council of the State of New
Hampshire
P. O. Box 687
Rye, NH 03870

JOHN STEPHEN, in his official capacity as
District 4 Executive Councilor of the
Executive Council of the State of New
Hampshire
320 Currier Drive
Manchester, NH 03104

        *and*

DAVID K. WHEELER, in his official
capacity as District 5 Executive Councilor of
the Executive Council of the State of New
Hampshire
523 Mason Road
Milford, NH 03055,

        *Defendants*.

2

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Marilyn C. Jonas ("Marilyn Jonas") and Gordon-Darby Holdings, Inc. ("Gordon-Darby"), collectively referred to herein as "Plaintiffs," through their undersigned counsel, file this Complaint and allege as follows:

**<u>NATURE OF ACTION</u>**

1.   This is an action to compel New Hampshire state officials to comply with the federal Clean Air Act, 42 U.S.C. §§ 7401-7671q.

2.   As further set forth herein, Defendants, the Governor of the State of New Hampshire, the Commissioner of the New Hampshire Department of Safety ("NHDOS"), the Commissioner of the New Hampshire Department of Environmental Services ("NHDES"), the Director of the New Hampshire Division of Motor Vehicles ("NHDMV"), the Executive Council of the State of New Hampshire ("Executive Council"), and the five Executive Councilors of the Executive Council of the State of New Hampshire ("Councilors"), collectively referred to herein as the "State Officials," have violated and are in violation of the Clean Air Act ("CAA") by failing to implement the state's motor vehicle inspection and maintenance ("I/M") program as required by New Hampshire's state implementation plan ("SIP").

3.   Specifically, beginning no later than February 13, 2026, and continuing to the present, the State Officials have completely ceased implementation and enforcement of the New Hampshire I/M program.

4.   The State Officials' failure to implement and enforce the I/M program violates an "emission standard or limitation" under the Clean Air Act, 42 U.S.C. § 7604(f)(3), and entitles Plaintiffs to the declaratory and injunctive relief requested herein.

## JURISDICTION AND VENUE

5.   Plaintiffs bring this action under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a)(1).

6.   This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. § 1331. The relief requested is authorized by 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 2201 and 2202.

7.   Marilyn Jonas served notice of the violations described herein upon Defendants by letter sent to each of the State Officials by certified mail postmarked May 21, 2026.

8.   A copy of Marilyn Jonas's notice letter is attached to this Complaint as Exhibit 1.

9.   Copies of Marilyn Jonas's notice letter were sent to Lee Zeldin, EPA Administrator, and Mark Sanborn, Regional Administrator of EPA Region 1.

10.   Because NHDES Commissioner Scott and New Hampshire Governor Ayotte were included among the State Officials to whom Marilyn Jonas served notice as alleged violators of the CAA by certified mail under 40 C.F.R. § 54.2(c), the requirements of 40 C.F.R. § 54.2(b) have been met.

11.   Gordon-Darby served notice of the violations described herein upon Defendants by letter sent to each of the State Officials by certified mail postmarked May 8, 2026.

12.   A copy of Gordon-Darby's notice letter is attached to this Complaint as Exhibit 2.

13.   Copies of Gordon-Darby's notice letter were sent to Lee Zeldin, Administrator of the U.S. Environmental Protection Agency ("EPA"), and Mark Sanborn, Regional Administrator of EPA Region 1, by certified mail postmarked May 8, 2026.

14.  40 C.F.R. § 54.2(b) requires that a copy of the notice be sent by certified mail to the authorized representative of the state agency charged with responsibility for air pollution control in New Hampshire, with a copy sent to that state's governor.

15.  Because NHDES Commissioner Scott and New Hampshire Governor Ayotte were included among the State Officials to whom Gordon-Darby served notice as alleged violators of the CAA by certified mail under 40 C.F.R. § 54.2(c), the requirements of 40 C.F.R. § 54.2(b) have been met.

16. More than 60 days have elapsed since Marilyn Jonas and Gordon-Darby served notice on the State Officials.

17. Marilyn Jonas and Gordon-Darby have satisfied the pre-suit notice requirements of 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.1-54.3.

18.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim have occurred and are occurring in the District of New Hampshire.

## **PARTIES**

*Plaintiffs*

19.  Marilyn Jonas is a citizen of the State of New Hampshire who resides at 27 Fairfield Lane, Wilton, NH 03086.

20.  Marilyn Jonas is a "person" within the meaning of the Clean Air Act and its citizen suit provision. 42 U.S.C. §§ 7602(e), 7604(a).

21.  For virtually her entire life, Marilyn Jonas has experienced respiratory illnesses that are exacerbated by exposure to air pollutants. The improvements in air quality the United States has achieved since the Clean Air Act's adoption have substantially improved her quality of life. As a

person who is especially susceptible to the health effects of air pollution, the continued implementation and enforcement of the Clean Air Act's requirements, as codified in federal regulations and in States' federally enforceable SIPs, is essential to maintaining her quality of life. Marilyn believes that without the environmental protections afforded by the Clean Air Act, she may not be alive today.

22. Marilyn Jonas has suffered from asthma since childhood. As a child, she was frequently sick and had to spend time in breathing tents in the hospital.

23. Marilyn Jonas continues to suffer from asthma as an adult.

24. Marilyn Jonas's asthma symptoms are triggered by, and exacerbated by, exposure to air pollutants including ground-level ozone, also known as smog.

25. Marilyn Jonas uses a daily inhaler to prevent asthma attacks and another emergency inhaler to relieve her acute asthma symptoms during attacks. She has to spend money to purchase her inhalers. When she has to use her inhalers more frequently, their contents run out faster and she has to replace them more often.

26. In the absence of New Hampshire's I/M program, New Hampshire's motor vehicle emissions will increase relative to the level that would have been achieved with the I/M program in place, including emissions of ozone-forming pollutants like NOx and VOCs.

27. Without the annual inspections required under New Hampshire's I/M program, motor vehicles with emission controls systems that are defective or have been disabled or replaced will go undetected. As a result, those vehicles will continue emitting pollutants at higher levels than they would with functioning emission control systems.

28. The increase in motor vehicle emissions from the I/M program's suspension will grow and compound over time as the State Officials' failure to implement and enforce the I/M program

continues. While the I/M program remains suspended, more and more vehicles will develop defects in their emission control systems that go undetected and unrepaired due to the lack of inspections.

29. The increased emissions of NOx and VOCs resulting from the State Officials' termination of the I/M program will result in higher concentrations of ozone in New Hampshire's ambient air relative to the concentrations that would be present if the State Officials continued implementing and enforcing the I/M program.

30. As a New Hampshire resident, Marilyn Jonas breathes the ambient air in New Hampshire.

31. Marilyn Jonas frequently works outdoors when working on her family-owned farm in Mason, New Hampshire and tending to the mushrooms she grows near her home in Wilton, New Hampshire.

32. Marilyn Jonas also regularly engages in outdoor recreational or exercise activities such as walking, hiking, and biking, and is also outdoors on a regular basis completing home and yard maintenance chores for her home in Wilton, New Hampshire.

33. Marilyn Jonas's health is negatively impacted by changes in New Hampshire's air quality, including by the additional vehicle emissions and higher ozone concentrations resulting from the State Officials' suspension of the I/M program.

34. Marilyn Jonas has noticed a deterioration in the air quality in New Hampshire since the State suspended the I/M program.

35. The negative impacts to Marilyn Jonas's health would be reduced if the I/M program were resumed because the emission reductions associated with that program would be restored.

Lowering motor vehicle emissions would reduce concentrations of pollutants like ozone in the ambient air and reduce the frequency and severity of her respiratory symptoms.

36. Marilyn Jonas is concerned about the effect of future increases in emissions on air quality in New Hampshire and in nearby states that could further harm her well-being, as well as the well-being of her loved ones and fellow community members.

37. Marilyn Jonas's concerns about future increases in emissions and their effect on air quality would be reduced if the I/M program were resumed.

38. Marilyn Jonas also drives her vehicle on New Hampshire's roads. In addition to driving in her community, she spends roughly two hours on work days commuting to and from her job in Lowell, Massachusetts.

39. Without the mandatory inspections of safety equipment and systems that were required under the safety portion of New Hampshire's I/M program, more vehicles with faulty safety equipment (such as tail lights, tires, or brake systems) will go undetected and unrepaired.

40. When Marilyn Jonas is driving, she is concerned that there are more unsafe motor vehicles operating on the road with her as a result of the State Officials' termination of both the emissions and safety portions of New Hampshire's I/M program. The lack of safety inspections makes her feel anxiety about the risks to herself, her loved ones, and fellow community members from sharing the road with unsafe vehicles.

41. Marilyn Jonas's anxiety about the public safety risks from unsafe vehicles operating on New Hampshire's roads will be reduced if the I/M program is resumed. As currently structured under New Hampshire's regulations, the safety inspection and emission inspection portions of New Hampshire's I/M program are run jointly and do not operate independently of one another. As a result, an order requiring the State Officials to implement and enforce the I/M program

codified in New Hampshire's SIP will likely also lead to resumption of the safety inspection program.

42. Gordon-Darby is a corporation incorporated under the laws of the State of Delaware. Gordon-Darby's registered agent is CSC, located at 251 Little Falls Drive, Wilmington, DE 19808.

43. Gordon-Darby is a "person" within the meaning of the Clean Air Act and its citizen suit provision. 42 U.S.C. §§ 7602(e), 7604(a).

44. Gordon-Darby is the sole owner of Gordon-Darby NHOST Services, Inc. ("Gordon-Darby NHOST"), which was the vendor retained by NHDOS, with the approval of the Governor and Executive Council, to perform services related to implementation of New Hampshire's I/M program.

45. Gordon-Darby NHOST's sole business purpose is to implement the New Hampshire I/M program, pursuant to contracts it entered into with licensed New Hampshire inspection stations and its contract with NHDOS, which was terminated effective January 31, 2026. Gordon-Darby NHOST did not earn revenue from the State of New Hampshire or any of its agencies under any of its previous contracts with NHDOS. Licensed inspection stations paid Gordon-Darby NHOST a fixed fee per inspection.

46. Gordon-Darby suffered harm from the State Officials' suspension of the I/M program and termination of Gordon-Darby NHOST's contract as the I/M program vendor. The State Officials' decision to terminate that contract deprived Gordon-Darby and its subsidiary, Gordon-Darby NHOST, of revenue that they would have otherwise collected for inspections conducted during the remainder of the contract's term.

9

47.  If this Court were to order the State Officials to implement the I/M program as codified in New Hampshire's SIP, the State Officials would need to retain a new vendor to administer the I/M program.

48.  If the State Officials were to solicit bids for a new vendor to administer the I/M program, Gordon-Darby would have the opportunity to bid for that new vendor contract.

49.  The opportunity to bid on a new contract as the vendor to administer New Hampshire's I/M program would provide an economic benefit to Gordon-Darby. The opportunity to pursue new business as the vendor for New Hampshire's I/M program would offer the potential for additional revenue for Gordon-Darby NHOST, and that revenue would directly benefit Gordon-Darby as the sole owner of Gordon-Darby NHOST. The opportunity for future business would also increase Gordon-Darby's corporate valuation by growing its future earnings potential.

50.  Accordingly, the opportunity to bid on a new contract as the vendor to administer New Hampshire's I/M program would redress at least some of Gordon-Darby's economic harm from the State Officials' suspension of the I/M program.

51.  In addition, if the State Officials were to solicit bids for a new vendor to administer the I/M program, there is a reasonable likelihood that Gordon-Darby NHOST would be selected as the vendor and enter a new contract with NHDOS due to its experience administering the New Hampshire I/M program and the fact that it already possesses equipment, software, and facilities suited for New Hampshire's I/M program.

***Defendants***

52.  Defendant Kelly Ayotte is the Governor of the State of New Hampshire. In that capacity, she has the authority and responsibility, together with the Executive Council, over the administration of the affairs of the State, and she has the authority to convene the Executive

Council at her discretion for the purpose of directing the State's affairs. With limited exceptions, before any state department or agency, including NHDOS, NHDES, and NHDMV, may enter into a contract with a value of $10,000 or more, the Governor and Executive Council must approve it, including any contracts associated with implementing and enforcing the I/M obligations set forth in the New Hampshire SIP.

53. Defendant Robert L. Quinn is the Commissioner of NHDOS. In that capacity, he is responsible for implementing and enforcing part of the I/M obligations set forth in the New Hampshire SIP under the Clean Air Act.

54. Defendant Robert R. Scott is the Commissioner of NHDES. In that capacity, he is responsible for implementing and enforcing part of the I/M obligations set forth in the New Hampshire SIP under the Clean Air Act.

55. Defendant John Marasco is the Director of NHDMV. In that capacity, he is responsible for implementing and enforcing part of the I/M obligations set forth in the New Hampshire SIP under the Clean Air Act.

56. Defendant the Executive Council of the State of New Hampshire has the authority and responsibility, together with the Governor, over the administration of the affairs of the State. With limited exceptions, before any state department or agency, including NHDOS, NHDES, and NHDMV, may enter into a contract with a value of $10,000 or more, the Governor and Executive Council must approve it, including any contracts associated with implementing and enforcing the I/M obligations set forth in the New Hampshire SIP.

57. Defendant Joseph D. Kenney is an Executive Councilor, elected as the representative for District 1. In that capacity, he serves on the Executive Council and, together with the Governor, is responsible for administration of the affairs of the State, including (with limited exceptions)

11

the approval of any contracts with a value of $10,000 or more that NHDOS, NHDES, and NHDMV may enter into for the purpose of implementing and enforcing the I/M obligations set forth in the New Hampshire SIP.

58.    Defendant Karen Liot Hill is an Executive Councilor, elected as the representative for District 2. In that capacity, she serves on the Executive Council and, together with the Governor, is responsible for administration of the affairs of the State, including (with limited exceptions) the approval of any contracts with a value of $10,000 or more that NHDOS, NHDES, and NHDMV may enter into for the purpose of implementing and enforcing the I/M obligations set forth in the New Hampshire SIP.

59.    Defendant Janet Stevens is an Executive Councilor, elected as the representative for District 3. In that capacity, she serves on the Executive Council and, together with the Governor, is responsible for administration of the affairs of the State, including (with limited exceptions) the approval of any contracts with a value of $10,000 or more that NHDOS, NHDES, and NHDMV may enter into for the purpose of implementing and enforcing the I/M obligations set forth in the New Hampshire SIP.

60.    Defendant John Stephen is an Executive Councilor, elected as the representative for District 4. In that capacity, he serves on the Executive Council and, together with the Governor, is responsible for administration of the affairs of the State, including (with limited exceptions) the approval of any contracts with a value of $10,000 or more that NHDOS, NHDES, and NHDMV may enter into for the purpose of implementing and enforcing the I/M obligations set forth in the New Hampshire SIP.

61.    Defendant David K. Wheeler is an Executive Councilor, elected as the representative for District 5. In that capacity, he serves on the Executive Council and, together with the Governor,

is responsible for administration of the affairs of the State, including (with limited exceptions) the approval of any contracts with a value of $10,000 or more that NHDOS, NHDES, and NHDMV may enter into for the purpose of implementing and enforcing the I/M obligations set forth in the New Hampshire SIP.

## REGULATORY AND FACTUAL BACKGROUND

62.  The Clean Air Act directs EPA to establish national ambient air quality standards ("NAAQS") for certain pollutants. 42 U.S.C. § 7409(a). EPA must set NAAQS at a level that will protect the public health with an adequate margin of safety (called a "primary" NAAQS) and at a level that will protect the public welfare from any known or anticipated adverse effects associated with the presence of a pollutant in the ambient air (called a "secondary" NAAQS). 42 U.S.C. § 7409(b)(1), (2).

63.  The Clean Air Act defines "effects on welfare" as including "effects on soils, water, crops, vegetation, manmade materials, animals, wildlife, weather, visibility, and climate, damage to and deterioration of property, and hazards to transportation, as well as effects on economic values and on personal comfort and well-being." 42 U.S.C. § 7602(h).

64.  EPA established NAAQS for ground-level ozone, commonly known as smog, in 1979 and subsequently revised them to be more stringent in 1997, 2008, and 2015. *See* 40 C.F.R. §§ 50.9, 50.10, 50.15, 50.19. The acute health effects of ozone include respiratory symptoms and increased emergency room visits and hospital admissions; those at increased risk of these effects include children, outdoor workers, and individuals with a preexisting respiratory disease such as asthma. Chronic effects of long-term exposure to ozone include structural damage to lung tissue. 62 Fed. Reg. 38,856, 38,859 (July 18, 1997). The welfare effects of ozone include effects on

ecosystems and vegetation, including reduced yield and quality of agricultural crops. 85 Fed.

Reg. 87,256, 87,310-11 (Dec. 31, 2020).

65.    Under the Clean Air Act, EPA designates any area that does not meet the NAAQS for a

pollutant as "nonattainment" for that pollutant. 42 U.S.C. § 7407(d).

66.    As amended in 1990, the Clean Air Act contains both general provisions for all

nonattainment areas, 42 U.S.C. §§ 7501-7509a, and specific provisions applicable to ozone

nonattainment areas, 42 U.S.C. §§ 7511-7511f.

67.    The Clean Air Act requires states to submit to EPA state implementation plans, or SIPs,

containing specific pollution control measures that assure progress toward attainment of the

NAAQS. 42 U.S.C. §§ 7502(c), 7511a.

68.    Following EPA approval of state submissions under the Clean Air Act, 42 U.S.C. §

7410(k), the submissions become part of a state's "applicable implementation plan" and federally

enforceable, 42 U.S.C. §§ 7413, 7602(q), 7604.

69.    A SIP revision requires the same process: to revise its SIP, the State must adopt the

revision after reasonable notice and public hearing and then submit the proposed revision to EPA

for approval. 42 U.S.C. § 7410(*l*). EPA follows the same notice-and-comment process for SIP

revision as for original SIP submittals. 42 U.S.C. § 7410(k). As a matter of federal law, the

revised SIP does not take effect unless and until it has been approved by EPA, and the previously

approved SIP remains in effect and federally enforceable unless and until the revised SIP is

approved. *Id.*; *see Gen. Motors Corp. v. United States,* 496 U.S. 530, 540 (1990).

70.    For States with areas designated as nonattainment for any NAAQS, the Clean Air Act

sets forth additional requirements that must be addressed in the SIP. *See* 42 U.S.C.

§§ 7410(a)(2)(I), 7501-7510, 7515. The Clean Air Act also includes additional specific

14

requirements for ozone nonattainment areas that must be addressed in the SIP. *See* 42 U.S.C. §§ 7511-7511f. These ozone specific requirements include classifying the nonattainment area as either marginal, moderate, serious, severe, or extreme depending on the severity of ozone concentrations in the ambient air in the area. 42 U.S.C. § 7511. The Clean Air Act requires increasingly more stringent requirements in a SIP depending on the ozone nonattainment area's classification. *See* 42 U.S.C. § 7511a(a) (SIP requirements for marginal ozone nonattainment areas); *id.* § 7511a(b) (SIP requirements for moderate ozone nonattainment areas); *id.* § 7511a(c) (SIP requirements for serious ozone nonattainment areas); § 7511a(d) (SIP requirements for severe ozone nonattainment areas); *id.* § 7511a(e) (SIP requirements for extreme ozone nonattainment areas).

71.   Several provisions of the Clean Air Act require States with ozone nonattainment areas to develop I/M programs that mitigate ambient ozone levels by reducing emissions of ozone precursors from motor vehicles. For moderate ozone nonattainment areas, the SIP must include a "basic" I/M program. 42 U.S.C. § 7511a(b)(4). For ozone nonattainment areas classified as serious or worse, a State's SIP must include an "enhanced" I/M program for vehicles registered in each urbanized area with a 1980 population of 200,000 or more. 42 U.S.C. § 7511a(c)(3).

72.   In general, I/M programs reduce emissions of ozone precursors by requiring the periodic inspection of a vehicle's emission control systems and the repair of vehicles that do not pass inspection standards. *See* EPA, Office of Transportation and Air Quality, Overview of Vehicle Inspection and Maintenance (I/M) Programs, EPA-420-F-21-067 (Oct. 2021), available at https://nepis.epa.gov/Exe/ZyPDF.cgi?Dockey=P1013CC0.pdf.

73.   Volatile organic compounds ("VOC") and nitrogen oxides ("NOx") are precursors of ground-level ozone.

15

74. According to EPA's latest Air Pollutant Emissions Trends Data for 2024, highway vehicles contribute the most NOx emissions of any Tier 1 category in the State of New Hampshire, accounting for 31.00 percent of all NOx emissions, and highway vehicles contribute the fourth highest VOC emissions of any Tier 1 category in the State, accounting for 11.84 percent of all VOC emission in the State. EPA, Air Pollutant Emissions Trends Data, available at http://www.epa.gov/air-emissions-inventories/air-pollutant-emissions-trends-data (containing link to spreadsheet entitled "State Tier 1 CAPS Trends (xlsx)" that contains "Criteria pollutants State Tier 1 for 1990-2024").[1]

75. Enhanced I/M programs are estimated to achieve between 14 to 28 percent reductions in light-duty vehicle hydrocarbon (HC) exhaust emissions. Douglas S. Eisinger, *Evaluating Inspection and Maintenance Programs: A Policy-Making Framework*, 55 J. AIR & WASTE MANAGE. ASSOC. 147, 153 (Feb. 2005), https://doi.org/10.1080/10473289.2005.10464609 (click "View PDF").

76. One study by a member of the Ozone Transport Region showed its I/M program provides nearly 50% VOC reductions and 40% NOx reductions from vehicles. *See* DC Department of Energy and Environment, Monitoring and Assessment Branch, Air Quality Division, *District of Columbia's Vehicle Emissions Inspection and Maintenance (I/M) Program*,

---

[1] This EPA spreadsheet contains emissions data for the years 1990 through 2024 for nine different pollutants, including NOx and VOC, for 16 different Tier 1 categories in all 50 states, the District of Columbia, and a variety of U.S. territories. To aid the Court, a printout of the information related only to 2024 NOx and VOC emissions for the 16 different Tier 1 categories in New Hampshire is attached to this Complaint as Exhibit 3. The only changes made to the printout from the EPA spreadsheet (other than excluding other years, states, and pollutants) is to highlight the row for Highway Vehicles in bold and to add to the spreadsheet the total 2024 NOx and VOC emissions for New Hampshire (also in bold type).

https://www.mwcog.org/file.aspx?&A=S8MCCSAYA%2Fv6qY69TWyusS8GqTqxkTIDCWzV KAQxGfs%3D.

77.    These types of programs therefore deliver substantial public health and environmental benefits, both in the states in which they are implemented and in downwind states.

78.    I/M programs also provide economic benefits to the American public, including fuel economy savings (e.g., by identifying malfunctioning oxygen sensors, misfires, or evaporative leaks) and consumer protection (e.g., by identifying costly engine faults early, before they lead to more expensive repairs or premature vehicle failure).

79.    All of Strafford County and portions of Rockingham County in New Hampshire were formerly designated as part of the Portsmouth-Dover-Rochester serious nonattainment area for the 1979 one-hour ozone NAAQS. 56 Fed. Reg. 56,694, 56,800 (Nov. 6, 1991).

80.    The Portsmouth-Dover-Rochester serious nonattainment area met the criteria of 42 U.S.C. § 7511a(c)(3) regarding population, and New Hampshire is therefore required to include an "enhanced" I/M program in its SIP to cover vehicles registered in this area.

81.    Portions of Hillsborough County and Rockingham County in New Hampshire were also formerly designated as part of the Boston-Lawrence-Worcester serious nonattainment area for the 1979 one-hour ozone NAAQS. 56 Fed. Reg. at 56,799.

82.    The Boston-Lawrence-Worcester serious nonattainment area met the criteria of 42 U.S.C. § 7511a(c)(3) regarding population, and New Hampshire is therefore required to include an "enhanced" I/M program in its SIP to cover vehicles registered in this area.

83.    Portions of Hillsborough, Merrimack, Rockingham, and Strafford counties in New Hampshire were formerly designated as part of the Boston-Manchester-Portsmouth (SE)

17

moderate nonattainment area for the 1997 eight-hour ozone NAAQS. 69 Fed. Reg. 23,858, 23,920 (Apr. 30, 2004).

84. New Hampshire is therefore required to include a "basic" I/M program in its SIP to cover vehicles registered in this area.

85. Congress also has explicitly designated New Hampshire as part of a multistate ozone transport region (OTR) subject to additional emission control requirements to address the interstate transport of pollutants. 42 U.S.C. § 7511c(a).

86. To reduce emissions of ozone precursors in OTR states, the Clean Air Act requires each state in the OTR (including New Hampshire) to adopt an enhanced I/M program for each metropolitan statistical area with a population of 100,000 or more. 42 U.S.C. § 7511c(b)(1)(A).

87. Pursuant to these statutory requirements, New Hampshire adopted (and EPA approved) an enhanced I/M program that is incorporated into New Hampshire's federally enforceable SIP. *See* 40 C.F.R. § 52.1520(c) (listing Saf-C 3200 covering Official Motor Vehicle Inspection Requirements and Saf-C 5800 covering Roadside Diesel Opacity Inspection as EPA-approved New Hampshire regulations).

88. EPA first approved an I/M program as part of New Hampshire's SIP on January 10, 2001. 66 Fed. Reg. 1868 (Jan. 10, 2001).

89. New Hampshire subsequently amended its I/M program to address changes in EPA's I/M regulations establishing the minimum requirements for these programs.

90. In 2011, NHDES submitted a SIP revision to EPA reflecting these amendments to the state's vehicle I/M program.

91. EPA approved New Hampshire's 2011 SIP revision on January 25, 2013. 78 Fed. Reg. 5292 (Jan. 25, 2013).

18

92.  As set forth in the 2011 SIP revision, the state's I/M program primarily consists of three components: (1) annual on-board diagnostic ("OBD") testing for eligible light-duty vehicles; (2) an enhanced safety inspection; and (3) a roadside diesel opacity testing program for eligible heavy-duty vehicles. State of New Hampshire, Motor Vehicle Inspection and Maintenance State Implementation Plan Revision at 7 (Nov. 1, 2011), Doc. No. EPA-R01-OAR-2012-0149-0005 (hereinafter "2011 N.H. SIP Revision").

93.  OBD testing is required for light-duty vehicles and light-duty trucks that are less than 20 model years old. N.H. Admin. Code Saf-C 3222.01.

94.  The enhanced safety inspection is required for all vehicles less than 20 model years old. N.H. Admin. Code Saf-C 3220.

95.  New Hampshire has subsequently submitted, and EPA has approved, additional revisions to the state's SIP reflecting updates to the regulations promulgated by NHDOS implementing the I/M program and codified at Chapter Saf-C 3200 and Chapter Saf-C 5800 of the New Hampshire Administrative Code.

96.  EPA has approved and incorporated New Hampshire's I/M program regulations codified in Chapters Saf-C 3200 and Saf-C 5800 by reference into the Code of Federal Regulations, with the exception of isolated provisions governing state enforcement provisions and administrative fines. 89 Fed. Reg. 33,232, 33,233 (Apr. 29, 2024) (Saf-C 3200); 78 Fed. Reg. at 5293 (Saf-C 5800); 40 C.F.R. § 52.1520(c).

97.  Under the regulations included in New Hampshire's SIP and incorporated by reference into the Code of Federal Regulations, New Hampshire's I/M program is carried out through a network of licensed inspection stations.

98.  NHDMV is responsible for licensing inspection stations and for certifying authorized mechanics to conduct inspections. *See* N.H. Admin. Code Saf-C 3205.

99.  Before the I/M program was suspended, there were over 1,500 licensed inspection stations in New Hampshire.

100. Under the regulations included in New Hampshire's SIP and incorporated by reference into the Code of Federal Regulations, New Hampshire's I/M program relies on a sticker-based enforcement system.

101. Upon passing the required inspection, the vehicle owner receives a windshield sticker indicating the month and year through which the vehicle inspection is valid.

102. The driver of a vehicle with a missing or invalid sticker is subject to penalties including fines, suspension of the driver's license and the vehicle's registration, and a bench warrant for the driver's arrest. *See* 2011 N.H. SIP Revision at 17.

103. Under the regulations included in New Hampshire's SIP and incorporated by reference into the Code of Federal Regulations, New Hampshire's I/M program relies on the services of a vendor contracted by NHDOS to administer and support the program.

104. Licensed inspection stations must have contractual agreements with a vendor selected by NHDOS.

105. The vendor is responsible for supplying participating inspection stations with OBD testing hardware, software, technical support, and training on New Hampshire's computerized testing and reporting system, as well as the physical stickers used to demonstrate compliance with inspection requirements.

106. The vendor also performs data quality checks, maintains databases of inspection data and a tracking process for security and integrity of inspection stickers, and supports New

Hampshire's auditing and data reporting requirements. *See* 2011 N.H. SIP Revision at 11-12, 15, 16, 18-23.

107. From the I/M program's inception in 2004 through the termination of its contract, Gordon-Darby NHOST Services, Inc. served as the vendor selected by NHDOS to carry out I/M program support functions.

108. The most recent contract between NHDOS and Gordon-Darby NHOST Services, Inc., was initially approved in March 2019 for a period running through December 31, 2024. That contract was subsequently extended to an end date of December 31, 2026.

109. In June 2025 the New Hampshire General Court enacted legislation as part of House Bill 2 ("HB2") to eliminate the State's federally approved I/M program. 2025 N.H. Laws Ch. 141, §§ 141:244-141:256.

110. HB2 repealed the statutory provisions that underlie New Hampshire's I/M regulations and that are incorporated into New Hampshire's SIP.

111. The provisions of HB2 repealing the statutory authorities underlying New Hampshire's I/M program took effect on January 31, 2026, regardless of whether EPA had approved a SIP revision altering or eliminating New Hampshire's I/M program by that date. 2025 N.H. Laws Ch. 141, § 141:254.

112. New Hampshire submitted a revised SIP to EPA seeking to remove the I/M program from the state's SIP on December 24, 2025.

113. EPA has not yet taken any action to approve or disapprove New Hampshire's proposed SIP revision.

114. Accordingly, New Hampshire's I/M program remains in effect and federally enforceable as part of its SIP.

21

115. New Hampshire submitted a petition to EPA seeking to have the State removed from the OTR on December 24, 2025.

116. EPA has not yet taken any action on New Hampshire's petition for removal from the OTR.

117. Accordingly, New Hampshire remains in the OTR and is required under the Clean Air Act to maintain an enhanced I/M program.

118. The State Officials have ceased implementing and enforcing New Hampshire's I/M program.

119. The State Officials are, and have been, in violation of an emission standard or limitation under the CAA beginning no later than February 13, 2026.

120. The State Officials began taking steps to terminate the I/M program before that date.

121. On September 16, 2025, NHDOS sent a letter to Gordon-Darby NHOST giving notice of its intent to terminate the state's contract for services related to the I/M program. Letter from Robert L. Quinn, Commissioner, NHDOS, to Robert Tefft, President, Gordon Darby NHOST Services, Inc. (Sept. 16, 2025) (attached to this Complaint as Exhibit 4). In that letter, NHDOS asserted that "[i]n practice, on January 31, 2026, registered vehicles in New Hampshire will no longer be required to have annual safety inspections or OBD testing" and terminated its contract with Gordon-Darby effective as of January 31, 2026.

122. Likewise, on November 19, 2025, NHDMV Director John Marasco sent a letter to licensed inspection stations advising them that after January 31, 2026, they "will no longer be authorized or required to perform vehicle safety or emissions inspections." Letter from John C. Marasco, Director, NHDMV (Nov. 19, 2025) (attached as Exhibit 5). The letter also directed

inspection stations to return inspection stickers purchased directly from NHDMV by February 28, 2026.

123. On January 27, 2026, in a case brought by Gordon-Darby against the Commissioners of NHDOS and NHDES, the U.S. District Court for the District of New Hampshire issued a preliminary injunction prohibiting the Commissioners from "taking or directing any action to terminate, suspend, or otherwise cease implementation or enforcement of" the I/M program and ordering them to "take all steps necessary to resume and ensure the continued implementation and enforcement" of that program. *Gordon-Darby Holdings, Inc. v. N.H. Dep't of Safety, Comm'r*, 817 F. Supp. 3d 82, 108 (D.N.H. 2026).

124. In response to the Court's preliminary injunction, NHDOS granted Gordon-Darby NHOST Services limited authorization to "continue to operate the State's program and continue to work with licensed inspection stations [beyond the January 31, 2026 vendor contract termination date] until such time that the Governor and Council votes on" a forthcoming request from NHDOS to retroactively revise that termination date. Letter from Robert L. Quinn, Comm'r, NHDOS, to Robert Tefft (Jan. 30, 2026) (attached as Exhibit 6).

125. The State also issued public guidance stating that as a result of the preliminary injunction, the I/M program "will continue after January 31, 2026," but with a pause on enforcement, extending the inspection deadline to April 10, 2026, for "any vehicle with an inspection expiring prior to March 2026." News Release, "Public Guidance on Vehicle Inspection Program Status" (Jan. 30, 2026) (attached as Exhibit 7).

126. On February 3, 2026, NHDOS submitted a request to the Governor and Executive Council for retroactive authorization to "amend the Department's September 16, 2025 notice of intent to terminate its agreement" with Gordon-Darby NHOST by "extending the termination

23

date by 60 days from January 31, 2026 to April 1, 2026." Memorandum from Robert L. Quinn, Comm'r, NHDOS, to Gov. Kelly A. Ayotte and N.H. Executive Council (Feb. 3, 2026) (attached as Exhibit 8).

127. On February 4, 2026, the Governor and Executive Council held a special meeting to consider NHDOS's request to extend the termination date for Gordon-Darby NHOST's contract. The Executive Council voted 3-2 to deny NHDOS's request. Governor and Executive Council Minutes (Feb. 4, 2026) (attached as Exhibit 9).

128. As a result, the State's contract with Gordon-Darby NHOST was terminated, and the State no longer had an approved vendor to administer its I/M program as required by the SIP.

129. On February 13, 2026, the New Hampshire Department of Justice and NHDOS issued public guidance stating that as a result of the Governor and Executive Council's action, the State lacked an approved vendor to operate the I/M program and "the vehicle inspection program is suspended until further notice." The notice also stated that licensed inspection stations "will no longer be authorized to issue state inspection stickers and vehicles will not be required to obtain an annual state inspection at this time." News Release, "Vehicle Inspection Program Public Guidance" (Feb. 13, 2026) (attached as Exhibit 10).

130. On February 13, 2026, NHDMV posted a letter to licensed inspection stations on its website stating that those stations "are no longer authorized to perform State mandated motor vehicle inspections at this time" and must immediately "cease to offer 'State' inspections and shall not issue state inspection stickers." The letter also directed inspection stations to return any inspection stickers purchased directly from NHDMV by April 30, 2026. Letter from John C. Marasco, Director, NHDMV (Feb. 13, 2026) (attached as Exhibit 11).

24

131. NHDOS also sent a letter to Gordon-Darby NHOST on February 13, 2026, confirming that its vendor contract had been terminated. Letter from Robert L. Quinn, Comm'r, NHDOS, to Robert Tefft (Feb. 13, 2026) (attached as Exhibit 12).

132. The State Officials have not resumed implementation or enforcement of New Hampshire's I/M program since the time of these communications.

133. As a result, since no later than February 13, 2026, the State Officials have been in violation of an emission standard or limitation under the CAA due to its failure to implement and enforce the I/M program as codified in its applicable SIP and as required by the CAA.

134. This decision to cease complying with the I/M requirements of New Hampshire's federally approved SIP, prior to approval of a revised SIP by EPA, is in direct violation of the State's obligations under federal law.

135. These CAA violations are occurring where the State Officials conduct business in Concord, New Hampshire, and commenced no later than February 13, 2026, and have continued since that time.

136. The State Officials will remain in violation until they resume implementing and enforcing the I/M program as codified in New Hampshire's applicable SIP.

137. On May 7, 2026, Gordon-Darby voluntarily dismissed its prior action against the Commissioners of NHDOS and NHDES without prejudice. Notice of Voluntary Dismissal, *Gordon-Darby Holdings, Inc. v. N.H. Dep't of Safety, Comm'r*, No. 1:25-cv-00508-LM-AJ (D.N.H. May 7, 2026).

## CLAIM FOR RELIEF

### COUNT I – VIOLATION OF EMISSION STANDARDS OR LIMITATIONS

138. Plaintiffs hereby incorporate by reference the allegations of all preceding paragraphs.

139. Plaintiffs are each a "person" within the meaning of 42 U.S.C. § 7604(a).

140. The State Officials are each a "person" within the meaning of 42 U.S.C. § 7604(a).

141. The I/M requirements of New Hampshire's federally approved SIP constitute "emission standard[s] or limitation[s] under this chapter" within the meaning of 42 U.S.C. § 7604(a)(1) and (f)(3).

142. The State Officials have ceased implementing any of the requirements of the I/M program codified in New Hampshire's SIP.

143. The State Officials have failed to retain the services of a "supplier" as provided for in New Hampshire's SIP to serve as the contracted vendor for the NHDOS's automated safety and emissions inspection program. N.H. Admin. Code Saf-C 3202.24, 3209.01(d), 3209.03(e), 3209.04(a), 3209.08(d), 3209.09(d).

144. The State Officials have failed to issue certificates of appointment to qualifying inspection stations. N.H. Admin. Code Saf-C 3205.01-3205.06.

145. The State Officials have failed to issue mechanic approval cards to qualifying mechanics. N.H. Admin. Code Saf-C 3205.10.

146. The State Officials have failed to provide counter service for inspection sticker purchases and returns. N.H. Admin. Code Saf-C 3209.02(a).

147. For these reasons, Defendants are in violation of "emission standards or limitations" within the meaning of 42 U.S.C. § 7604(a)(1) and (f). Plaintiffs are informed and believe that such violations will continue unless enjoined by order of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)  Declare that Defendants have violated and are in violation of "emission standards or limitations" within the meaning of 42 U.S.C. § 7604(a)(1) and (f);

(2)  Declare that HB2 is preempted under the Supremacy Clause of the United States Constitution to the extent that it conflicts with federal law including New Hampshire's federally approved SIP;

(3)  Order Defendants to fully and expeditiously implement, administer, maintain, and enforce the I/M program required by the New Hampshire SIP;

(4)  Assess civil penalties in an appropriate amount against Defendants pursuant to 42 U.S.C. § 7604(a);

(5) Award Plaintiffs their costs and reasonable attorney and expert witness fees;

(6) Retain jurisdiction over this action to ensure compliance with the Court's decree; and

(7) Grant such other relief as the Court deems just and proper.

Dated: July 22, 2026

Respectfully submitted,

MARILYN C. JONAS *and*
GORDON-DARBY HOLDINGS, INC.,

By and through their attorneys,

/s/ *Amy Manzelli*
Amy Manzelli (NH Bar No. 17128)
Andrian Lee (NH Bar No. 277993)
BCM Environmental & Land Law, PLLC
3 Maple Street
Concord, NH 03301
(603) 225-2585
manzelli@nhlandlaw.com
lee@nhlandlaw.com

27

Allison D. Wood (DC Bar No. 466928)
Andrew D. Knudsen (DC Bar No. 1019697)
MCGUIREWOODS LLP
888 16th Street, N.W., Suite 500
Washington, D.C. 20006
(202) 857-1700
awood@mcguirewoods.com
aknudsen@mcguirewoods.com
(*Applications for Pro Hac Vice Admission Pending*)

*Counsel for Plaintiffs Marilyn C. Jonas and
Gordon-Darby Holdings, Inc.*

28

# EXHIBIT 1

**Marilyn C. Jonas**
**27 Fairfield Lane**
**Wilton, NH 03086**

May 21, 2026

**Via Certified Mail**

Robert L. Quinn
Commissioner, N.H. Department of Safety
33 Hazen Drive
Concord, NH 03305

Robert R. Scott
Commissioner, N.H. Department of
  Environmental Services
29 Hazen Drive
Concord, NH 03302

John Marasco
Director, N.H. Division of Motor Vehicles
23 Hazen Drive
Concord, NH 03305

The Honorable Kelly Ayotte
Governor, State of New Hampshire
107 North Main Street
Concord, NH 03301

New Hampshire Executive Council
107 North Main Street
State House, Room 207
Concord, NH 03301

The Honorable Joseph D. Kenney
Councilor, N.H. Executive Council
P.O. Box 201
Union, NH 03887

The Honorable Karen Liot Hill
Councilor, N.H. Executive Council
24 Messenger Street
Lebanon, NH 03766

The Honorable Janet Stevens
Councilor, N.H. Executive Council
P.O. Box 687
Rye, NH 03870

The Honorable John Stephen
Councilor, N.H. Executive Council
320 Currier Drive
Manchester, NH 03104

The Honorable David K. Wheeler
Councilor, N.H. Executive Council
523 Mason Road
Milford, NH 03055

**Re:    Notice of Intent to Commence Civil Action Pursuant to Clean Air Act Section 304**

Dear State Officials:

I am writing to provide notice of my intent to commence a civil action against each of you (referred to collectively in this letter as "State Officials") in your official capacities under Section 304(a)(1) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(1), for violations of emission standards or limitations under the CAA and New Hampshire's federally approved state implementation plan ("SIP"). Pursuant to CAA Section 304(b)(1), 42 U.S.C. § 7604(b)(1), and 40 C.F.R. § 54.2, a copy of this notice is also being sent to Administrator Lee Zeldin of the U.S.

May 21, 2026
Page 2

Environmental Protection Agency ("EPA") and Regional Administrator Mark Sanborn of EPA Region 1.

In 2025, New Hampshire enacted legislation repealing the state laws underlying its vehicle inspection and maintenance ("I/M") program effective January 31, 2026. Notwithstanding that the I/M program's requirements remain in force under federal law as part of New Hampshire's EPA-approved SIP, the State—acting through the responsible State Officials to whom this letter is addressed—has proceeded to dismantle the I/M program and cease its implementation and enforcement. Beginning no later than February 13, 2026, and continuing to the present, the State has been in violation of the I/M requirements in its SIP, which constitute "emission standard[s] or limitation[s]" under the CAA's citizen suit provision.[1]

Accordingly, in light of the State's termination of the I/M program in direct contravention of its federal obligations under the CAA and New Hampshire's federally enforceable SIP, this letter serves as notice of my intent to commence a civil action under Section 304(a)(1) of the CAA, 42 U.S.C. § 7604(a)(1). If the State does not resume implementation and enforcement of the I/M program and continue such implementation and enforcement unless and until EPA approves a revised SIP altering that program, I intend to file suit against each of the State Officials in their official capacities seeking declaratory and injunctive relief, as well as civil penalties, to compel compliance with the CAA and the requirements of New Hampshire's SIP.

## I.    Person Giving Notice

This notice is being sent on behalf of myself, a citizen of the State of New Hampshire who is negatively affected by the State's decision to suspend operation of the I/M program in violation of the federal CAA and New Hampshire's SIP. My health is negatively impacted by changes in New Hampshire's air quality, including the additional vehicle emissions resulting from the State's suspension of the I/M program. I am concerned about the effect of future increases on air quality in New Hampshire and in nearby states, which could further harm my well-being. I also travel on New Hampshire's roads, and I am concerned about the impacts on safety resulting from the suspension of the program both to myself and to my loved ones. My full name and address is listed above.[2]

## II.    Persons Receiving Notice

This notice is being sent to all of the parties for whom service is required under CAA Section 304(b)(1)(A), 42 U.S.C. § 7604(b)(1)(A), and 40 C.F.R. § 54.2.

Specifically, pursuant to 40 C.F.R. § 54.2(a), this notice is being sent by certified mail to EPA Administrator Lee Zeldin. Because this notice relates to violation of an emission standard or limitation in New Hampshire, a copy of this notice is also being mailed to Regional Administrator Mark Sanborn of EPA Region 1.

---

[1] 42 U.S.C. § 7604(a)(1), (f)(3).

[2] 40 C.F.R. § 54.3(b).

May 21, 2026
Page 3

Pursuant to 40 C.F.R. § 54.2(c), notice is being given to the alleged violators by certified mail. The alleged violators are the following State Officials, each of whom is responsible for some aspect of implementing the I/M program as codified in New Hampshire's SIP:

- Commissioner Robert L. Quinn, New Hampshire Department of Safety ("NHDOS")
- Commissioner Robert R. Scott, New Hampshire Department of Environmental Services ("NHDES")
- Director John Marasco, New Hampshire Division of Motor Vehicles ("DMV")
- The Honorable Kelly Ayotte, Governor, State of New Hampshire
- The New Hampshire Executive Council, by and through its individual Councilors
- The Honorable Joseph D. Kennedy, Councilor, New Hampshire Executive Council
- The Honorable Karen Liot Hill, Councilor, New Hampshire Executive Council
- The Honorable Janet Stevens, Councilor, New Hampshire Executive Council
- The Honorable John Stephen, Councilor, New Hampshire Executive Council
- The Honorable David K. Wheeler, Councilor, New Hampshire Executive Council

Finally, 40 C.F.R. § 54.2(b) requires that a copy of this notice be sent by certified mail to the NHDES Commissioner Robert R. Scott as the authorized representative of the state agency charged with responsibility for air pollution control in New Hampshire, with a copy sent to New Hampshire Governor Kelly Ayotte. Because Commissioner Scott and Governor Ayotte are included among the State Officials to whom this notice is directed as alleged violators of the CAA and to whom notice was provided by certified mail under 40 C.F.R. § 54.2(c), the requirements of 40 C.F.R. § 54.2(b) have been met.

## III.    Basis for Notice

I am giving notice of my intent to sue the State Officials in their official capacities under Section 304(a)(1) of the CAA for violations of "an emission standard or limitation under" the CAA.[3] As described further below, beginning no later than February 13, 2026, the State Officials have ceased implementing and enforcing the I/M program set forth in New Hampshire's federally approved and enforceable SIP. As a result, the State Officials are currently "in violation" of numerous "condition[s] or requirement[s] under [New Hampshire's] applicable implementation plan relating to … vehicle inspection and maintenance programs," and will remain in violation until the State Officials resume implementation and enforcement of the I/M program codified in its SIP.[4]

Multiple provisions of the CAA require New Hampshire to implement an I/M program in portions of the state. First, under Section 182(b)(4), a state's SIP must include a basic I/M program for any "moderate" or higher nonattainment areas for the ozone national ambient air quality standards ("NAAQS").[5] The New Hampshire portion of the Boston-Manchester-

---

[3] 42 U.S.C. § 7604(a)(1).

[4] *Id.* §§ 7604(a)(1), (f)(3).

[5] *Id.* § 7511a(b)(4).

May 21, 2026
Page 4

Portsmouth area was formerly classified as moderate nonattainment for the 1997 ozone NAAQS, including portions of Hillsborough, Merrimack, Rockingham, and Strafford Counties.

Second, under Section 182(c)(3) of the CAA, a state's SIP must include an enhanced I/M program for any "serious" nonattainment areas for the ozone NAAQS with a 1980 population of 200,000 or more.[6] Portions of Hillsborough and Rockingham counties in New Hampshire were formerly designated as part of a serious nonattainment area for the 1979 one-hour ozone NAAQS and otherwise fit the criteria of Section 182(c).

Third, Congress explicitly included New Hampshire in the Ozone Transport Region ("OTR") established in CAA Section 184.[7] As a member of the OTR, New Hampshire must include an enhanced vehicle I/M program in its SIP that applies to each metropolitan statistical area in the state with a population of 100,000 or more.[8]

In light of these statutory requirements, New Hampshire has adopted (and EPA has approved) an enhanced vehicle I/M program into its federally enforceable SIP.[9] New Hampshire's vehicle I/M program was first formalized in 1998, when New Hampshire and EPA reached an agreement regarding the contours of a decentralized I/M program with statewide applicability. NHDES submitted a SIP revision to EPA presenting the I/M program for approval on September 4, 1998, and EPA formally approved the program as part of New Hampshire's SIP on January 10, 2001.[10]

In 2011, NHDES submitted a SIP revision to EPA reflecting various amendments to the state's vehicle I/M program, including the incorporation of an On-Board Diagnostics ("OBD") inspection program.[11] As described by NHDES, the basic framework of the State's I/M program for emissions primarily consists of three elements: (1) annual OBD testing for eligible vehicles; (2) an enhanced safety inspection; and (3) a roadside diesel opacity testing program.[12] The 2011 SIP Revision set forth the specific program elements and supporting statutory and regulatory authority necessary to satisfy the EPA's regulations at 40 C.F.R. Part 51, Subpart S establishing the requirements for state I/M programs, including but not limited to: the type of program; applicability requirements; adequacy of funding and personnel; testing equipment; quality control and program evaluation requirements; provisions for requiring and enforcing compliance

---

[6] *Id.* § 7511a(c)(3).

[7] *Id.* § 7511c(a).

[8] *Id.* § 7511c(b)(1)(A).

[9] 40 C.F.R. § 52.1520.

[10] 66 Fed. Reg. 1868 (Jan. 10, 2001).

[11] *See* NHDES, "State of New Hampshire: Motor Vehicle Inspection and Maintenance State Implementation Plan Revision" (Nov. 1, 2011), available at https://www.regulations.gov/document/EPA-R01-OAR-2012-0149-0005 ("2011 SIP Revision").

[12] *Id.* at 7.

May 21, 2026
Page 5

by motorists, inspectors and inspection stations; data collection and reporting; and inspector training and certification.[13]

EPA approved the 2011 SIP Revision on January 25, 2013, and that submission (including the narrative and statutory and regulatory authorities cited therein) was incorporated into New Hampshire's SIP as a matter of federal law.[14] Since that time, EPA has subsequently approved additional updates to the state's SIP reflecting updates to NHDOS regulations at Chapter Saf-C 3200 implementing the I/M program. Most recently, EPA approved a SIP revision on April 25, 2024, incorporating the entirety of Chapter Saf-C 3200 by reference into the Code of Federal Regulations, with the exception of isolated provisions governing state enforcement provisions.[15] That April 2024 SIP approval action incorporated both the safety and emissions portions of New Hampshire's I/M program as federally enforceable requirements of its SIP.

Despite the explicit requirements of the CAA, EPA's regulations, and New Hampshire's SIP, in June 2025 the New Hampshire General Court enacted legislation as part of House Bill 2 ("HB2") purporting to eliminate the state's federally approved and enforceable I/M program.[16] HB2 repealed the key statutory provisions that underlie New Hampshire's I/M regulations at Chapter Saf-C 3200 and that were incorporated into and approved by EPA as part of New Hampshire's SIP. These include the provisions authorizing NHDOS to require motor vehicle inspections and establishing the frequency and timing of such inspections,[17] establishing the fee for inspection stickers,[18] providing for enforcement against motorists and inspection stations,[19] and specifying inspection requirements for emission control equipment.[20] HB2 also abolished the funding source for the motor vehicle air pollution abatement fund administered by NHDES, which is used to help fund administration of the SIP's I/M program.[21]

HB2 purports to eliminate the state's I/M program without first obtaining EPA approval of a revised SIP. The legislation does require NHDES to submit "an amendment to the state implementation plan to alter the emissions testing program consistent with" HB2 to EPA within 180 days.[22] But each of HB2's repeal provisions take effect regardless of whether EPA approves

---

[13] *Id.* at 7-23; *see* 40 C.F.R. §§ 51.350-373.

[14] 78 Fed. Reg. 5292 (Jan. 25, 2013); 40 C.F.R. § 52.1520(e) (identifying "SIP Narrative associated with New Hampshire Vehicle Inspection and Maintenance Program SIP Revision" as part of state's SIP).

[15] 89 Fed. Reg. 33,232 (Apr. 29, 2024); 40 C.F.R. § 52.1520(c).

[16] 2025 N.H. Laws Ch. 141, §§ 141:244-141:256.

[17] *Id.* § 141:253(IV) (repealing RSA 266:1).

[18] *Id.* § 141:253(VII) (repealing RSA 266:2).

[19] *Id.* § 141:253(III, V, XI) (repealing RSA 260:6-b, 266:1-a, 266:5).

[20] *Id.* § 141:253(XIV) (repealing RSA 266:59-b).

[21] *Id.* § 141:253(I) (repealing RSA 125-S:4); *see* 2011 SIP Revision at 12.

[22] 2025 N.H. Laws Ch. 141, § 141:254.

May 21, 2026
Page 6

or disapproves that submission.[23] On December 24, 2025, NHDES submitted to EPA a proposed SIP revision that would remove all I/M program requirements from the SIP, along with a petition seeking to remove New Hampshire from the OTR under CAA Section 176A, 42 U.S.C. § 7506a. EPA has not yet taken any proposed or final action on either submission, and unless and until EPA both grants the State's petition for removal from the OTR *and* approves its revised SIP, New Hampshire must continue complying with its current SIP obligations. Moreover, EPA *cannot* approve a revised SIP that eliminates New Hampshire's I/M program as set forth in HB2. As discussed above, the plain terms of the CAA explicitly require New Hampshire to include such a program in the state's SIP.[24] New Hampshire's December 24, 2025 submissions also suffer from significant legal and technical defects that render them unapprovable under the CAA.

EPA warned New Hampshire that HB2's repeal of the I/M program is impermissible under the CAA. By letter dated April 25, 2025, EPA Regional Administrator Mark Sanborn responded to a request from NHDES for technical assistance related to the draft repeal legislation that would later be largely incorporated into HB2.[25] That letter spelled out the applicable provisions of federal law and stated in no uncertain terms that "[i]f this legislation passes, New Hampshire will not meet the CAA requirements for I/M programs." Moreover, Regional Administrator Sanborn explained that if New Hampshire were to carry out the I/M program repeal called for by HB2, it would expose the state to a potential finding by EPA that the I/M requirements of New Hampshire's SIP are "not being implemented" under CAA Section 179(a)(4), 42 U.S.C. § 7509(a)(4). Such a finding would expose New Hampshire to imposition of sanctions, including loss of federal highway funding and additional emission offset requirements.

Indeed, NHDES itself has independently recognized that repeal of the state's I/M program is inconsistent with the CAA. By letter dated February 10, 2025, Commissioner Scott advised the members of the Transportation Committee of the state's I/M obligations under federal law.[26] Commissioner Scott warned the Committee that "[s]hould New Hampshire repeal or even alter the program requirements without obtaining EPA approval it could, if not rectified, subject the state to federal sanctions[] up to and including loss of federal highway funds as provided under the CAA."[27] The letter also noted that EPA could take enforcement action or impose more stringent I/M requirements on the state.[28] Presciently, Commissioner Scott even

---

[23] *Id.* § 141:256.

[24] *See* 42 U.S.C. §§ 7511a(c)(3), 7511c(a), (b)(1)(A).

[25] Letter from Mark Sanborn, Regional Adm'r, EPA Region 1, to Robert Scott, Commissioner, NHDES (Apr. 25, 2025) (attached as Exhibit 1).

[26] Letter from Robert R. Scott, Commissioner, NHDES, to Thomas Walsh, Chair, Transportation Committee (Feb. 10, 2025) (attached as Exhibit 2); *see also* Letter from Robert R. Scott, Commissioner, NHDES, to Daniel Innis, Chair, Senate Commerce Committee (Mar. 31, 2025) (attached as Exhibit 3) (emphasizing that "[a]ny revisions that change a requirement of the approved I/M program will require federal review and approval of a revised SIP").

[27] *Id.* at 2.

[28] *Id.*

May 21, 2026
Page 7

emphasized the potential for "citizen lawsuits under CAA section 304" of the kind that I am serving notice of here.[29]

Finally, the New Hampshire Department of Justice has repeatedly acknowledged that the State's termination of its I/M program constitutes a violation of the CAA. In the course of litigation between the vendor who operated the I/M program and the Commissioners of NHDOS and NHDES, counsel for the State repeatedly conceded to both the U.S. District Court for the District of New Hampshire and the Court of Appeals for the First Circuit that New Hampshire's termination of the I/M program violated federal law.[30] Likewise, at the February 4, 2026 special meeting of the New Hampshire Governor and Executive Council, Attorney General Formella told the Governor and Council that "we will be out of compliance with the Clean Air Act the minute we don't have an operable [I/M] program."[31] Attorney General Formella also recognized that violation of the SIP's I/M requirements could subject the State to potential sanctions and civil penalties.[32]

The well-founded legal concerns expressed by the federal and state officials above reflect the basic principle that as a matter of federal law, New Hampshire cannot unilaterally repeal its I/M program once it has been incorporated into a federally approved SIP. The Supremacy Clause of the United States Constitution establishes that federal law is the supreme law of the land and preempts any conflicting provisions of state law.[33] Under the CAA, once EPA approves a state's SIP, the provisions of that SIP are incorporated into federal law and become federally enforceable.[34] Crucially, it is the version *submitted to and approved by EPA* that applies as federal law, regardless of whether the state subsequently amends or repeals the state laws or regulations underlying its SIP.[35] Even where the state has submitted a revised SIP for review by EPA, as New Hampshire has done, the approved version of the SIP remains in effect and

---

[29] *Id.* at 3 (footnote omitted).

[30] Transcript of Preliminary Injunction Hearing Before the Honorable Landya B. McCafferty at 23:10-24:18, *Gordon-Darby Holdings, Inc. v. N.H. Dep't of Safety, Comm'r*, No. 25-cv-508-LM-AJ (D.N.H. Jan. 22, 2026); Appellants' Motion to Stay Order Pending Appeal at 12, *Gordon-Darby Holdings, Inc. v. Quinn*, No. 26-1209 (1st Cir. Mar. 19, 2026) (noting termination "puts New Hampshire out of compliance with federal law").

[31] Recording of Special Meeting of Governor and Executive Council (Feb. 4, 2026), *available at* https://www.sos.nh.gov/administration/governor-executive-council/meetings (statement by General Formella at 11:37-11:42).

[32] *Id.* at 10:00-11:50, 13:45-15:04.

[33] U.S. Const. art. VI, cl. 2.

[34] *See, e.g.*, *Clean Air Council v. Mallory*, 226 F. Supp. 2d 705 (E.D. Penn. 2002).

[35] *General Motors Corp. v. United States*, 496 U.S. 530 (1990); *Sweat v. Hull*, 200 F. Supp. 2d 1162 (D. Ariz. 2001).

May 21, 2026
Page 8

federally enforceable unless and until EPA approves the revision in a final rule.[36] Accordingly, notwithstanding enactment of HB2 and New Hampshire's submission of a revised SIP to EPA for review, the I/M requirements of New Hampshire's federally-approved SIP continue to apply as a matter of federal law.

Nonetheless, the State has ceased implementation and enforcement of its I/M program without the EPA approval required under the CAA. New Hampshire, acting through the State Officials, has been in violation of an emission standard or limitation under the CAA beginning no later than February 13, 2026. But the State Officials began taking steps to terminate the I/M program before that date. On September 16, 2025, NHDOS sent a letter to the vendor responsible for operating the I/M program in the State, giving notice of its intent to terminate the State's contract for services related to the I/M program.[37] In that letter, NHDOS asserted that "[i]n practice, on January 31, 2026, registered vehicles in New Hampshire will no longer be required to have annual safety inspections or OBD testing" and terminated its contract with the vendor effective as of January 31, 2026.[38] Likewise, on November 19, 2025, DMV Director John Marasco sent a letter to licensed inspection stations advising them that after January 31, 2026, they "will no longer be authorized or required to perform vehicle safety or emissions inspections."[39] The letter also directed inspection stations to return inspection stickers purchased directly from the DMV by February 28, 2026.

On January 27, 2026, in the litigation between the I/M vendor and the NHDOS and NHDES Commissioners, the U.S. District Court for the District of New Hampshire issued a preliminary injunction prohibiting the Commissioners from "taking or directing any action to terminate, suspend, or otherwise cease implementation or enforcement of" the I/M program and ordering them to "take all steps necessary to resume and ensure the continued implementation and enforcement" of that program.[40] Despite the court's preliminary injunction, NHDOS did not withdraw or otherwise amend its letter terminating its vendor contract. Nor did NHDOS or the DMV withdraw or amend its November 19, 2025 letter to inspection stations revoking their authority to conduct inspections after January 31, 2025, and directing them to return inspection stickers. Instead, NHDOS granted the I/M program's vendor limited authorization to "continue to operate the State's program and continue to work with licensed inspection stations [beyond the January 31, 2026 vendor contract termination date] until such time that the Governor and Council votes on" a forthcoming request from NHDOS to retroactively revise that termination

---

[36] As discussed above, EPA cannot approve a SIP revision for New Hampshire that removes the enhanced vehicle I/M program because the CAA requires New Hampshire to have such a program as part of its SIP. *See* 42 U.S.C. §§ 7511a(c)(3), 7511c(a), (b)(1)(A).

[37] Letter from Robert L. Quinn, Commissioner, NHDOS, to Robert Tefft, President, Gordon-Darby NHOST Services, Inc. (Sept. 16, 2025) (attached as Exhibit 4).

[38] *Id.*

[39] Letter from John C. Marasco, Director, DMV (Nov. 19, 2025) (attached as Exhibit 5).

[40] *Gordon-Darby Holdings, Inc.*, 817 F. Supp. 3d at 108.

May 21, 2026
Page 9

date.[41] The State also issued public guidance stating that as a result of the preliminary injunction, the I/M program "will continue after January 31, 2026" but with a pause on enforcement, extending the inspection deadline to April 10, 2026, for "any vehicle with an inspection expiring prior to March 2026."[42]

On February 3, 2026, NHDOS submitted a request to the New Hampshire Governor and Executive Council for retroactive authorization to "amend the Department's September 16, 2025 notice of intent to terminate its agreement" with the I/M program's vendor by "extending the termination date by 60 days from January 31, 2026 to April 1, 2026."[43] On February 4, 2026, the Governor and Executive Council held a special meeting to consider NHDOS's request to extend the termination date for the vendor's contract. The Executive Council voted 3-2 to deny NHDOS's request.[44] As a result, the State's contract with the I/M program's vendor was terminated, and the State no longer had an approved vendor to administer its I/M program as required by the SIP.

On February 13, 2026, the New Hampshire Department of Justice and NHDOS issued public guidance stating that as a result of the Executive Council's action, the State lacked an approved vendor to operate the I/M program and "the vehicle inspection program is suspended until further notice."[45] The notice also stated that licensed inspection stations "will no longer be authorized to issue state inspection stickers and vehicles will not be required to obtain an annual state inspection at this time."[46] On that same date, the New Hampshire DMV posted a letter to licensed inspection stations on its website stating that those stations "are no longer authorized to perform State mandated motor vehicle inspections at this time" and must immediately "cease to offer 'State' inspections and shall not issue state inspection stickers."[47] The letter also directed inspection stations to return any inspection stickers purchased directly from the DMV by April 30, 2026.[48] Finally, NHDOS sent a letter to the I/M program's vendor confirming that its

---

[41] Letter from Robert L. Quinn, Comm'r, NHDOS, to Robert Tefft (Jan. 30, 2026) (attached as Exhibit 6).

[42] News Release, "Public Guidance on Vehicle Inspection Program Status" (Jan. 30, 2026) (attached as Exhibit 7).

[43] Memorandum from Robert L. Quinn, Comm'r, NHDOS, to Gov. Kelly A. Ayotte and N.H. Executive Council (Feb. 3, 2026) (attached as Exhibit 8).

[44] Governor and Executive Council Minutes (Feb. 4, 2026) (attached as Exhibit 9).

[45] News Release, "Vehicle Inspection Program Public Guidance" (Feb. 13, 2026) (attached as Exhibit 10).

[46] Id.

[47] Letter from John C. Marasco, Director, New Hampshire DMV (Feb. 13, 2026) (attached as Exhibit 11).

[48] Id.

May 21, 2026
Page 10

contract had been terminated.[49] New Hampshire has not resumed implementation or enforcement of its I/M program since the time of these communications.

As a result, since no later than February 13, 2026, New Hampshire (acting through the State Officials) has been in violation of an emission standard or limitation under the CAA due to its failure to implement and enforce the I/M program as codified in its applicable SIP and as required by the CAA. This decision to cease complying with the I/M requirements of New Hampshire's federally approved SIP, prior to approval of a revised SIP by EPA, is in direct violation of the State's obligations under federal law. These CAA violations are occurring where the State Officials conduct business in Concord, New Hampshire, and commenced no later than February 13, 2026, and have continued since that time. The State Officials will remain in violation until they resume implementing and enforcing the I/M program as codified in New Hampshire's applicable SIP. The CAA's citizen suit provision at Section 304(a)(1), 42 U.S.C. § 7604(a)(1), allows "any person," including an individual like me, to commence a civil action against the State Officials for enforcement as a result of these violations.

In particular, this includes violations of the State's obligations to administer and enforce the I/M program set forth in the EPA-approved SIP. These obligations are reflected most prominently in the NHDOS Commissioner's duty to "[c]arr[y] out a program of inspection and testing of all modes of transportation," and in the duties and obligations assigned to the Commissioner of NHDOS and the Director of the DMV under the numerous statutes and regulations they are charged with administering in connection with the I/M program.[50] Each of these statutes and regulations are incorporated in the State's SIP and, having been approved by EPA under the CAA, remain in effect and enforceable as a matter of federal law notwithstanding the enactment of HB2.

Additionally, the actions of the State Officials violate numerous requirements of the state statutes and regulations that are incorporated into the Code of Federal Regulations by reference and that require specific actions be taken by them. These requirements include, but are not limited to, obligations to: provide necessary enforcement resources for state troopers; issue certificates of appointment and approval cards for inspection stations and mechanics that meet regulatory requirements; provide mechanic training sessions; provide counter service for inspection sticker purchases and to accept the return of unused stickers; to report tampering to EPA; to act on waiver applications; and to maintain a "contracted vendor" for the automated safety/emissions inspection program.[51] These regulations are incorporated in the State's SIP and remain in effect and enforceable as a matter of federal law notwithstanding enactment of HB2.

---

[49] Letter from Robert L. Quinn, Comm'r, NHDOS, to Robert Tefft (Feb. 13, 2026) (attached as Exhibit 12).

[50] *See* RSA 125-C:6(XII), 266:1, 266:1-a, 266:2, 266:5, 266:6, 260:6-a, 260:6-b.

[51] *See* RSA 266:1-a(II); N.H. Admin. Code §§ Saf-C 3202.23, Saf-C 3205.01-3205.06, Saf-C 3205.10, Saf-C 3209.02(a), Saf-C 3222.04(c), Saf-C 3222.08(g)-(h), Saf-C 3222.09(g)-(h), Saf-C 3209.01(d).

May 21, 2026
Page 11

As discussed above, New Hampshire must maintain an enhanced I/M program under the plain terms of the CAA, and EPA cannot approve a revised SIP that eliminates this program as set forth in HB2. But at a minimum, the State Officials have an obligation to continue implementing and enforcing New Hampshire's federally approved I/M program unless and until EPA approves such a revised SIP. For that reason, I request that New Hampshire, acting through the responsible State Officials, take immediate steps to resume implementation and enforcement of the I/M program codified in the State's applicable SIP and provide for its continued implementation and enforcement until such time as EPA approves a SIP providing for the amendment or repeal of that program. In the event that New Hampshire does not take such action, I may, without further notice at any time after the 60th day from service of this letter, commence a civil action against the State Officials in their official capacities seeking any and all forms of relief as the court may find just and proper under the CAA, including declaratory and injunctive relief, as well as civil penalties, to compel New Hampshire through its responsible State Officials to comply with the requirements of its applicable SIP.

Sincerely,

Marilyn C. Jonas

cc:    (by certified mail)
       Lee Zeldin, Administrator, U.S. Environmental Protection Agency
       Mark Sanborn, Regional Administrator, EPA Region 1

# Notice Letter Exhibit 1



# REGION 1 ADMINISTRATOR

BOSTON, MA 02109

April 25, 2025

**SENT VIA ELECTRONIC MAIL**

Robert Scott, Commissioner
NH Department of Environmental Services
29 Hazen Drive, PO Box 95
Concord, NH 03302-0095
Robert.Scott@des.nh.gov

RE: New Hampshire Proposed Legislation - HB649

Dear Commissioner Scott:

EPA is providing information pursuant to your request for technical assistance on recently proposed legislation in the New Hampshire State Legislature to remove the annual inspection and testing requirements from New Hampshire's motor vehicle inspection and maintenance (I/M) program; specifically, House Bill (HB) 649.[1] If the proposed legislation is finalized, New Hampshire's motor vehicle I/M program will not be consistent with the I/M requirements under the Clean Air Act (CAA) nor with the State's current federally enforceable State Implementation Plan (SIP).

The CAA, 42 U.S.C. 7401, et seq., requires certain states to implement an Enhanced I/M program to ensure that light-duty motor vehicles with excessive emissions of certain air pollutants have their emissions control systems repaired. Section 182 of the CAA contains I/M program requirements for ozone nonattainment areas, and Section 184 of the CAA includes I/M requirements for states in the Ozone Transport Region (OTR). EPA regulations at 40 CFR part 51, subpart S, implement these provisions of the Act. As a result of having areas formerly designated nonattainment for ozone, and by virtue of its inclusion in the OTR, New Hampshire has implemented vehicle testing programs under the CAA requirements since 1999.

The current SIP-approved New Hampshire I/M program requires light-duty cars and trucks to undergo an annual emissions inspection, as required by the CAA and 40 CFR part 51, subpart S. The proposed HB 649 legislation, however, would remove this requirement. If this legislation passes, New Hampshire will not meet the CAA requirements for I/M programs.

---

[1] Proposed legislation can be accessed online at https://gc.nh.gov/bill_Status/billinfo.aspx?id=205&inflect=2.

Furthermore, we would evaluate the legislation to determine whether EPA should use its authority pursuant to CAA Section 179(a)(4) to issue a finding that the CAA I/M requirements of New Hampshire's currently approved State Implementation Plan are not being implemented. Issuance of such finding could result in the imposition of the sanctions listed in CAA Section 179(b) if the deficiency is not timely corrected. If the legislation—which, as explained above, is counter to the applicable statutory and regulatory requirements for I/M and to the state's federally-enforceable SIP – is adopted as proposed, New Hampshire would have significant challenges meeting its required SIP obligations and CAA regulatory requirements.

If you or your staff have any questions regarding this issue or if we can provide input on program changes that would comply with CAA requirements, please contact Lynne Hamjian at hamjian.lynne@epa.gov or (617) 918-1601.

Sincerely,

**MARK SANBORN**
Digitally signed by
MARK SANBORN
Date: 2025.04.25
10:13:06 -04'00'

Mark Sanborn
Regional Administrator
EPA Region 1

cc:     Jessica Wilcox, NH DES
        Mike Fitzgerald, NH DES
        Craig Wright, NH DES
        Adam Crepeau, NH DES

# Notice Letter Exhibit 2



The State of New Hampshire
## Department of Environmental Services



### Robert R. Scott, Commissioner

February 10, 2025

The Honorable Thomas Walsh
Chair, Transportation Committee
Legislative Office Building
Concord, NH 03301

**Re:  HB 649-FN, An Act** removing the requirement for physical safety inspections and on-board diagnostic tests for passenger vehicles and eliminating funding for the motor vehicle air pollution abatement fund.

Dear Chair Walsh and Members of the Committee:

Thank you for the opportunity to comment on behalf of the New Hampshire Department of Environmental Services (NHDES) regarding HB 649-FN which seeks to eliminate the motor vehicle safety and emissions inspection and repeal the Motor Vehicle Air Pollution Abatement Fund.  NHDES takes no position on this bill but provides information for consideration by the General Court relative to the emissions portion of the annual inspection.  NHDES does not address safety issues in our comments.

HB 649-FN proposes to repeal fifteen (15) New Hampshire Revised Statutes Annotated (RSAs) to eliminate the New Hampshire inspection program in its entirety. Chief amongst these is RSA 266:1 which requires all vehicles to undergo an annual inspection, including the On-Board Diagnostics (OBD) inspection as applicable.

Motor vehicles in New Hampshire account for half of the air pollution that causes the formation of ground level ozone, a respiratory irritant.  New Hampshire is required to have the annual vehicle emissions inspection and maintenance (I/M) program, including OBD, because portions of the state have exceeded federal air quality standards for ozone and because we are in the federally designated Ozone Transport Region (OTR).  OTR states include only those in the Northeast and Mid-Atlantic region of the country, and all OTR states are committed to programs that address ozone pollution, including vehicle emissions inspections.

Vehicle I/M programs, including New Hampshire's OBD inspection pursuant to RSA 266:59-b, paragraph III, are a proven way to reduce emissions from motor vehicles.  NH's current program is the result of lengthy negotiations and settlement with EPA, by then Representative Jeb Bradley in his position as Chair of the House Science, Technology and Energy Committee, to avoid a more onerous and expensive tailpipe testing requirement.

www.des.nh.gov
29 Hazen Drive • PO Box 95 • Concord, NH 03302-0095
(603) 271-3503 • Fax: 271-2867 TDD Access: Relay NH 1-800-735-2964

The Honorable Thomas Walsh
Chair, House Transportation Committee
February 10, 2025

The federal Clean Air Act (CAA) requires states to submit an I/M State Implementation Plan (SIP) to the Environmental Protection Agency (EPA) defining programs that will be implemented to keep states compliant with federal air quality standards.  New Hampshire's federally approved vehicle I/M SIP submittal includes authorizing statutes and state administrative rules for implementing the current I/M program.  Therefore, upon approval of the SIP by EPA the current state statutes and state rules are federally enforceable and any revisions that change a requirement of the approved program will require submittal and approval of a revised SIP.  In April 2024, EPA approved a revision to New Hampshire's I/M SIP that incorporated updates to Department of Safety rules.  The timeline for EPA to review and act upon proposed changes to an approved SIP is generally 18 to 24 months from the date of submittal.  HB 649-FN would go into effect January 1, 2026, which does not provide sufficient time to complete the process. NHDES recommends that the committee consider effective date language similar to that proposed in SB 157-FN, section 3 to allow appropriate time for EPA review and response to such an major NH SIP action.

Should New Hampshire repeal or even alter the program requirements without obtaining EPA approval it could, if not rectified, subject the state to federal sanctions[1] up to and including loss of federal highway funds as provided under the CAA[2].  However, approval is not guaranteed, and HB 649-FN does not provide for this potential.

Additionally, EPA is authorized to take enforcement action against violators of federally approved SIPs and consequentially could impose even more stringent requirements.  The EPA Office of Inspector General (OIG) conducted an audit[3] on EPA's Inspection and Maintenance (I/M) Program requirements, evaluating compliance with the on-road testing requirement. Based on recommendations from the OIG audit EPA issues the March 2020 "Guidance for On-Road Testing Requirements for Enhanced Vehicle I/M Programs."[4]  Any major SIP revision involving New Hampshire's I/M program could result in more burdensome requirements, and the cost to implement such requirements are indeterminate.

Further, the anti-backsliding provisions of the CAA Section 110(I) prevent EPA from approving revisions to state SIPs that would weaken or eliminate emissions controls.  Therefore, any increase in emissions due to exemption of vehicles from inspection would need to be offset by corresponding reductions from other sectors.  Air quality modeling would need to be developed to determine those losses, and the burden of offsetting the added emissions would most likely fall on the business sector, including industries and utilities, with the potential to affect their

---

[1] EPA Sanctions: https://www.epa.gov/air-quality-implementation-plans/status-active-sanctions-clocks-under-clean-air-act
[2] CAA Section 110(m) and Section 179(a) and (b): http://epa.gov/oar/caa/title1.html#ia
[3] OIG evaluation of EPA I/M Program: https://www.epa.gov/office-inspector-general/report-collecting-additional-performance-data-states-would-help-epa-better
[4] EPA On-Road Testing Requirements:
https://nepis.epa.gov/Exe/ZyPDF.cgi/P100YQX8.PDF?Dockey=P100YQX8.PDF

2

The Honorable Thomas Walsh
Chair, House Transportation Committee
February 10, 2025

consumers.  Additionally, citizen lawsuits[5] under CAA section 304 could pose unquantifiable, but potentially significant, costs for NHDES and NHDOJ to defend.

Thank you again for the opportunity to comment on HB 649-FN.  Should you have further questions or need additional information please feel free to contact Jessica Wilcox, Technical Services Bureau Administrator (603-271-6749, jessica.wilcox@des.nh.gov) with NHDES' Air Resources Division.

Sincerely,

Robert R. Scott
Commissioner

ec:     Sponsors of HB 649-FN: Representatives Granger, Osborne, Harvey-Bolia, Sirois, Sellers, and Sabourin dit Choiniere.

---

[5] Citizen Suits, CAA Section 304: https://www.epa.gov/ogc/notices-intent-sue-us-environmental-protection-agency-epa

# Notice Letter Exhibit 3




The State of New Hampshire
# Department of Environmental Services

### Robert R. Scott, Commissioner

March 31, 2025

The Honorable Daniel Innis
Chair, Senate Commerce Committee
State House, Concord, NH 03301

**Re:  HB 649-FN - An Act removing the requirement for physical safety inspections and on-board diagnostic tests for passenger vehicles and eliminating funding for the motor vehicle air pollution abatement fund.**

Dear Chair Innis and Members of the Committee:

Thank you for the opportunity to comment on behalf of the New Hampshire Department of Environmental Services (NHDES) regarding HB 649-FN which proposes to repeal fifteen (15) NH Revised Statutes Annotated (RSAs) with the objective of eliminating the annual motor vehicle safety and emissions inspection and maintenance (I/M) program in its entirety.  Chief amongst these is RSA 266:1 which requires all vehicles to undergo an annual inspection, including an On-Board Diagnostics (OBD) system check, as applicable.  Although NHDES is opposed to this legislation as written, we highlight issues and offer information for consideration by the General Court relative to the emissions portion of the program.  NHDES does not address the safety inspection issues in our comments.

**Required by federal law:** The federal Clean Air Act (CAA) Section 184, requires NH to have an I/M program, including the OBD check, because 1) portions of the state have exceeded federal air quality standards for ozone, a respiratory and cardiovascular health irritant, and 2) the state is located in the federally designated Ozone Transport Region (OTR)[1].  OTR states include those in the Northeast and Mid-Atlantic region of the country, and all OTR states are required to have programs that address ozone pollution, including vehicle I/M programs[2].  It should be noted this is a federal statutory requirement, not simply an EPA rule.

**EPA discretion is limited:** The CAA requires states to submit a motor vehicle I/M State Implementation Plan (SIP) to the Environmental Protection Agency (EPA) committing to the implementation of programs that will keep them compliant with federal air quality standards. NH's federally approved I/M SIP submittal includes authorizing statutes and state administrative rules that are federally enforceable.  Any revisions that change a requirement of the approved I/M program will require federal review and approval of a revised SIP.  In April 2024, EPA approved a revision to NH's I/M SIP that incorporates minor changes to Department of Safety (DOS) rules.  HB 649-FN would take effect January 1, 2026, which does not provide

---

[1] Plan provisions for States in the OTR: https://www.govinfo.gov/content/pkg/USCODE-2013-title42/html/USCODE-2013-title42-chap85-subchapI-partD-subpart2-sec7511c.htm
[2] EPA Overview of Vehicle I/M Programs with map: https://nepis.epa.gov/Exe/ZyPDF.cgi?Dockey=P1013CC0.pdf

The Honorable Daniel Innis
Chair, Senate Commerce Committee
March 31, 2025

sufficient time for the state to process or EPA review and response to such a major NH SIP action. At a minimum the Department requests the effective date of the bill include language to condition the repeal of the emissions portion of the program on federal approvals.

**Potential for additional reductions and costly lawsuits:** The "anti-backsliding" provisions of the CAA Section 110(I) prevent EPA from approving revisions to state SIPs that would weaken emissions controls. Therefore, any increase in emissions due to exemption of vehicles from inspection would need to be offset by corresponding reductions from other sectors. Air quality modeling would need to be developed to determine those losses, and the burden of offsetting the added emissions would most likely fall on the business sector, including industries and utilities, with the potential to affect their consumers. Even if the EPA chose not to enforce this requirement, environmental advocates could sue under the citizen lawsuit[3] provision of the CAA Section 304 to require federal enforcement of the I/M requirements, which could pose unquantifiable, but potentially significant, costs to defend and rectify if the state does not prevail in those lawsuits.

**Current I/M program results from a compromise with EPA:** NH's current I/M program is the result of lengthy negotiations and settlement with EPA by NHDES, (then) Department of Safety Commissioner Richard Flynn, and (then) House Science, Technology, and Energy Committee Chair Jeb Bradley, to avoid a more onerous and costly tailpipe testing requirement (as strictly required by the CAA) in lieu of the less intrusive and lower cost electronic OBD system check. NH also agreed to require additional controls on the Merrimack Station power generation plant as part of the negotiation. This agreement was established into law in HB 1513 (1998).

**Program response to economic hardship:** Inspection reports are provided to consumers and promote the availability of economic hardship waivers. At the end of 2023, of the 1,053,453 tests performed, a total of only 62 economic hardship/time extension waivers were applied for and approved by the NH Department of Motor Vehicles (DMV). Notably, only 47 were actually used, indicating that most consumers can make necessary repairs which in many cases can save consumers money by avoiding more significant and expensive future failures. For example, a failed spark plug would trigger the "check engine light." If not repaired it could cause damage to the catalytic converter, which is very expensive to replace. Such replacement could be excluded from the warranty because the underlying cause, of which the consumer was alerted to, was not addressed.

**OBD system only identifies components that are related to emissions:** Under federal statute vehicle manufacturers must design their OBD systems so that only problems that will result in elevated emissions can trigger the "check engine" light and cause an OBD failure. For example, when a loose gas cap turns on the check engine light, it is the result of fuel vapors (hydrocarbons) being released into the atmosphere due to failure of the sealed Evaporative

---

[3] Citizen Suits, CAA Section 304: https://www.epa.gov/ogc/notices-intent-sue-us-environmental-protection-agency-epa

The Honorable Daniel Innis
Chair, Senate Commerce Committee
March 31, 2025

Emissions system which, when working, captures and reuses fuel vapors to reduce emissions. A faulty or missing gas cap can allow up to 22 gallons of fuel to evaporate into the air each year.

Thank you again for the opportunity to comment on HB 649-FN. Should you have further questions or need additional information please feel free to contact Jessica Wilcox, Technical Services Bureau Administrator (271-6749, jessica.wilcox@des.nh.gov) with NHDES' Air Resources Division.

Sincerely,

Robert R. Scott
Commissioner

ec:    Sponsors of HB 649-FN: Representatives Granger, Osborne, Harvey-Bolia, Sirois, Sellers, and Sabourin dit Choiniere.

# Notice Letter Exhibit 4



# State of New Hampshire

**DEPARTMENT OF SAFETY**
**OFFICE OF THE COMMISSIONER**
**33 HAZEN DR. CONCORD, N.H. 03305**
**603-271-2791**

ROBERT L. QUINN
COMMISSIONER OF SAFETY

September 16, 2025

**VIA CERTIFIED MAIL:** 7022 1670 0003 0746 2731
**and FIRST CLASS MAIL**
Mr. Robert Tefft, President
Gordon-Darby NHOST Services, Inc.
2410 Ampere Drive
Louisville, KY 40299

**RE:**    **Termination of Contract, G&C Item #61 on March 27, 2019, and extended by
Item #5 O, as approved November 13, 2024**

Dear Mr. Tefft:

This letter is in reference to the above captioned contract between Gordon-Darby NHOST Services, Inc. and the State of New Hampshire, Department of Safety, Division of Motor Vehicles ("State"), executed and approved by Governor & Council (Item #61) on March 27, 2019 and extended by Governor and Council on November 13, 2024 (Item #5 O), referred to herein as "Agreement". The Agreement was entered into for the purpose of providing a computer-based system for all licensed New Hampshire Inspection Stations to facilitate motor vehicle safety inspections and accurate On-Board Diagnostics (OBD) testing, as required by New Hampshire laws, RSA 266:1 and RSA 266:59-b, respectively.

As you are aware, in the most recent legislative session, the Legislature has eliminated the State's motor vehicle inspection program, including OBD testing. In practice, on January 31, 2026, registered vehicles in New Hampshire will no longer be required to have annual safety inspections or OBD testing. This is 11 months short of the expiration of our Agreement.

While we have appreciated the professional partnership with Gordon-Darby NHOST Services, Inc., given the fact that the motor vehicle inspections program will soon be abolished, the State is exercising Part 2, Section 13.2 of the Agreement to Terminate For Convenience, effective January 31, 2026. Although Section 13.2 of the Agreement requires only 30-days written notice, I am sending you this notification of the State's intent to terminate the Agreement in order that we may develop a mutually agreeable work plan to wind down services, develop appropriate messaging, and discuss post-termination assistance from Gordon-Darby NHOST Services, Inc. with regards to State data.

*Mr. Robert Tefft, President*
*Gordon-Darby NHOST Services, Inc.*
*09/16/25*
*Page 2*

I would like to personally thank you for the opportunity to work with you during our contract period.

Sincerely,

Robert L. Quinn

Enclosure

Cc:     Joel Unverzagt, President
        Gordon-Darby NHOST Services, Inc.
        10 Dunklee Road, Unit 22
        Bow, NH  03304.

# Notice Letter Exhibit 5



# State of New Hampshire

Robert L. Quinn
Commissioner of Safety

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4000  TDD Access Relay NH 7-1-1

John C. Marasco
Director of Motor Vehicles

November 19, 2025

Dear Valued Inspection Station,

The purpose of this letter is to advise that due to a recent law change which repealed the State Inspection Program, NH Licensed Inspection Stations will no longer be authorized or required to perform vehicle safety or emissions inspections after January 31, 2026. This law change includes the discontinuation of both annual safety inspections and on-board diagnostics (OBD) emissions testing. Please note that all New Hampshire safety and emissions inspection requirements will remain in place through January 31, 2026.

Licensed inspection stations must continue to be fully equipped and staffed to perform these inspections in compliance with all applicable laws and regulations until the State's program officially ends, and stations will continue to be responsible for conducting inspections, issuing valid stickers, and following all operational and reporting procedures up to and including on January 31, 2026.  Additionally, registered owners are still obligated to have their vehicles inspected as scheduled during this period.

## State Issued Inspection Supplies

All inspection stations must return any used and unused inspection stickers purchased directly from the Division of Motor Vehicles by February 28, 2026. Stickers should be returned in their original condition. Returns must be submitted either in person at one of the DMV locations or by mail to the address below. Any unused inspection stickers returned to the Division of Motor Vehicles by the February 28, 2026, deadline will be credited to the business's DMV account. If a station prefers to receive a refund instead of a credit, a written request must be submitted along with the returned stickers. The written request should include the business name, station number, contact information, and a clear statement requesting a refund in place of credit. Refunds will be processed in accordance with state financial procedures and may take several weeks to complete.

**Please mail to:**
**Division of Motor Vehicles**
**Attn: Dealer Desk**
**23 Hazen Dr**
**Concord, NH 03305**

Please feel free to contact the NH DMV Dealer Desk at 603-227-4120 if you have any questions.

**Gordon-Darby Issued Supplies and Machines**

Gordon-Darby asks that you retain the NHOST equipment on site until a formal recovery or disposal plan is established. This ensures that the transition process can occur efficiently and with minimal disruption. Gordon-Darby expects to have additional on-site resources in New Hampshire to assist stations and coordinate the close-out process after January 31, 2026.

Please feel free to contact Gordon-Darby with any questions 1-800-383-4124

Thank you,

*John C. Marasco*

John C. Marasco

# Notice Letter Exhibit 6



### State of New Hampshire

**DEPARTMENT OF SAFETY**
**OFFICE OF THE COMMISSIONER**
33 HAZEN DR. CONCORD, N.H. 03305
603-271-2791

ROBERT L. QUINN
COMMISSIONER OF SAFETY

January 30, 2026

Robert Tefft, President
Gordon-Darby NHOST Services, Inc.
2410 Ampere Drive
Louisville, KY 40299

> RE: Status of Contract - G&C Item #61 on March 27, 2019, and extended by Item #5 O, as approved November 13, 2024

Dear Mr. Tefft:

This letter is in reference to the above captioned contract between Gordon-Darby NHOST Services, Inc. and the State of New Hampshire, Department of Safety, Division of Motor Vehicles ("Department"), executed and approved by Governor & Council (Item #61) on March 27, 2019, and extended by Governor and Council on November 13, 2024 (Item #5 O), referred to herein as "Agreement." On September 16, 2025, in light of the Legislature's repeal of the State's motor vehicle inspection program, including OBD testing, the Department sent a letter notifying you of its intent to terminate the Agreement effective January 31, 2026 ("Notice").

As you are aware, on January 27, 2026, the United States District Court for the District of New Hampshire issued a preliminary injunction requiring continuation of the vehicle inspection program. Specifically, the Court enjoined "any action to terminate, suspend, or otherwise cease implementation or enforcement of the State of New Hampshire's vehicle inspection and maintenance program," and ordered the Department to "take all steps necessary to resume and ensure the continued implementation and enforcement of the State of New Hampshire's vehicle inspection and maintenance program, as codified in New Hampshire's federally approved state implementation plan."

Consistent with the Court's order, the Department is taking all available steps necessary to preserve the program. In an effort to comply with the Court's Order, the Department intends to seek authority to modify the effective date of the Notice to extend the Agreement and allow the continuation of the inspection and maintenance program. The Department understands such an extension requires the approval of the New Hampshire Governor and Executive Council and will be submitting a request for retroactive approval of an extension in the near future.

In the meantime, the State will be announcing that the vehicle inspection program and maintenance program will remain in effect after January 31, 2026, until further notice. Gordon-Darby NHOST Services, Inc. may continue to operate the State's program and continue to work with licensed inspection stations until such time that the Governor and Council votes on the Department's request to revise the termination date contained within the Notice retroactive to January 31, 2026, and until the new termination date for the Agreement set forth in the Governor and Council approval if such approval is successfully obtained.

We appreciate your cooperation while this matter is addressed.

Sincerely,

Robert L. Quinn
Commissioner

Enclosure

# Notice Letter Exhibit 7

## NEWS RELEASE

| Released by: | John M. Formella, Attorney General |
| --- | --- |
| | Robert L. Quinn, Commissioner, Department of Safety |
| Subject: | Public Guidance on Vehicle Inspection Program Status |
| Date: | January 30, 2026 |
| Contact: | Michael S. Garrity, Director of Communications |
| | Michael.S.Garrity@doj.nh.gov | (603) 931-9375 |

Concord, NH - The New Hampshire Department of Justice and Department of Safety are providing an update on the state's vehicle inspection program following a federal court order issued on January 27, 2026:

- **The federal court has ordered a continuation of the state vehicle inspection program. The State intends to appeal this court order.**
- **In the interim, due to the public's reasonable expectation that the program was ending on January 31, 2026, the Department of Safety is extending the deadline to obtain a state inspection to April 10, 2026, for any vehicle with an inspection that expires prior to March 2026.**
- **A request to extend a contract to continue operation of the program is anticipated to be considered by the Executive Council in the near future.**
- **Further guidance will be provided as this situation continues to develop.**

Under state law passed last year, New Hampshire's required vehicle inspection program was scheduled to end on January 31, 2026. However, before that change took effect, a federal court ordered the State to keep the inspection program in place for now. As a result, the vehicle inspection program will continue after January 31, 2026.

The State disagrees with the court's preliminary injunction, plans to appeal the court's decision, and will seek to pause the ruling while the appeal is underway. In addition, future legislative action or court developments could change the status of the inspection program.

We understand that these changes may be confusing or frustrating for New Hampshire drivers. If there are any updates, the State will share new guidance at **www.dmv.nh.gov** and will work to provide additional flexibility where appropriate.

###

# Notice Letter Exhibit 8

1



**ROBERT L. QUINN**
**COMMISSIONER**

## State of New Hampshire

DEPARTMENT OF SAFETY
JAMES H. HAYES BLDG. 33 HAZEN DR.
CONCORD, N.H. 03305
(603) 271-2791

FEB 04 2026

**EDDIE EDWARDS**
**ASSISTANT COMMISSIONER**

**STEVEN R. LAVOIE**
**ASSISTANT COMMISSIONER**

February 3, 2026

Her Excellency, Governor Kelly A. Ayotte
    and the Honorable Council
State House
Concord, New Hampshire 03301

### REQUESTED ACTION

The Department of Safety ("Department") requests retroactive authorization to amend the Department's September 16, 2025 notice of intent to terminate its agreement between the State and Gordon-Darby NHOST Services, Inc., effective January 31, 2026, by extending the termination date by 60 days from January 31, 2026 to April 1, 2026.

### EXPLANATION

The State entered into an agreement with Gordon-Darby NHOST Services, Inc., with Governor and Executive Council approval, on March 27, 2019 (Item #61). The agreement was extended, with Governor and Executive Council approval, on November 13, 2024 (Item #5 O) (collectively, the "Agreement"). The Agreement was for the purpose of implementing the State's motor vehicle inspection program. In light of the Legislature's repeal of the State's motor vehicle inspection program effective January 31, 2026, including on-board diagnostic testing, the Department, on September 16, 2025, issued Gordon-Darby NHOST Services, Inc. a notice of intent to terminate the agreement effective January 31, 2026. The new termination date was thus January 31, 2026.

On January 27, 2026, the United States District Court for the District of New Hampshire issued a preliminary injunction requiring continuation of the motor vehicle inspection program. Specifically, the Court enjoined "any action to terminate, suspend, or otherwise cease implementation or enforcement of the State of New Hampshire's vehicle inspection and maintenance program," and ordered the Department to "take all steps necessary to resume and ensure the continued implementation and enforcement of the State of New Hampshire's vehicle inspection and maintenance program, as codified in New Hampshire's federally approved state implementation plan."

Consistent with the Court's Order and to ensure continuity of motor vehicle inspection vendor service, the Department is hereby requesting that the Governor and Executive Council retroactively extend the Agreement termination date by 60 days from January 31, 2026 to April 1, 2026.

Respectfully submitted,

Robert L. Quinn
Commissioner of Safety

# Notice Letter Exhibit 9

GOVERNOR AND EXECUTIVE COUNCIL MINUTES
State House, Concord, NH
February 4, 2026, 2:00 p.m.
*Special Meeting*

The Governor and Executive Council convened at 2:05 p.m. with Councilors Kenney, Liot Hill, Stephen and Wheeler present in person, and Councilor Stevens was present via telephone.

*

Today's pre-meeting ceremonial items included:

- Councilor Wheeler offered a prayer
- Councilor Kenney led the Pledge of Allegiance

### DEPARTMENT OF SAFETY

#1      **FAILED** - The Governor and Council on motion of Councilor Stephen, seconded by Councilor Liot Hill, voted to adopt this item for the purpose of discussion.  Following discussion, with Councilors Kenney, Stephen, and Wheeler voting **no**, the Governor and Council **failed** to approve the request to **retroactively** amend the Department's September 16, 2025 notice of intent to terminate its agreement between the State and Gordon-Darby NHOST Services, Inc by extending the termination date by 60 days from  January 31, 2026 to April 1, 2026.

*

The next regular Governor and Executive Council meeting is scheduled for Wednesday February 11, 2026 at 10:00 a.m. at the State House, Concord, NH.

The Honorable Board then adjourned at 3:40 p.m.

*
Minutes taken by Kaley Dion, Assistant Secretary of State

# Notice Letter Exhibit 10

## NEWS RELEASE

| | |
|---|---|
| Released by: | John M. Formella, Attorney General<br>Robert L. Quinn, Commissioner, Department of Safety |
| Subject: | Vehicle Inspection Program Public Guidance |
| Date: | February 13, 2026 |
| Contact: | Michael S. Garrity, Director of Communications<br>Michael.S.Garrity@doj.nh.gov / (603) 931-9375 |

Concord, NH - The New Hampshire Department of Justice and Department of Safety are providing a further update on the state's vehicle inspection program in response to the federal District Court's January 27, 2026 preliminary injunction order:

- **The vehicle inspection program is suspended until further notice.**
- **Inspection stations will no longer be authorized to issue state inspection stickers and vehicles will not be required to obtain an annual state inspection at this time.**
- **Drivers are still responsible under current law to ensure that any vehicle driven in New Hampshire is safe to operate, regardless of the status of the inspection program**

Following the Executive Council's denial of the Department of Safety's request to extend the termination date of the State's vehicle inspection contract with Gordon-Darby NHOST, Inc, the State currently has no approved vendor to operate the State's vehicle inspection program. As a result, and after careful review of the legal implications under current state statutes of the lack of an approved vendor, the vehicle inspection program is suspended until further notice. Inspection stations will no longer be authorized to issue state inspection stickers and vehicles will not be required to obtain an annual state inspection at this time.

The Department of Safety and the Department of Environmental Services are exploring all options to continue to comply with the Court's order but currently lack the legal authority to operate a vehicle inspection program given that there is no approved vendor for the program. In addition, the State is continuing to seek relief from the Court's order and has filed a Notice of Appeal to the First Circuit Court of Appeals as well as a motion requesting that the Court stay its preliminary injunction order. While the vehicle inspection program is currently suspended, the status of the program remains subject to change as the legal landscape continues to evolve. The State will update its public guidance on vehicle inspections as more information becomes available and will provide additional regulatory flexibility as needed in the event of future changes, including further deadline extensions should the program resume.

At this time, the public is reminded that they are responsible under current law to ensure that any vehicle driven in New Hampshire is safe to operate, regardless of the status of the inspection program. Vehicle safety requirements are set forth in New Hampshire Revised Statutes Annotated (RSA) Chapter 266.

# Notice Letter Exhibit 11



Robert L. Quinn
Commissioner of Safety

# State of New Hampshire

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4000 TDD Access Relay NH 7-1-1



John C. Marasco
Director of Motor Vehicles

February 13, 2026

Dear Valued Inspection Station,

Despite the repeal of various provisions of N.H. Rev. Stat. Ann. ch. 266 on January 31, 2026 relating to the State's motor vehicle inspection program, the United States District Court for the District of New Hampshire issued a preliminary injunction order on January 27, 2026 prohibiting the Department from taking any action to cease implementation and enforcement of the inspection program and requiring the Department to take all necessary steps to resume and ensure continued operation of the inspection program. In accordance with this order, the Department requested an extension of Gordon-Darby NHOST Services, Inc.'s ("Gordon-Darby") contract with the State for sixty days so Gordon-Darby could continue as the State's vendor and implement the inspection program at each of the inspection stations. On February 4, 2026, the Executive Council denied the extension of Gordon-Darby's contract. As such, the State is presently without a vendor authorized to perform the inspection program.

As a result of the repeal of authorizing legislation and the Executive Council's denial of an extension to the current inspection program vendor, the Department is suspending the State's vehicle inspection program until further notice. Therefore, you are advised that, consistent with our guidance issued on November 19, 2025, licensed inspection stations are no longer authorized to perform State mandated motor vehicle inspections at this time. Effective immediately, inspection stations must cease to offer "State" inspections and shall not issue state inspection stickers. Given the fluctuations of the present litigation and other factors, this direction may be revised at a later date. The Department will continue to provide more information or direction to the licensed inspection stations as it becomes available.

As further clarification, repair stations and others so equipped and enabled, may continue to offer vehicle inspection services and emissions testing services consistent with RSA 266:59-b at their own discretion. Such services, however, shall not be marketed as "State" inspections and no State inspection sticker shall be supplied as a result of such non-State mandated vehicle or emissions inspection services.

## State Issued Inspection Supplies

All licensed inspection stations must return any used and unused inspection stickers purchased directly from the Division of Motor Vehicles by April 30, 2026. Stickers should be returned in their original condition. Returns must be submitted either in person at one of the DMV locations or by mail to the address below.



Robert L. Quinn
Commissioner of Safety

# State of New Hampshire

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4000 TDD Access Relay NH 7-1-1



John C. Marasco
Director of Motor Vehicles

Any unused inspection stickers returned to the DMV by April 30, 2026, deadline will be credited to the business's DMV account. If a station prefers to receive a refund instead of a credit, a written request must be submitted along with the returned stickers. The written request should include the business name, station number, contact information, and a clear statement requesting a refund in place of credit. Refunds will be processed in accordance with state financial procedures and may take several weeks to complete.

**Please mail to:**

**Division of Motor Vehicles**
**Attn: Dealer Desk**
**23 Hazen Dr**
**Concord, NH 03305**

Please feel free to contact the NH DMV Dealer Desk at 603-227-4120 if you have any questions. Questions related to Gordon-Darby issued supplies and machines may be directed to Gordon-Darby at 1-800-383-4124.

Thank you,

*John C. Marasco*

John C. Marasco

# Notice Letter Exhibit 12



# State of New Hampshire

**DEPARTMENT OF SAFETY**
**OFFICE OF THE COMMISSIONER**
**33 HAZEN DR. CONCORD, N.H. 03305**
**603-271-2791**

ROBERT L. QUINN
COMMISSIONER OF SAFETY

February 13, 2026

Robert Tefft, President
Gordon-Darby NHOST Services, Inc.
2410 Ampere Drive
Louisville, KY 40299

RE: Cancellation of Contract - G&C Item #61 on March 27, 2019, and extended by Item #5 O, as approved November 13, 2024

Dear Mr. Tefft:

This letter is in reference to the above captioned contract between Gordon-Darby NHOST Services, Inc. ("Gordon-Darby") and the State of New Hampshire, Department of Safety, Division of Motor Vehicles ("Department"), executed and approved by Governor & Council (Item #61) on March 27, 2019, and extended by Governor and Council on November 13, 2024 (Item #5 O), referred to herein as "Agreement." As stated in my prior letter of February 4, 2026, the Executive Council denied the Department's request to extend the Agreement resulting in termination of the Agreement effective January 31, 2026, pursuant to the September 16, 2025 Notice of Termination.

As a result, we are providing this further notice that Gordon-Darby is no longer authorized to continue performing the services set out in the Agreement or to operate the State's vehicle inspection program. At this time, the Department is suspending the vehicle inspection program and is instructing inspection stations that they are no longer authorized to perform state inspections or issue state inspection stickers until further notice.

Gordon-Darby is further instructed to comply with the termination procedures set forth in Part 2, Section 13.4 of the Agreement based on the Department's termination of the Agreement for convenience. While the State's vehicle inspection program is suspended until further notice, Gordon-Darby remains free to deploy its equipment and enter into business relationships with former New Hampshire inspection stations provided they do not purport to be offering State-mandated or State-sanctioned emissions inspections or otherwise relate to or rely on the terminated Agreement.

Communications necessary to fulfill the termination procedures and develop a mutually agreeable work plan with regards to State data should be directed to DMV Deputy Director Melissa Reilly Melissa.J.Reilly@DOS.NH.GOV.

Sincerely,

Robert L. Quinn

Cc:     Joel Unverzagt, President
        Gordon-Darby NHOST Services, Inc.
        10 Dunklee Road, Unit 22
        Bow, NH 03304

TDD ACCESS: RELAY NH (7-1-1)

# EXHIBIT 2

# McGuireWoods



May 8, 2026

**Via Certified Mail**

Robert L. Quinn
Commissioner, N.H. Department of Safety
33 Hazen Drive
Concord, NH 03305

Robert R. Scott
Commissioner, N.H. Department of
  Environmental Services
29 Hazen Drive
Concord, NH 03302

John Marasco
Director, N.H. Division of Motor Vehicles
23 Hazen Drive
Concord, NH 03305

The Honorable Kelly Ayotte
Governor, State of New Hampshire
107 North Main Street
Concord, NH 03301

New Hampshire Executive Council
107 North Main Street
State House, Room 207
Concord, NH 03301

The Honorable Joseph D. Kenney
Councilor, N.H. Executive Council
P.O. Box 201
Union, NH 03887

The Honorable Karen Liot Hill
Councilor, N.H. Executive Council
24 Messenger Street
Lebanon, NH 03766

The Honorable Janet Stevens
Councilor, N.H. Executive Council
P.O. Box 687
Rye, NH 03870

The Honorable John Stephen
Councilor, N.H. Executive Council
320 Currier Drive
Manchester, NH 03104

The Honorable David K. Wheeler
Councilor, N.H. Executive Council
523 Mason Road
Milford, NH 03055

**Re:    Notice of Intent to Commence Civil Action Pursuant to Clean Air Act Section 304**

Dear Recipient:

I am writing on behalf of Gordon-Darby Holdings, Inc. ("Gordon-Darby") to provide notice of Gordon-Darby's intent to commence a civil action against the above-named addressees (referred to hereafter as the "State Officials") in their official capacities under Section 304(a)(1) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(1), for violations of emission standards or limitations under the CAA and New Hampshire's federally approved state implementation plan ("SIP"). Pursuant to CAA Section 304(b)(1), 42 U.S.C. § 7604(b)(1), and 40 C.F.R. § 54.2, a copy of this notice is also being sent to Administrator Lee Zeldin of the U.S. Environmental Protection Agency ("EPA") and Regional Administrator Mark Sanborn of EPA Region 1.

May 8, 2026
Page 2

From 2004 until February 2026, Gordon-Darby's subsidiary, Gordon-Darby NHOST Services, Inc., served as the New Hampshire Department of Safety's ("NHDOS") contractor retained to provide services essential to implementation of the emissions inspection requirements of New Hampshire's vehicle inspection and maintenance ("I/M") program. Gordon-Darby has valued its decades-long professional relationship with NHDOS and is proud of the parties' cooperative efforts to fulfill all applicable requirements of New Hampshire's SIP. Regrettably, in 2025 New Hampshire enacted legislation repealing the state laws underlying its I/M program effective January 31, 2026. Notwithstanding that the I/M program's requirements remain in force under federal law as part of New Hampshire's EPA-approved SIP, the State—acting through the responsible State Officials to whom this letter is addressed—has proceeded to dismantle the I/M program and cease its implementation and enforcement. Beginning no later than February 13, 2026, and continuing to the present, the State has been in violation of the I/M requirements in its SIP, which constitute "emission standard[s] or limitation[s]" under the CAA's citizen suit provision.[1]

Accordingly, in light of the State's termination of the I/M program in direct contravention of its federal obligations under the CAA and New Hampshire's federally enforceable SIP, this letter serves as notice of Gordon-Darby's intent to commence a civil action under Section 304(a)(1) of the CAA, 42 U.S.C. § 7604(a)(1). If the State does not resume implementation and enforcement of the I/M program and continue such implementation and enforcement unless and until EPA approves a revised SIP altering that program, Gordon-Darby intends to file suit against each of the State Officials in their official capacities seeking declaratory and injunctive relief, as well as civil penalties, to compel compliance with the CAA and the requirements of New Hampshire's SIP.

## I.    Relationship to Prior Citizen Suit by Gordon-Darby

On October 8, 2025, Gordon-Darby previously served a notice of intent to sue the Commissioners of NHDOS and the New Hampshire Department of Environmental Services ("NHDES") under the CAA's citizen suit provision. Following the expiration of the required 60-day notice period, Gordon-Darby proceeded to commence a civil action against the Commissioners under Section 304(a)(1) in the U.S. District Court for the District of New Hampshire on December 8, 2025, and filed a motion for preliminary injunction the next day.[2] On January 27, 2026, the district court granted Gordon-Darby's motion and issued a preliminary injunction ordering that the Commissioners be "[e]njoined from taking or directing any action to terminate, suspend, or otherwise cease implementation or enforcement of" the I/M program codified in New Hampshire's SIP unless and until EPA approves a revised SIP removing or

---

[1] 42 U.S.C. § 7604(a)(1), (f)(3).

[2] Complaint, *Gordon-Darby Holdings, Inc. v. N.H. Dep't of Safety, Comm'r*, No. 1:25-cv-00508-LM-AJ (D.N.H. Dec. 8, 2025); Motion for Preliminary Injunction, *Gordon-Darby Holdings*, No. 25-cv-00508-LM-AJ (D.N.H. Dec. 9, 2025).

May 8, 2026
Page 3

amending that program, and ordering the Commissioners to "take all steps necessary to resume and ensure the continued implementation and enforcement" of the I/M program.[3]

Notwithstanding the district court's order, New Hampshire proceeded to terminate the I/M program anyway while appealing the preliminary injunction to the U.S. Court of Appeals for the First Circuit. On April 30, 2026, the First Circuit granted the Commissioners' motion to stay the preliminary injunction pending that appeal.[4] In granting the stay, the First Circuit found that the Commissioners were likely to succeed in their appeal on procedural grounds, holding that the CAA does not authorize citizen suits "predicated on purely prospective violations" and finding that Gordon-Darby had not shown that the Commissioners were "in violation" of an emission standard or limitation at the time the complaint was filed.[5] Given the First Circuit's ruling, Gordon-Darby voluntarily dismissed its previous citizen suit against the Commissioners without prejudice on May 7, 2026, which also rendered moot the proceedings in the First Circuit.[6]

It is indisputable, however, that New Hampshire is no longer implementing or enforcing its I/M program and is therefore presently in violation of an emission standard or limitation under the CAA. At the conclusion of the required 60-day period after service of this notice letter, if New Hampshire has not resumed implementation and enforcement of the I/M program codified in its federally enforceable SIP, Gordon-Darby intends to commence a new citizen suit against the State Officials in their official capacities under 42 U.S.C. § 7604(a)(1).

## II.    Persons Giving Notice

This notice is being sent on behalf of Gordon-Darby Holdings, Inc., a corporation duly incorporated and in good standing in the State of Delaware. Gordon-Darby Holdings, Inc. is the sole owner of Gordon-Darby NHOST Services, Inc. Its registered agent is CSC, located at 251 Little Falls Drive, Wilmington, DE 19808. For purposes of this notice letter, Gordon-Darby Holdings, Inc. may be contacted through its counsel at:

Allison D. Wood
Andrew D. Knudsen
McGuireWoods LLP
888 16th Street N.W., Suite 500
Washington, DC 20006
(202) 857-2420
awood@mcguirewoods.com
aknudsen@mcguirewoods.com

Amy Manzelli
Andrian Lee
BCM Environmental & Land Law, PLLC
3 Maple Street
Concord, NH 03301
(603) 225-2585
manzelli@nhlandlaw.com
lee@nhlandlaw.com

---

[3] *Gordon-Darby Holdings, Inc. v. N.H. Dep't of Safety, Comm'r*, 817 F. Supp. 3d 82, 108 (D.N.H. 2026).

[4] *Gordon-Darby Holdings, Inc. v. Quinn*, No. 26-1209, 2026 WL 1179043, at *5 (1st Cir. Apr. 30, 2026).

[5] *Id.* at *3.

[6] Notice of Voluntary Dismissal, *Gordon-Darby Holdings*, No. 1:25-cv-00508-LM-AJ (D.N.H. May 7, 2026).

May 8, 2026
Page 4

### III.    Persons Receiving Notice

This notice is being sent to all of the parties for whom service is required under CAA Section 304(b)(1)(A), 42 U.S.C. § 7604(b)(1)(A), and 40 C.F.R. § 54.2.

Specifically, pursuant to 40 C.F.R. § 54.2(a), this notice is being sent by certified mail to EPA Administrator Lee Zeldin. Because this notice relates to violation of an emission standard or limitation in New Hampshire, a copy of this notice is also being mailed to Regional Administrator Mark Sanborn of EPA Region 1.

Pursuant to 40 C.F.R. § 54.2(c), notice is being given to the alleged violators by certified mail. The alleged violators are the following State Officials, each of whom is responsible for some aspect of implementing the I/M program as codified in New Hampshire's SIP:

- Commissioner Robert L. Quinn, New Hampshire Department of Safety
- Commissioner Robert R. Scott, New Hampshire Department of Environmental Services
- Director John Marasco, New Hampshire Division of Motor Vehicles
- The Honorable Kelly Ayotte, Governor, State of New Hampshire
- The New Hampshire Executive Council, by and through its individual Councilors
- The Honorable Joseph D. Kennedy, Councilor, New Hampshire Executive Council
- The Honorable Karen Liot Hill, Councilor, New Hampshire Executive Council
- The Honorable Janet Stevens, Councilor, New Hampshire Executive Council
- The Honorable John Stephen, Councilor, New Hampshire Executive Council
- The Honorable David K. Wheeler, Councilor, New Hampshire Executive Council

Finally, 40 C.F.R. § 54.2(b) requires that a copy of this notice be sent by certified mail to NHDES Commissioner Robert R. Scott as the authorized representative of the state agency charged with responsibility for air pollution control in New Hampshire, with a copy sent to New Hampshire Governor Kelly Ayotte. Because Commissioner Scott and Governor Ayotte are included among the State Officials to whom this notice is directed as alleged violators of the CAA and to whom notice was provided by certified mail under 40 C.F.R. § 54.2(c), the requirements of 40 C.F.R. § 54.2(b) have been met.

### IV.    Basis for Notice

Gordon-Darby is giving notice of its intent to sue the State Officials in their official capacities under Section 304(a)(1) of the CAA for violations of "an emission standard or limitation under" the CAA.[7] As described further below, beginning no later than February 13, 2026, the State Officials have ceased implementing and enforcing the I/M program set forth in New Hampshire's federally approved and enforceable SIP. As a result, the State Officials are currently "in violation" of numerous "condition[s] or requirement[s] under [New Hampshire's] applicable implementation plan relating to … vehicle inspection and maintenance programs,"

---

[7] 42 U.S.C. § 7604(a)(1).

May 8, 2026
Page 5

and will remain in violation until the State Officials resume implementation and enforcement of the I/M program codified in its SIP.[8]

Multiple provisions of the CAA require New Hampshire to implement an I/M program in portions of the state. First, under Section 182(b)(4), a state's SIP must include a basic I/M program for any "moderate" or higher nonattainment areas for the ozone national ambient air quality standards ("NAAQS").[9] The New Hampshire portion of the Boston-Manchester-Portsmouth area was formerly classified as moderate nonattainment for the 1997 ozone NAAQS, including portions of Hillsborough, Merrimack, Rockingham, and Strafford Counties.

Second, under Section 182(c)(3) of the CAA, a state's SIP must include an enhanced I/M program for any "serious" nonattainment areas for the ozone NAAQS with a 1980 population of 200,000 or more.[10] Portions of Hillsborough and Rockingham counties in New Hampshire were formerly designated as part of a serious nonattainment area for the 1979 one-hour ozone NAAQS and otherwise fit the criteria of Section 182(c).

Third, Congress explicitly included New Hampshire in the Ozone Transport Region ("OTR") established in CAA Section 184.[11] As a member of the OTR, New Hampshire must include an enhanced vehicle I/M program in its SIP that applies to each metropolitan statistical area in the state with a population of 100,000 or more.[12]

In light of these statutory requirements, New Hampshire has adopted (and EPA has approved) an enhanced vehicle I/M program into its federally enforceable SIP.[13] New Hampshire's vehicle I/M program was first formalized in 1998, when New Hampshire and EPA reached an agreement regarding the contours of a decentralized I/M program with statewide applicability. NHDES submitted a SIP revision to EPA presenting the I/M program for approval on September 4, 1998, and EPA formally approved the program as part of New Hampshire's SIP on January 10, 2001.[14]

In 2011, NHDES submitted a SIP revision to EPA reflecting various amendments to the state's vehicle I/M program, including the incorporation of an On-Board Diagnostics ("OBD") inspection program.[15] As described by NHDES, the basic framework of the State's I/M program

---

[8] *Id.* §§ 7604(a)(1), (f)(3).

[9] *Id.* § 7511a(b)(4).

[10] *Id.* § 7511a(c)(3).

[11] *Id.* § 7511c(a).

[12] *Id.* § 7511c(b)(1)(A).

[13] 40 C.F.R. § 52.1520.

[14] 66 Fed. Reg. 1868 (Jan. 10, 2001).

[15] *See* NHDES, "State of New Hampshire: Motor vehicle Inspection and Maintenance State Implementation Plan Revision" (Nov. 1, 2011), available at https://www.regulations.gov/document/EPA-R01-OAR-2012-0149-0005 ("2011 SIP Revision").

May 8, 2026
Page 6

for emissions primarily consists of three elements: (1) annual OBD testing for eligible vehicles; (2) an enhanced safety inspection; and (3) a roadside diesel opacity testing program.[16] The 2011 SIP Revision set forth the specific program elements and supporting statutory and regulatory authority necessary to satisfy the EPA's regulations at 40 C.F.R. Part 51, Subpart S establishing the requirements for state I/M programs, including but not limited to: the type of program; applicability requirements; adequacy of funding and personnel; testing equipment; quality control and program evaluation requirements; provisions for requiring and enforcing compliance by motorists, inspectors and inspection stations; data collection and reporting; and inspector training and certification.[17]

EPA approved the 2011 SIP Revision on January 25, 2013, and that submission (including the narrative and statutory and regulatory authorities cited therein) was incorporated into New Hampshire's SIP as a matter of federal law.[18] Since that time, EPA has subsequently approved additional updates to the state's SIP reflecting updates to NHDOS regulations at Chapter Saf-C 3200 implementing the I/M program. Most recently, EPA approved a SIP revision on April 25, 2024, incorporating the entirety of Chapter Saf-C 3200 by reference into the Code of Federal Regulations, with the exception of isolated provisions governing state enforcement provisions.[19] That April 2024 SIP approval action incorporated both the safety and emissions portions of New Hampshire's I/M program as federally enforceable requirements of its SIP.

Despite the explicit requirements of the CAA, EPA's regulations, and New Hampshire's SIP, in June 2025 the New Hampshire General Court enacted legislation as part of House Bill 2 ("HB2") purporting to eliminate the state's federally approved and enforceable I/M program.[20] HB2 repealed the key statutory provisions that underlie New Hampshire's I/M regulations at Chapter Saf-C 3200 and that were incorporated into and approved by EPA as part of New Hampshire's SIP. These include the provisions authorizing NHDOS to require motor vehicle inspections and establishing the frequency and timing of such inspections,[21] establishing the fee for inspection stickers,[22] providing for enforcement against motorists and inspection stations,[23] and specifying inspection requirements for emission control equipment.[24] HB2 also abolished the

---

[16] *Id.* at 7.

[17] *Id.* at 7-23; *see* 40 C.F.R. §§ 51.350-373.

[18] 78 Fed. Reg. 5292 (Jan. 25, 2013); 40 C.F.R. § 52.1520(e) (identifying "SIP Narrative associated with New Hampshire Vehicle Inspection and Maintenance Program SIP Revision" as part of state's SIP).

[19] 89 Fed. Reg. 33,232 (Apr. 29, 2024); 40 C.F.R. § 52.1520(c).

[20] 2025 N.H. Laws Ch. 141, §§ 141:244-141:256.

[21] *Id.* § 141:253(IV) (repealing RSA 266:1).

[22] *Id.* § 141:253(VII) (repealing RSA 266:2).

[23] *Id.* § 141:253(III, V, XI) (repealing RSA 260:6-b, 266:1-a, 266:5).

[24] *Id.* § 141:253(XIV) (repealing RSA 266:59-b).

May 8, 2026
Page 7

funding source for the motor vehicle air pollution abatement fund administered by NHDES, which is used to help fund administration of the SIP's I/M program.[25]

HB2 purports to eliminate the state's I/M program without first obtaining EPA approval of a revised SIP. The legislation does require NHDES to submit "an amendment to the state implementation plan to alter the emissions testing program consistent with" HB2 to EPA within 180 days.[26] But each of HB2's repeal provisions take effect regardless of whether EPA approves or disapproves that submission.[27] On December 24, 2025, NHDES submitted to EPA a proposed SIP revision that would remove all I/M program requirements from the SIP, along with a petition seeking to remove New Hampshire from the OTR under CAA Section 176A, 42 U.S.C. § 7506a. EPA has not yet taken any proposed or final action on either submission, and unless and until EPA both grants the State's petition for removal from the OTR *and* approves its revised SIP, New Hampshire must continue complying with its current SIP obligations. Moreover, EPA *cannot* approve a revised SIP that eliminates New Hampshire's I/M program as set forth in HB2. As discussed above, the plain terms of the CAA explicitly require New Hampshire to include such a program in the state's SIP.[28] New Hampshire's December 24, 2025 submissions also suffer from significant legal and technical defects that render them unapprovable under the CAA.

EPA warned New Hampshire that HB2's repeal of the I/M program is impermissible under the CAA. By letter dated April 25, 2025, EPA Regional Administrator Mark Sanborn responded to a request from NHDES for technical assistance related to the draft repeal legislation that would later be largely incorporated into HB2.[29] That letter spelled out the applicable provisions of federal law and stated in no uncertain terms that "[i]f this legislation passes, New Hampshire will not meet the CAA requirements for I/M programs." Moreover, Regional Administrator Sanborn explained that if New Hampshire were to carry out the I/M program repeal called for by HB2, it would expose the state to a potential finding by EPA that the I/M requirements of New Hampshire's SIP are "not being implemented" under CAA Section 179(a)(4), 42 U.S.C. § 7509(a)(4). Such a finding would expose New Hampshire to imposition of sanctions, including loss of federal highway funding and additional emission offset requirements.

Indeed, NHDES itself has independently recognized that repeal of the state's I/M program is inconsistent with the CAA. By letter dated February 10, 2025, Commissioner Scott advised the members of the Transportation Committee of the state's I/M obligations under federal law.[30] Commissioner Scott warned the Committee that "[s]hould New Hampshire repeal

---

[25] *Id.* § 141:253(I) (repealing RSA 125-S:4); *see* 2011 SIP Revision at 12.

[26] 2025 N.H. Laws Ch. 141, § 141:254.

[27] *Id.* § 141:256.

[28] *See* 42 U.S.C. §§ 7511a(c)(3), 7511c(a), (b)(1)(A).

[29] Letter from Mark Sanborn, Regional Adm'r, EPA Region 1, to Robert Scott, Commissioner, NHDES (Apr. 25, 2025) (attached as Exhibit 1).

[30] Letter from Robert R. Scott, Commissioner, NHDES, to Thomas Walsh, Chair, Transportation Committee (Feb. 10, 2025) (attached as Exhibit 2); *see also* Letter from Robert R. Scott,

May 8, 2026
Page 8

or even alter the program requirements without obtaining EPA approval it could, if not rectified, subject the state to federal sanctions[] up to and including loss of federal highway funds as provided under the CAA."[31] The letter also noted that EPA could take enforcement action or impose more stringent I/M requirements on the state.[32] Presciently, Commissioner Scott even emphasized the potential for "citizen lawsuits under CAA section 304" of the kind that Gordon-Darby previously brought against the Commissioners and is serving notice of here.[33]

Finally, the New Hampshire Department of Justice has repeatedly acknowledged that the State's termination of its I/M program constitutes a violation of the CAA. In the course of the previous litigation between Gordon-Darby and the Commissioners, counsel for the State repeatedly conceded to both the U.S. District Court for the District of New Hampshire and the Court of Appeals for the First Circuit that New Hampshire's termination of the I/M program violated federal law.[34] Likewise, at the February 4, 2026 special meeting of the New Hampshire Governor and Executive Council, Attorney General Formella told the Governor and Council that "we will be out of compliance with the Clean Air Act the minute we don't have an operable [I/M] program."[35] Attorney General Formella also recognized that violation of the SIP's I/M requirements could subject the State to potential sanctions and civil penalties.[36]

The well-founded legal concerns expressed by the federal and state officials above reflect the basic principle that as a matter of federal law, New Hampshire cannot unilaterally repeal its I/M program once it has been incorporated into a federally approved SIP. The Supremacy Clause of the United States Constitution establishes that federal law is the supreme law of the land and preempts any conflicting provisions of state law.[37] Under the CAA, once EPA approves a state's SIP, the provisions of that SIP are incorporated into federal law and become federally enforceable.[38] Crucially, it is the version *submitted to and approved by EPA* that applies as

---

Commissioner, NHDES, to Daniel Innis, Chair, Senate Commerce Committee (Mar. 31, 2025) (attached as Exhibit 3) (emphasizing that "[a]ny revisions that change a requirement of the approved I/M program will require federal review and approval of a revised SIP").

[31] *Id.* at 2.

[32] *Id.*

[33] *Id.* at 3 (footnote omitted).

[34] Transcript of Preliminary Injunction Hearing Before the Honorable Landya B. McCafferty at 23:10-24:18, *Gordon-Darby Holdings*, No. 25-cv-508-LM-AJ (D.N.H. Jan. 22, 2026); Appellants' Motion to Stay Order Pending Appeal at 12, *Gordon-Darby Holdings, Inc. v. Quinn*, No. 26-1209 (1st Cir. Mar. 19, 2026) (noting termination "puts New Hampshire out of compliance with federal law").

[35] Recording of Special Meeting of Governor and Executive Council (Feb. 4, 2026), *available at* https://www.sos.nh.gov/administration/governor-executive-council/meetings (statement by General Formella at 11:37-11:42).

[36] *Id.* at 10:00-11:50, 13:45-15:04.

[37] U.S. Const. art. VI, cl. 2.

[38] *See, e.g.*, *Clean Air Council v. Mallory*, 226 F. Supp. 2d 705 (E.D. Penn. 2002).

May 8, 2026
Page 9

federal law, regardless of whether the state subsequently amends or repeals the state laws or regulations underlying its SIP.[39] Even where the state has submitted a revised SIP for review by EPA, as New Hampshire has done, the approved version of the SIP remains in effect and federally enforceable unless and until EPA approves the revision in a final rule.[40] Accordingly, notwithstanding enactment of HB2 and New Hampshire's submission of a revised SIP to EPA for review, the I/M requirements of New Hampshire's federally-approved SIP continue to apply as a matter of federal law.

Nonetheless, the State has ceased implementation and enforcement of its I/M program without the EPA approval required under the CAA. New Hampshire, acting through the State Officials, has been in violation of an emission standard or limitation under the CAA beginning no later than February 13, 2026. But the State Officials began taking steps to terminate the I/M program before that date. On September 16, 2025, NHDOS sent a letter to Gordon-Darby NHOST Services, Inc. giving notice of its intent to terminate the state's contract for services related to the I/M program.[41] In that letter, NHDOS asserted that "[i]n practice, on January 31, 2026, registered vehicles in New Hampshire will no longer be required to have annual safety inspections or OBD testing" and terminated its contract with Gordon-Darby effective as of January 31, 2026.[42] Likewise, on November 19, 2025, New Hampshire Division of Motor Vehicles ("DMV") Director John Marasco sent a letter to licensed inspection stations advising them that after January 31, 2026, they "will no longer be authorized or required to perform vehicle safety or emissions inspections."[43] The letter also directed inspection stations to return inspection stickers purchased directly from the DMV by February 28, 2026.

On January 27, 2026, the U.S. District Court for the District of New Hampshire issued a preliminary injunction prohibiting the Commissioners from "taking or directing any action to terminate, suspend, or otherwise cease implementation or enforcement of" the I/M program and ordering them to "take all steps necessary to resume and ensure the continued implementation and enforcement" of that program.[44] Despite the court's preliminary injunction, NHDOS did not withdraw or otherwise amend its letter terminating its vendor contract with Gordon-Darby NHOST Services. Nor did NHDOS or the DMV withdraw or amend its November 19, 2025 letter to inspection stations revoking their authority to conduct inspections after January 31, 2025, and directing them to return inspection stickers. Instead, NHDOS granted Gordon-Darby NHOST Services limited authorization to "continue to operate the State's program and continue

---

[39] *General Motors Corp. v. United States*, 496 U.S. 530 (1990); *Sweat v. Hull*, 200 F. Supp. 2d 1162 (D. Ariz. 2001).

[40] As discussed above, EPA cannot approve a SIP revision for New Hampshire that removes the enhanced vehicle I/M program because the CAA requires New Hampshire to have such a program as part of its SIP. *See* 42 U.S.C. §§ 7511a(c)(3), 7511c(a), (b)(1)(A).

[41] Letter from Robert L. Quinn, Commissioner, NHDOS, to Robert Tefft, President, Gordon-Darby NHOST Services, Inc. (Sept. 16, 2025) (attached as Exhibit 4).

[42] *Id.*

[43] Letter from John C. Marasco, Director, DMV (Nov. 19, 2025) (attached as Exhibit 5).

[44] *Gordon-Darby Holdings, Inc.*, 817 F. Supp. 3d at 108.

May 8, 2026
Page 10

to work with licensed inspection stations [beyond the January 31, 2026 vendor contract termination date] until such time that the Governor and Council votes on" a forthcoming request from NHDOS to retroactively revise that termination date.[45] The State also issued public guidance stating that as a result of the preliminary injunction, the I/M program "will continue after January 31, 2026" but with a pause on enforcement, extending the inspection deadline to April 10, 2026, for "any vehicle with an inspection expiring prior to March 2026."[46]

On February 3, 2026, NHDOS submitted a request to the New Hampshire Governor and Executive Council for retroactive authorization to "amend the Department's September 16, 2025 notice of intent to terminate its agreement" with Gordon-Darby NHOST by "extending the termination date by 60 days from January 31, 2026 to April 1, 2026."[47] On February 4, 2026, the Governor and Executive Council held a special meeting to consider NHDOS's request to extend the termination date for Gordon-Darby NHOST's contract. The Executive Council voted 3-2 to deny NHDOS's request.[48] As a result, the State's contract with Gordon-Darby NHOST was terminated and the State no longer had an approved vendor to administer its I/M program as required by the SIP.

On February 13, 2026, the New Hampshire Department of Justice and NHDOS issued public guidance stating that as a result of the Executive Council's action, the State lacked an approved vendor to operate the I/M program and "the vehicle inspection program is suspended until further notice."[49] The notice also stated that licensed inspection stations "will no longer be authorized to issue state inspection stickers and vehicles will not be required to obtain an annual state inspection at this time."[50] On that same date, the New Hampshire DMV posted a letter to licensed inspection stations on its website stating that those stations "are no longer authorized to perform State mandated motor vehicle inspections at this time" and must immediately "cease to offer 'State' inspections and shall not issue state inspection stickers."[51] The letter also directed inspection stations to return any inspection stickers purchased directly from the DMV by April 30, 2026.[52] Finally, NHDOS sent a letter to Gordon-Darby NHOST confirming that its vendor

---

[45] Letter from Robert L. Quinn, Comm'r, NHDOS, to Robert Tefft (Jan. 30, 2026) (attached as Exhibit 6).

[46] News Release, "Public Guidance on Vehicle Inspection Program Status" (Jan. 30, 2026) (attached as Exhibit 7).

[47] Memorandum from Robert L. Quinn, Comm'r, NHDOS, to Gov. Kelly A. Ayotte and N.H. Executive Council (Feb. 3, 2026) (attached as Exhibit 8).

[48] Governor and Executive Council Minutes (Feb. 4, 2026) (attached as Exhibit 9).

[49] News Release, "Vehicle Inspection Program Public Guidance" (Feb. 13, 2026) (attached as Exhibit 10).

[50] *Id.*

[51] Letter from John C. Marasco, Director, New Hampshire DMV (Feb. 13, 2026) (attached as Exhibit 11).

[52] *Id.*

May 8, 2026
Page 11

contract had been terminated.[53] New Hampshire has not resumed implementation or enforcement of its I/M program since the time of these communications.

As a result, since no later than February 13, 2026, New Hampshire (acting through the State Officials) has been in violation of an emission standard or limitation under the CAA due to its failure to implement and enforce the I/M program as codified in its applicable SIP and as required by the CAA. This decision to cease complying with the I/M requirements of New Hampshire's federally approved SIP, prior to approval of a revised SIP by EPA, is in direct violation of the State's obligations under federal law. These CAA violations are occurring where the State Officials conduct business in Concord, New Hampshire, and commenced no later than February 13, 2026, and have continued since that time. The State Officials will remain in violation until they resume implementing and enforcing the I/M program as codified in New Hampshire's applicable SIP. The CAA's citizen suit provision at Section 304(a)(1), 42 U.S.C. § 7604(a)(1), allows "any person," including Gordon-Darby, to commence a civil action against the State Officials for enforcement as a result of these violations.

In particular, this includes violations of the State's obligations to administer and enforce the I/M program set forth in the EPA-approved SIP. These obligations are reflected most prominently in the NHDOS Commissioner's duty to "[c]arr[y] out a program of inspection and testing of all modes of transportation," and in the duties and obligations assigned to the Commissioner of NHDOS and the Director of the DMV under the numerous statutes and regulations they are charged with administering in connection with the I/M program.[54] Each of these statutes and regulations are incorporated in the State's SIP and, having been approved by EPA under the CAA, remain in effect and enforceable as a matter of federal law notwithstanding the enactment of HB2.

Additionally, the actions of the State Officials violate numerous requirements of the state statutes and regulations that are incorporated into the Code of Federal Regulations by reference and that require specific actions be taken by them. These requirements include, but are not limited to, obligations to: provide necessary enforcement resources for state troopers; issue certificates of appointment and approval cards for inspection stations and mechanics that meet regulatory requirements; provide mechanic training sessions; provide counter service for inspection sticker purchases and to accept the return of unused stickers; to report tampering to EPA; to act on waiver applications; and to maintain a "contracted vendor" for the automated safety/emissions inspection program.[55] These regulations are incorporated in the State's SIP and remain in effect and enforceable as a matter of federal law notwithstanding enactment of HB2.

---

[53] Letter from Robert L. Quinn, Comm'r, NHDOS, to Robert Tefft (Feb. 13, 2026) (attached as Exhibit 12).

[54] *See* RSA 125-C:6(XII), 266:1, 266:1-a, 266:2, 266:5, 266:6, 260:6-a, 260:6-b.

[55] *See* RSA 266:1-a(II); N.H. Admin. Code §§ Saf-C 3202.23, Saf-C 3205.01-3205.06, Saf-C 3205.10, Saf-C 3209.02(a), Saf-C 3222.04(c), Saf-C 3222.08(g)-(h), Saf-C 3222.09(g)-(h), Saf-C 3209.01(d).

May 8, 2026
Page 12

As discussed above, New Hampshire must maintain an enhanced I/M program under the plain terms of the CAA, and EPA cannot approve a revised SIP that eliminates this program as set forth in HB2. But at a minimum, the State Officials have an obligation to continue implementing and enforcing New Hampshire's federally approved I/M program unless and until EPA approves such a revised SIP. For that reason, Gordon-Darby requests that New Hampshire, acting through the responsible State Officials, take immediate steps to resume implementation and enforcement of the I/M program codified in the State's applicable SIP and provide for its continued implementation and enforcement until such time as EPA approves a SIP providing for the amendment or repeal of that program. In the event that New Hampshire does not take such action, Gordon-Darby may, without further notice at any time after the 60th day from service of this letter, commence a civil action against the State Officials in their official capacities seeking any and all forms of relief as the court may find just and proper under the CAA, including declaratory and injunctive relief, as well as civil penalties, to compel New Hampshire through its responsible State Officials to comply with the requirements of its applicable SIP.

Sincerely,

Allison D. Wood
Andrew D. Knudsen
McGuireWoods LLP

Amy Manzelli
Andrian Lee
BCM Environmental & Land Law, PLLC

*Counsel for Gordon-Darby Holdings, Inc.*

cc:    (by certified mail)
       Lee Zeldin, Administrator, U.S. Environmental Protection Agency
       Mark Sanborn, Regional Administrator, EPA Region 1
       John Formella, New Hampshire Attorney General (courtesy copy)

# Notice Letter Exhibit 1



## REGION 1 ADMINISTRATOR

BOSTON, MA 02109

April 25, 2025

**SENT VIA ELECTRONIC MAIL**

Robert Scott, Commissioner
NH Department of Environmental Services
29 Hazen Drive, PO Box 95
Concord, NH 03302-0095
Robert.Scott@des.nh.gov

RE: New Hampshire Proposed Legislation - HB649

Dear Commissioner Scott:

EPA is providing information pursuant to your request for technical assistance on recently proposed legislation in the New Hampshire State Legislature to remove the annual inspection and testing requirements from New Hampshire's motor vehicle inspection and maintenance (I/M) program; specifically, House Bill (HB) 649.[1] If the proposed legislation is finalized, New Hampshire's motor vehicle I/M program will not be consistent with the I/M requirements under the Clean Air Act (CAA) nor with the State's current federally enforceable State Implementation Plan (SIP).

The CAA, 42 U.S.C. 7401, et seq., requires certain states to implement an Enhanced I/M program to ensure that light-duty motor vehicles with excessive emissions of certain air pollutants have their emissions control systems repaired. Section 182 of the CAA contains I/M program requirements for ozone nonattainment areas, and Section 184 of the CAA includes I/M requirements for states in the Ozone Transport Region (OTR). EPA regulations at 40 CFR part 51, subpart S, implement these provisions of the Act. As a result of having areas formerly designated nonattainment for ozone, and by virtue of its inclusion in the OTR, New Hampshire has implemented vehicle testing programs under the CAA requirements since 1999.

The current SIP-approved New Hampshire I/M program requires light-duty cars and trucks to undergo an annual emissions inspection, as required by the CAA and 40 CFR part 51, subpart S. The proposed HB 649 legislation, however, would remove this requirement. If this legislation passes, New Hampshire will not meet the CAA requirements for I/M programs.

---

[1] Proposed legislation can be accessed online at https://gc.nh.gov/bill_Status/billinfo.aspx?id=205&inflect=2.

Furthermore, we would evaluate the legislation to determine whether EPA should use its authority pursuant to CAA Section 179(a)(4) to issue a finding that the CAA I/M requirements of New Hampshire's currently approved State Implementation Plan are not being implemented. Issuance of such finding could result in the imposition of the sanctions listed in CAA Section 179(b) if the deficiency is not timely corrected. If the legislation—which, as explained above, is counter to the applicable statutory and regulatory requirements for I/M and to the state's federally-enforceable SIP – is adopted as proposed, New Hampshire would have significant challenges meeting its required SIP obligations and CAA regulatory requirements.

If you or your staff have any questions regarding this issue or if we can provide input on program changes that would comply with CAA requirements, please contact Lynne Hamjian at hamjian.lynne@epa.gov or (617) 918-1601.

Sincerely,

MARK SANBORN
Digitally signed by MARK SANBORN
Date: 2025.04.25 10:13:06 -04'00'

Mark Sanborn
Regional Administrator
EPA Region 1

cc:    Jessica Wilcox, NH DES
       Mike Fitzgerald, NH DES
       Craig Wright, NH DES
       Adam Crepeau, NH DES

# Notice Letter Exhibit 2



The State of New Hampshire
# Department of Environmental Services



### Robert R. Scott, Commissioner

February 10, 2025

The Honorable Thomas Walsh
Chair, Transportation Committee
Legislative Office Building
Concord, NH 03301

**Re: HB 649-FN, An Act** removing the requirement for physical safety inspections and on-board diagnostic tests for passenger vehicles and eliminating funding for the motor vehicle air pollution abatement fund.

Dear Chair Walsh and Members of the Committee:

Thank you for the opportunity to comment on behalf of the New Hampshire Department of Environmental Services (NHDES) regarding HB 649-FN which seeks to eliminate the motor vehicle safety and emissions inspection and repeal the Motor Vehicle Air Pollution Abatement Fund. NHDES takes no position on this bill but provides information for consideration by the General Court relative to the emissions portion of the annual inspection. NHDES does not address safety issues in our comments.

HB 649-FN proposes to repeal fifteen (15) New Hampshire Revised Statutes Annotated (RSAs) to eliminate the New Hampshire inspection program in its entirety. Chief amongst these is RSA 266:1 which requires all vehicles to undergo an annual inspection, including the On-Board Diagnostics (OBD) inspection as applicable.

Motor vehicles in New Hampshire account for half of the air pollution that causes the formation of ground level ozone, a respiratory irritant. New Hampshire is required to have the annual vehicle emissions inspection and maintenance (I/M) program, including OBD, because portions of the state have exceeded federal air quality standards for ozone and because we are in the federally designated Ozone Transport Region (OTR). OTR states include only those in the Northeast and Mid-Atlantic region of the country, and all OTR states are committed to programs that address ozone pollution, including vehicle emissions inspections.

Vehicle I/M programs, including New Hampshire's OBD inspection pursuant to RSA 266:59-b, paragraph III, are a proven way to reduce emissions from motor vehicles. NH's current program is the result of lengthy negotiations and settlement with EPA, by then Representative Jeb Bradley in his position as Chair of the House Science, Technology and Energy Committee, to avoid a more onerous and expensive tailpipe testing requirement.

The Honorable Thomas Walsh
Chair, House Transportation Committee
February 10, 2025

The federal Clean Air Act (CAA) requires states to submit an I/M State Implementation Plan (SIP) to the Environmental Protection Agency (EPA) defining programs that will be implemented to keep states compliant with federal air quality standards.   New Hampshire's federally approved vehicle I/M SIP submittal includes authorizing statutes and state administrative rules for implementing the current I/M program.   Therefore, upon approval of the SIP by EPA the current state statutes and state rules are federally enforceable and any revisions that change a requirement of the approved program will require submittal and approval of a revised SIP.  In April 2024, EPA approved a revision to New Hampshire's I/M SIP that incorporated updates to Department of Safety rules.  The timeline for EPA to review and act upon proposed changes to an approved SIP is generally 18 to 24 months from the date of submittal.  HB 649-FN would go into effect January 1, 2026, which does not provide sufficient time to complete the process. NHDES recommends that the committee consider effective date language similar to that proposed in SB 157-FN, section 3 to allow appropriate time for EPA review and response to such an major NH SIP action.

Should New Hampshire repeal or even alter the program requirements without obtaining EPA approval it could, if not rectified, subject the state to federal sanctions[1] up to and including loss of federal highway funds as provided under the CAA[2].  However, approval is not guaranteed, and HB 649-FN does not provide for this potential.

Additionally, EPA is authorized to take enforcement action against violators of federally approved SIPs and consequentially could impose even more stringent requirements.  The EPA Office of Inspector General (OIG) conducted an audit[3] on EPA's Inspection and Maintenance (I/M) Program requirements, evaluating compliance with the on-road testing requirement. Based on recommendations from the OIG audit EPA issues the March 2020 "Guidance for On-Road Testing Requirements for Enhanced Vehicle I/M Programs."[4]  Any major SIP revision involving New Hampshire's I/M program could result in more burdensome requirements, and the cost to implement such requirements are indeterminate.

Further, the anti-backsliding provisions of the CAA Section 110(I) prevent EPA from approving revisions to state SIPs that would weaken or eliminate emissions controls.  Therefore, any increase in emissions due to exemption of vehicles from inspection would need to be offset by corresponding reductions from other sectors.  Air quality modeling would need to be developed to determine those losses, and the burden of offsetting the added emissions would most likely fall on the business sector, including industries and utilities, with the potential to affect their

---

[1] EPA Sanctions: https://www.epa.gov/air-quality-implementation-plans/status-active-sanctions-clocks-under-clean-air-act
[2] CAA Section 110(m) and Section 179(a) and (b): http://epa.gov/oar/caa/title1.html#ia
[3] OIG evaluation of EPA I/M Program: https://www.epa.gov/office-inspector-general/report-collecting-additional-performance-data-states-would-help-epa-better
[4] EPA On-Road Testing Requirements:
https://nepis.epa.gov/Exe/ZyPDF.cgi/P100YQX8.PDF?Dockey=P100YQX8.PDF

2

The Honorable Thomas Walsh
Chair, House Transportation Committee
February 10, 2025

consumers. Additionally, citizen lawsuits[5] under CAA section 304 could pose unquantifiable, but potentially significant, costs for NHDES and NHDOJ to defend.

Thank you again for the opportunity to comment on HB 649-FN. Should you have further questions or need additional information please feel free to contact Jessica Wilcox, Technical Services Bureau Administrator (603-271-6749, jessica.wilcox@des.nh.gov) with NHDES' Air Resources Division.

Sincerely,

Robert R. Scott
Commissioner

ec:     Sponsors of HB 649-FN: Representatives Granger, Osborne, Harvey-Bolia, Sirois, Sellers, and Sabourin dit Choiniere.

---

[5] Citizen Suits, CAA Section 304: https://www.epa.gov/ogc/notices-intent-sue-us-environmental-protection-agency-epa

3

# Notice Letter Exhibit 3



The State of New Hampshire
## Department of Environmental Services

Robert R. Scott, Commissioner



March 31, 2025

The Honorable Daniel Innis
Chair, Senate Commerce Committee
State House, Concord, NH 03301

**Re:  HB 649-FN - An Act removing the requirement for physical safety inspections and on-board diagnostic tests for passenger vehicles and eliminating funding for the motor vehicle air pollution abatement fund.**

Dear Chair Innis and Members of the Committee:

Thank you for the opportunity to comment on behalf of the New Hampshire Department of Environmental Services (NHDES) regarding HB 649-FN which proposes to repeal fifteen (15) NH Revised Statutes Annotated (RSAs) with the objective of eliminating the annual motor vehicle safety and emissions inspection and maintenance (I/M) program in its entirety.  Chief amongst these is RSA 266:1 which requires all vehicles to undergo an annual inspection, including an On-Board Diagnostics (OBD) system check, as applicable.  Although NHDES is opposed to this legislation as written, we highlight issues and offer information for consideration by the General Court relative to the emissions portion of the program.  NHDES does not address the safety inspection issues in our comments.

**Required by federal law:** The federal Clean Air Act (CAA) Section 184, requires NH to have an I/M program, including the OBD check, because 1) portions of the state have exceeded federal air quality standards for ozone, a respiratory and cardiovascular health irritant, and 2) the state is located in the federally designated Ozone Transport Region (OTR)[1].  OTR states include those in the Northeast and Mid-Atlantic region of the country, and all OTR states are required to have programs that address ozone pollution, including vehicle I/M programs[2].  It should be noted this is a federal statutory requirement, not simply an EPA rule.

**EPA discretion is limited:** The CAA requires states to submit a motor vehicle I/M State Implementation Plan (SIP) to the Environmental Protection Agency (EPA) committing to the implementation of programs that will keep them compliant with federal air quality standards.  NH's federally approved I/M SIP submittal includes authorizing statutes and state administrative rules that are federally enforceable.  Any revisions that change a requirement of the approved I/M program will require federal review and approval of a revised SIP.  In April 2024, EPA approved a revision to NH's I/M SIP that incorporates minor changes to Department of Safety (DOS) rules.  HB 649-FN would take effect January 1, 2026, which does not provide

---

[1] Plan provisions for States in the OTR: https://www.govinfo.gov/content/pkg/USCODE-2013-title42/html/USCODE-2013-title42-chap85-subchapI-partD-subpart2-sec7511c.htm
[2] EPA Overview of Vehicle I/M Programs with map: https://nepis.epa.gov/Exe/ZyPDF.cgi?Dockey=P1013CC0.pdf

The Honorable Daniel Innis
Chair, Senate Commerce Committee
March 31, 2025

sufficient time for the state to process or EPA review and response to such a major NH SIP action. At a minimum the Department requests the effective date of the bill include language to condition the repeal of the emissions portion of the program on federal approvals.

**Potential for additional reductions and costly lawsuits:** The "anti-backsliding" provisions of the CAA Section 110(I) prevent EPA from approving revisions to state SIPs that would weaken emissions controls. Therefore, any increase in emissions due to exemption of vehicles from inspection would need to be offset by corresponding reductions from other sectors. Air quality modeling would need to be developed to determine those losses, and the burden of offsetting the added emissions would most likely fall on the business sector, including industries and utilities, with the potential to affect their consumers. Even if the EPA chose not to enforce this requirement, environmental advocates could sue under the citizen lawsuit[3] provision of the CAA Section 304 to require federal enforcement of the I/M requirements, which could pose unquantifiable, but potentially significant, costs to defend and rectify if the state does not prevail in those lawsuits.

**Current I/M program results from a compromise with EPA:** NH's current I/M program is the result of lengthy negotiations and settlement with EPA by NHDES, (then) Department of Safety Commissioner Richard Flynn, and (then) House Science, Technology, and Energy Committee Chair Jeb Bradley, to avoid a more onerous and costly tailpipe testing requirement (as strictly required by the CAA) in lieu of the less intrusive and lower cost electronic OBD system check. NH also agreed to require additional controls on the Merrimack Station power generation plant as part of the negotiation. This agreement was established into law in HB 1513 (1998).

**Program response to economic hardship:** Inspection reports are provided to consumers and promote the availability of economic hardship waivers. At the end of 2023, of the 1,053,453 tests performed, a total of only 62 economic hardship/time extension waivers were applied for and approved by the NH Department of Motor Vehicles (DMV). Notably, only 47 were actually used, indicating that most consumers can make necessary repairs which in many cases can save consumers money by avoiding more significant and expensive future failures. For example, a failed spark plug would trigger the "check engine light." If not repaired it could cause damage to the catalytic converter, which is very expensive to replace. Such replacement could be excluded from the warranty because the underlying cause, of which the consumer was alerted to, was not addressed.

**OBD system only identifies components that are related to emissions:** Under federal statute vehicle manufacturers must design their OBD systems so that only problems that will result in elevated emissions can trigger the "check engine" light and cause an OBD failure. For example, when a loose gas cap turns on the check engine light, it is the result of fuel vapors (hydrocarbons) being released into the atmosphere due to failure of the sealed Evaporative

---

[3] Citizen Suits, CAA Section 304: https://www.epa.gov/ogc/notices-intent-sue-us-environmental-protection-agency-epa

The Honorable Daniel Innis
Chair, Senate Commerce Committee
March 31, 2025

Emissions system which, when working, captures and reuses fuel vapors to reduce emissions. A faulty or missing gas cap can allow up to 22 gallons of fuel to evaporate into the air each year.

Thank you again for the opportunity to comment on HB 649-FN. Should you have further questions or need additional information please feel free to contact Jessica Wilcox, Technical Services Bureau Administrator (271-6749, jessica.wilcox@des.nh.gov) with NHDES' Air Resources Division.

Sincerely,

Robert R. Scott
Commissioner

ec:    Sponsors of HB 649-FN: Representatives Granger, Osborne, Harvey-Bolia, Sirois, Sellers, and Sabourin dit Choiniere.

# Notice Letter Exhibit 4



## State of New Hampshire

### DEPARTMENT OF SAFETY
### OFFICE OF THE COMMISSIONER
### 33 HAZEN DR. CONCORD, N.H. 03305
### 603-271-2791

ROBERT L. QUINN
COMMISSIONER OF SAFETY

September 16, 2025

**VIA CERTIFIED MAIL: 7022 1670 0003 0746 2731**
**and FIRST CLASS MAIL**
Mr. Robert Tefft, President
Gordon-Darby NHOST Services, Inc.
2410 Ampere Drive
Louisville, KY 40299

RE:     Termination of Contract, G&C Item #61 on March 27, 2019, and extended by
        Item #5 O, as approved November 13, 2024

Dear Mr. Tefft:

This letter is in reference to the above captioned contract between Gordon-Darby NHOST Services, Inc. and the State of New Hampshire, Department of Safety, Division of Motor Vehicles ("State"), executed and approved by Governor & Council (Item #61) on March 27, 2019  and extended by Governor and Council on November 13, 2024 (Item #5 O), referred to herein as "Agreement". The Agreement was entered into for the purpose of providing a computer-based system for all licensed New Hampshire Inspection Stations to facilitate motor vehicle safety inspections and accurate On-Board Diagnostics (OBD) testing, as required by New Hampshire laws, RSA 266:1 and RSA 266:59-b, respectively.

As you are aware, in the most recent legislative session, the Legislature has eliminated the State's motor vehicle inspection program, including OBD testing. In practice, on January 31, 2026, registered vehicles in New Hampshire will no longer be required to have annual safety inspections or OBD testing. This is 11 months short of the expiration of our Agreement.

While we have appreciated the professional partnership with Gordon-Darby NHOST Services, Inc., given the fact that the motor vehicle inspections program will soon be abolished, the State is exercising Part 2, Section 13.2 of the Agreement to Terminate For Convenience, effective January 31, 2026. Although Section 13.2 of the Agreement requires only 30-days written notice, I am sending you this notification of the State's intent to terminate the Agreement in order that we may develop a mutually agreeable work plan to wind down services, develop appropriate messaging, and discuss post-termination assistance from Gordon-Darby NHOST Services, Inc. with regards to State data.

TDD ACCESS: RELAY NH (7-1-1)

*Mr. Robert Tefft, President*
*Gordon-Darby NHOST Services, Inc.*
*09/16/25*
*Page 2*

I would like to personally thank you for the opportunity to work with you during our contract period.

Sincerely,

Robert L. Quinn

Enclosure

Cc:    Joel Unverzagt, President
       Gordon-Darby NHOST Services, Inc.
       10 Dunklee Road, Unit 22
       Bow, NH  03304.

# Notice Letter Exhibit 5



Robert L. Quinn
Commissioner of Safety

# State of New Hampshire

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4000  TDD Access Relay NH 7-1-1



John C. Marasco
Director of Motor Vehicles

November 19, 2025

Dear Valued Inspection Station,

The purpose of this letter is to advise that due to a recent law change which repealed the State Inspection Program, NH Licensed Inspection Stations will no longer be authorized or required to perform vehicle safety or emissions inspections after January 31, 2026. This law change includes the discontinuation of both annual safety inspections and on-board diagnostics (OBD) emissions testing. Please note that all New Hampshire safety and emissions inspection requirements will remain in place through January 31, 2026.

Licensed inspection stations must continue to be fully equipped and staffed to perform these inspections in compliance with all applicable laws and regulations until the State's program officially ends, and stations will continue to be responsible for conducting inspections, issuing valid stickers, and following all operational and reporting procedures up to and including on January 31, 2026.  Additionally, registered owners are still obligated to have their vehicles inspected as scheduled during this period.

## State Issued Inspection Supplies

All inspection stations must return any used and unused inspection stickers purchased directly from the Division of Motor Vehicles by February 28, 2026. Stickers should be returned in their original condition. Returns must be submitted either in person at one of the DMV locations or by mail to the address below. Any unused inspection stickers returned to the Division of Motor Vehicles by the February 28, 2026, deadline will be credited to the business's DMV account. If a station prefers to receive a refund instead of a credit, a written request must be submitted along with the returned stickers. The written request should include the business name, station number, contact information, and a clear statement requesting a refund in place of credit. Refunds will be processed in accordance with state financial procedures and may take several weeks to complete.

**Please mail to:**
**Division of Motor Vehicles**
**Attn: Dealer Desk**
**23 Hazen Dr**
**Concord, NH 03305**

Please feel free to contact the NH DMV Dealer Desk at 603-227-4120 if you have any questions.

**<u>Gordon-Darby Issued Supplies and Machines</u>**

Gordon-Darby asks that you retain the NHOST equipment on site until a formal recovery or disposal plan is established. This ensures that the transition process can occur efficiently and with minimal disruption. Gordon-Darby expects to have additional on-site resources in New Hampshire to assist stations and coordinate the close-out process after January 31, 2026.

Please feel free to contact Gordon-Darby with any questions 1-800-383-4124

Thank you,

*John C. Marasco*

John C. Marasco

# Notice Letter Exhibit 6



# State of New Hampshire

**DEPARTMENT OF SAFETY**
**OFFICE OF THE COMMISSIONER**
33 HAZEN DR. CONCORD, N.H. 03305
603-271-2791

ROBERT L. QUINN
COMMISSIONER OF SAFETY

January 30, 2026

Robert Tefft, President
Gordon-Darby NHOST Services, Inc.
2410 Ampere Drive
Louisville, KY 40299

      RE: Status of Contract - G&C Item #61 on March 27, 2019, and extended by Item #5 O, as approved November 13, 2024

Dear Mr. Tefft:

This letter is in reference to the above captioned contract between Gordon-Darby NHOST Services, Inc. and the State of New Hampshire, Department of Safety, Division of Motor Vehicles ("Department"), executed and approved by Governor & Council (Item #61) on March 27, 2019, and extended by Governor and Council on November 13, 2024 (Item #5 O), referred to herein as "Agreement." On September 16, 2025, in light of the Legislature's repeal of the State's motor vehicle inspection program, including OBD testing, the Department sent a letter notifying you of its intent to terminate the Agreement effective January 31, 2026 ("Notice").

As you are aware, on January 27, 2026, the United States District Court for the District of New Hampshire issued a preliminary injunction requiring continuation of the vehicle inspection program. Specifically, the Court enjoined "any action to terminate, suspend, or otherwise cease implementation or enforcement of the State of New Hampshire's vehicle inspection and maintenance program," and ordered the Department to "take all steps necessary to resume and ensure the continued implementation and enforcement of the State of New Hampshire's vehicle inspection and maintenance program, as codified in New Hampshire's federally approved state implementation plan."

Consistent with the Court's order, the Department is taking all available steps necessary to preserve the program. In an effort to comply with the Court's Order, the Department intends to seek authority to modify the effective date of the Notice to extend the Agreement and allow the continuation of the inspection and maintenance program. The Department understands such an extension requires the approval of the New Hampshire Governor and Executive Council and will be submitting a request for retroactive approval of an extension in the near future.

In the meantime, the State will be announcing that the vehicle inspection program and maintenance program will remain in effect after January 31, 2026, until further notice. Gordon-Darby NHOST Services, Inc. may continue to operate the State's program and continue to work with licensed inspection stations until such time that the Governor and Council votes on the Department's request to revise the termination date contained within the Notice retroactive to January 31, 2026, and until the new termination date for the Agreement set forth in the Governor and Council approval if such approval is successfully obtained.

We appreciate your cooperation while this matter is addressed.

Sincerely,

Robert L. Quinn
Commissioner

Enclosure

# Notice Letter Exhibit 7

## NEWS RELEASE

| | |
|---|---|
| Released by: | John M. Formella, Attorney General |
| | Robert L. Quinn, Commissioner, Department of Safety |
| Subject: | Public Guidance on Vehicle Inspection Program Status |
| Date: | January 30, 2026 |
| Contact: | Michael S. Garrity, Director of Communications |
| | Michael.S.Garrity@doj.nh.gov | (603) 931-9375 |

Concord, NH - The New Hampshire Department of Justice and Department of Safety are providing an update on the state's vehicle inspection program following a federal court order issued on January 27, 2026:

- **The federal court has ordered a continuation of the state vehicle inspection program. The State intends to appeal this court order.**
- **In the interim, due to the public's reasonable expectation that the program was ending on January 31, 2026, the Department of Safety is extending the deadline to obtain a state inspection to April 10, 2026, for any vehicle with an inspection that expires prior to March 2026.**
- **A request to extend a contract to continue operation of the program is anticipated to be considered by the Executive Council in the near future.**
- **Further guidance will be provided as this situation continues to develop.**

Under state law passed last year, New Hampshire's required vehicle inspection program was scheduled to end on January 31, 2026. However, before that change took effect, a federal court ordered the State to keep the inspection program in place for now. As a result, the vehicle inspection program will continue after January 31, 2026.

The State disagrees with the court's preliminary injunction, plans to appeal the court's decision, and will seek to pause the ruling while the appeal is underway. In addition, future legislative action or court developments could change the status of the inspection program.

We understand that these changes may be confusing or frustrating for New Hampshire drivers. If there are any updates, the State will share new guidance at www.dmv.nh.gov and will work to provide additional flexibility where appropriate.

### ###

# Notice Letter Exhibit 8



**ROBERT L. QUINN**
**COMMISSIONER**

# State of New Hampshire

DEPARTMENT OF SAFETY
JAMES H. HAYES BLDG. 33 HAZEN DR.
CONCORD, N.H. 03305
(603) 271-2791

1

FEB 04 2026

**EDDIE EDWARDS**
**ASSISTANT COMMISSIONER**

**STEVEN R. LAVOIE**
**ASSISTANT COMMISSIONER**

February 3, 2026

Her Excellency, Governor Kelly A. Ayotte
 and the Honorable Council
State House
Concord, New Hampshire 03301

### REQUESTED ACTION

The Department of Safety ("Department") requests retroactive authorization to amend the Department's September 16, 2025 notice of intent to terminate its agreement between the State and Gordon-Darby NHOST Services, Inc., effective January 31, 2026, by extending the termination date by 60 days from January 31, 2026 to April 1, 2026.

### EXPLANATION

The State entered into an agreement with Gordon-Darby NHOST Services, Inc., with Governor and Executive Council approval, on March 27, 2019 (Item #61). The agreement was extended, with Governor and Executive Council approval, on November 13, 2024 (Item #5 O) (collectively, the "Agreement"). The Agreement was for the purpose of implementing the State's motor vehicle inspection program. In light of the Legislature's repeal of the State's motor vehicle inspection program effective January 31, 2026, including on-board diagnostic testing, the Department, on September 16, 2025, issued Gordon-Darby NHOST Services, Inc. a notice of intent to terminate the agreement effective January 31, 2026. The new termination date was thus January 31, 2026.

On January 27, 2026, the United States District Court for the District of New Hampshire issued a preliminary injunction requiring continuation of the motor vehicle inspection program. Specifically, the Court enjoined "any action to terminate, suspend, or otherwise cease implementation or enforcement of the State of New Hampshire's vehicle inspection and maintenance program," and ordered the Department to "take all steps necessary to resume and ensure the continued implementation and enforcement of the State of New Hampshire's vehicle inspection and maintenance program, as codified in New Hampshire's federally approved state implementation plan."

Consistent with the Court's Order and to ensure continuity of motor vehicle inspection vendor service, the Department is hereby requesting that the Governor and Executive Council retroactively extend the Agreement termination date by 60 days from January 31, 2026 to April 1, 2026.

Respectfully submitted,

Robert L. Quinn
Commissioner of Safety

# Notice Letter Exhibit 9

GOVERNOR AND EXECUTIVE COUNCIL MINUTES
State House, Concord, NH
February 4, 2026, 2:00 p.m.
*Special Meeting*

The Governor and Executive Council convened at 2:05 p.m. with Councilors Kenney, Liot Hill, Stephen and Wheeler present in person, and Councilor Stevens was present via telephone.

\*

Today's pre-meeting ceremonial items included:

- Councilor Wheeler offered a prayer
- Councilor Kenney led the Pledge of Allegiance

### DEPARTMENT OF SAFETY

#1    **FAILED** - The Governor and Council on motion of Councilor Stephen, seconded by Councilor Liot Hill, voted to adopt this item for the purpose of discussion.  Following discussion, with Councilors Kenney, Stephen, and Wheeler voting **no**, the Governor and Council **failed** to approve the request to **retroactively** amend the Department's September 16, 2025 notice of intent to terminate its agreement between the State and Gordon-Darby NHOST Services, Inc by extending the termination date by 60 days from  January 31, 2026 to April 1, 2026.

\*

The next regular Governor and Executive Council meeting is scheduled for Wednesday February 11, 2026 at 10:00 a.m. at the State House, Concord, NH.

The Honorable Board then adjourned at 3:40 p.m.

\*

Minutes taken by Kaley Dion, Assistant Secretary of State

# Notice Letter Exhibit 10

## NEWS RELEASE

| | |
|---|---|
| Released by: | John M. Formella, Attorney General |
| | Robert L. Quinn, Commissioner, Department of Safety |
| Subject: | Vehicle Inspection Program Public Guidance |
| Date: | February 13, 2026 |
| Contact: | Michael S. Garrity, Director of Communications |
| | Michael.S.Garrity@doj.nh.gov / (603) 931-9375 |

Concord, NH - The New Hampshire Department of Justice and Department of Safety are providing a further update on the state's vehicle inspection program in response to the federal District Court's January 27, 2026 preliminary injunction order:

- **The vehicle inspection program is suspended until further notice.**
- **Inspection stations will no longer be authorized to issue state inspection stickers and vehicles will not be required to obtain an annual state inspection at this time.**
- **Drivers are still responsible under current law to ensure that any vehicle driven in New Hampshire is safe to operate, regardless of the status of the inspection program**

Following the Executive Council's denial of the Department of Safety's request to extend the termination date of the State's vehicle inspection contract with Gordon-Darby NHOST, Inc, the State currently has no approved vendor to operate the State's vehicle inspection program. As a result, and after careful review of the legal implications under current state statutes of the lack of an approved vendor, the vehicle inspection program is suspended until further notice. Inspection stations will no longer be authorized to issue state inspection stickers and vehicles will not be required to obtain an annual state inspection at this time.

The Department of Safety and the Department of Environmental Services are exploring all options to continue to comply with the Court's order but currently lack the legal authority to operate a vehicle inspection program given that there is no approved vendor for the program. In addition, the State is continuing to seek relief from the Court's order and has filed a Notice of Appeal to the First Circuit Court of Appeals as well as a motion requesting that the Court stay its preliminary injunction order. While the vehicle inspection program is currently suspended, the status of the program remains subject to change as the legal landscape continues to evolve. The State will update its public guidance on vehicle inspections as more information becomes available and will provide additional regulatory flexibility as needed in the event of future changes, including further deadline extensions should the program resume.

At this time, the public is reminded that they are responsible under current law to ensure that any vehicle driven in New Hampshire is safe to operate, regardless of the status of the inspection program. Vehicle safety requirements are set forth in New Hampshire Revised Statutes Annotated (RSA) Chapter 266.

# Notice Letter Exhibit 11



# State of New Hampshire

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4000 TDD Access Relay NH 7-1-1



Robert L. Quinn
Commissioner of Safety

John C. Marasco
Director of Motor Vehicles

February 13, 2026

Dear Valued Inspection Station,

Despite the repeal of various provisions of N.H. Rev. Stat. Ann. ch. 266 on January 31, 2026 relating to the State's motor vehicle inspection program, the United States District Court for the District of New Hampshire issued a preliminary injunction order on January 27, 2026 prohibiting the Department from taking any action to cease implementation and enforcement of the inspection program and requiring the Department to take all necessary steps to resume and ensure continued operation of the inspection program. In accordance with this order, the Department requested an extension of Gordon-Darby NHOST Services, Inc.'s ("Gordon-Darby") contract with the State for sixty days so Gordon-Darby could continue as the State's vendor and implement the inspection program at each of the inspection stations. On February 4, 2026, the Executive Council denied the extension of Gordon-Darby's contract. As such, the State is presently without a vendor authorized to perform the inspection program.

As a result of the repeal of authorizing legislation and the Executive Council's denial of an extension to the current inspection program vendor, the Department is suspending the State's vehicle inspection program until further notice. Therefore, you are advised that, consistent with our guidance issued on November 19, 2025, licensed inspection stations are no longer authorized to perform State mandated motor vehicle inspections at this time. Effective immediately, inspection stations must cease to offer "State" inspections and shall not issue state inspection stickers. Given the fluctuations of the present litigation and other factors, this direction may be revised at a later date. The Department will continue to provide more information or direction to the licensed inspection stations as it becomes available.

As further clarification, repair stations and others so equipped and enabled, may continue to offer vehicle inspection services and emissions testing services consistent with RSA 266:59-b at their own discretion. Such services, however, shall not be marketed as "State" inspections and no State inspection sticker shall be supplied as a result of such non-State mandated vehicle or emissions inspection services.

## State Issued Inspection Supplies

All licensed inspection stations must return any used and unused inspection stickers purchased directly from the Division of Motor Vehicles by April 30, 2026. Stickers should be returned in their original condition. Returns must be submitted either in person at one of the DMV locations or by mail to the address below.



# State of New Hampshire

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4000 TDD Access Relay NH 7-1-1



Robert L. Quinn
Commissioner of Safety

John C. Marasco
Director of Motor Vehicles

Any unused inspection stickers returned to the DMV by April 30, 2026, deadline will be credited to the business's DMV account. If a station prefers to receive a refund instead of a credit, a written request must be submitted along with the returned stickers. The written request should include the business name, station number, contact information, and a clear statement requesting a refund in place of credit. Refunds will be processed in accordance with state financial procedures and may take several weeks to complete.

**Please mail to:**

**Division of Motor Vehicles**
**Attn: Dealer Desk**
**23 Hazen Dr**
**Concord, NH 03305**

Please feel free to contact the NH DMV Dealer Desk at 603-227-4120 if you have any questions. Questions related to Gordon-Darby issued supplies and machines may be directed to Gordon-Darby at 1-800-383-4124.

Thank you,

*John C. Marasco*

John C. Marasco

# Notice Letter Exhibit 12



**State of New Hampshire**

DEPARTMENT OF SAFETY
OFFICE OF THE COMMISSIONER
33 HAZEN DR. CONCORD, N.H. 03305
603-271-2791

ROBERT L. QUINN
COMMISSIONER OF SAFETY

February 13, 2026

Robert Tefft, President
Gordon-Darby NHOST Services, Inc.
2410 Ampere Drive
Louisville, KY 40299

RE: Cancellation of Contract - G&C Item #61 on March 27, 2019, and extended by Item #5 O, as approved November 13, 2024

Dear Mr. Tefft:

This letter is in reference to the above captioned contract between Gordon-Darby NHOST Services, Inc. ("Gordon-Darby") and the State of New Hampshire, Department of Safety, Division of Motor Vehicles ("Department"), executed and approved by Governor & Council (Item #61) on March 27, 2019, and extended by Governor and Council on November 13, 2024 (Item #5 O), referred to herein as "Agreement." As stated in my prior letter of February 4, 2026, the Executive Council denied the Department's request to extend the Agreement resulting in termination of the Agreement effective January 31, 2026, pursuant to the September 16, 2025 Notice of Termination.

As a result, we are providing this further notice that Gordon-Darby is no longer authorized to continue performing the services set out in the Agreement or to operate the State's vehicle inspection program. At this time, the Department is suspending the vehicle inspection program and is instructing inspection stations that they are no longer authorized to perform state inspections or issue state inspection stickers until further notice.

Gordon-Darby is further instructed to comply with the termination procedures set forth in Part 2, Section 13.4 of the Agreement based on the Department's termination of the Agreement for convenience. While the State's vehicle inspection program is suspended until further notice, Gordon-Darby remains free to deploy its equipment and enter into business relationships with former New Hampshire inspection stations provided they do not purport to be offering State-mandated or State-sanctioned emissions inspections or otherwise relate to or rely on the terminated Agreement.

Communications necessary to fulfill the termination procedures and develop a mutually agreeable work plan with regards to State data should be directed to DMV Deputy Director Melissa Reilly Melissa.J.Reilly@DOS.NH.GOV.

Sincerely,

Robert L. Quinn

Cc:    Joel Unverzagt, President
       Gordon-Darby NHOST Services, Inc.
       10 Dunklee Road, Unit 22
       Bow, NH 03304

TDD ACCESS: RELAY NH (7-1-1)

# EXHIBIT 3

Emissions in thousands of tons

| State FIPS | State | Tier 1 Code | Tier 1 Description | Pollutant | emissions2024 |
|---|---|---|---|---|---|
| 33 | NH | 01 | Fuel Comb. Elec. Util. | NOX | 0.864305234 |
| 33 | NH | 02 | Fuel Comb. Industrial | NOX | 0.99992049 |
| 33 | NH | 03 | Fuel Comb. Other | NOX | 4.428432762 |
| 33 | NH | 04 | Chemical & Allied Product Mfg | NOX | 0 |
| 33 | NH | 05 | Metals Processing | NOX | 0 |
| 33 | NH | 06 | Petroleum & Related Industries | NOX | |
| 33 | NH | 07 | Other Industrial Processes | NOX | 0.011811661 |
| 33 | NH | 08 | Solvent Utilization | NOX | 0 |
| 33 | NH | 09 | Storage & Transport | NOX | 0 |
| 33 | NH | 10 | Waste Disposal & Recycling | NOX | 0.776364391 |
| **33** | **NH** | **11** | **Highway Vehicles** | **NOX** | **4.980248141** |
| 33 | NH | 12 | Off-Highway | NOX | 3.960724579 |
| 33 | NH | 14 | Miscellaneous | NOX | 0.021948053 |
| 33 | NH | 15 | Wildfires | NOX | 0.001294092 |
| 33 | NH | 16 | Prescribed fires | NOX | 0.018920079 |
| | | | **Total NH NOx Emissions** | | **16.06396948** |
| | | | | | |
| 33 | NH | 01 | Fuel Comb. Elec. Util. | VOC | 0.025957364 |
| 33 | NH | 02 | Fuel Comb. Industrial | VOC | 0.05124922 |
| 33 | NH | 03 | Fuel Comb. Other | VOC | 10.47219453 |
| 33 | NH | 04 | Chemical & Allied Product Mfg | VOC | 0 |
| 33 | NH | 05 | Metals Processing | VOC | 0 |
| 33 | NH | 06 | Petroleum & Related Industries | VOC | |
| 33 | NH | 07 | Other Industrial Processes | VOC | 0.255749776 |
| 33 | NH | 08 | Solvent Utilization | VOC | 9.361710182 |
| 33 | NH | 09 | Storage & Transport | VOC | 1.048603722 |
| 33 | NH | 10 | Waste Disposal & Recycling | VOC | 1.420639417 |
| **33** | **NH** | **11** | **Highway Vehicles** | **VOC** | **4.069035283** |
| 33 | NH | 12 | Off-Highway | VOC | 6.715725189 |
| 33 | NH | 14 | Miscellaneous | VOC | 0.632366267 |
| 33 | NH | 15 | Wildfires | VOC | 0.014424089 |
| 33 | NH | 16 | Prescribed fires | VOC | 0.289216638 |
| | | | **Total NH VOC Emissions** | | **34.35687168** |

# EXHIBIT 4



**State of New Hampshire**

**DEPARTMENT OF SAFETY**
**OFFICE OF THE COMMISSIONER**
**33 HAZEN DR. CONCORD, N.H. 03305**
**603-271-2791**

ROBERT L. QUINN
COMMISSIONER OF SAFETY

September 16, 2025

**VIA CERTIFIED MAIL:  7022 1670 0003 0746 2731**
**and FIRST CLASS MAIL**
Mr. Robert Tefft, President
Gordon-Darby NHOST Services, Inc.
2410 Ampere Drive
Louisville, KY 40299

RE:    **Termination of Contract, G&C Item #61 on March 27, 2019, and extended by**
       **Item #5 O, as approved November 13, 2024**

Dear Mr. Tefft:

This letter is in reference to the above captioned contract between Gordon-Darby NHOST Services, Inc. and the State of New Hampshire, Department of Safety, Division of Motor Vehicles ("State"), executed and approved by Governor & Council (Item #61) on March 27, 2019   and extended by Governor and Council on November 13, 2024 (Item #5 O), referred to herein as "Agreement". The Agreement was entered into for the purpose of providing a computer-based system for all licensed New Hampshire Inspection Stations to facilitate motor vehicle safety inspections and accurate On-Board Diagnostics (OBD) testing, as required by New Hampshire laws, RSA 266:1 and RSA 266:59-b, respectively.

As you are aware, in the most recent legislative session, the Legislature has eliminated the State's motor vehicle inspection program, including OBD testing. In practice, on January 31, 2026, registered vehicles in New Hampshire will no longer be required to have annual safety inspections or OBD testing. This is 11 months short of the expiration of our Agreement.

While we have appreciated the professional partnership with Gordon-Darby NHOST Services, Inc., given the fact that the motor vehicle inspections program will soon be abolished, the State is exercising Part 2, Section 13.2 of the Agreement to Terminate For Convenience, effective January 31, 2026. Although Section 13.2 of the Agreement requires only 30-days written notice, I am sending you this notification of the State's intent to terminate the Agreement in order that we may develop a mutually agreeable work plan to wind down services, develop appropriate messaging, and discuss post-termination assistance from Gordon-Darby NHOST Services, Inc. with regards to State data.

*Mr. Robert Tefft, President*
*Gordon-Darby NHOST Services, Inc.*
*09/16/25*
*Page 2*

I would like to personally thank you for the opportunity to work with you during our contract period.

Sincerely,

Robert L. Quinn

Enclosure

Cc:    Joel Unverzagt, President
       Gordon-Darby NHOST Services, Inc.
       10 Dunklee Road, Unit 22
       Bow, NH  03304.

# EXHIBIT 5



Robert L. Quinn
Commissioner of Safety

# State of New Hampshire

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4000  TDD Access Relay NH 7-1-1



John C. Marasco
Director of Motor Vehicles

November 19, 2025

Dear Valued Inspection Station,

The purpose of this letter is to advise that due to a recent law change which repealed the State Inspection Program, NH Licensed Inspection Stations will no longer be authorized or required to perform vehicle safety or emissions inspections after January 31, 2026. This law change includes the discontinuation of both annual safety inspections and on-board diagnostics (OBD) emissions testing. Please note that all New Hampshire safety and emissions inspection requirements will remain in place through January 31, 2026.

Licensed inspection stations must continue to be fully equipped and staffed to perform these inspections in compliance with all applicable laws and regulations until the State's program officially ends, and stations will continue to be responsible for conducting inspections, issuing valid stickers, and following all operational and reporting procedures up to and including on January 31, 2026.  Additionally, registered owners are still obligated to have their vehicles inspected as scheduled during this period.

## State Issued Inspection Supplies

All inspection stations must return any used and unused inspection stickers purchased directly from the Division of Motor Vehicles by February 28, 2026. Stickers should be returned in their original condition. Returns must be submitted either in person at one of the DMV locations or by mail to the address below. Any unused inspection stickers returned to the Division of Motor Vehicles by the February 28, 2026, deadline will be credited to the business's DMV account. If a station prefers to receive a refund instead of a credit, a written request must be submitted along with the returned stickers. The written request should include the business name, station number, contact information, and a clear statement requesting a refund in place of credit. Refunds will be processed in accordance with state financial procedures and may take several weeks to complete.

**Please mail to:**
**Division of Motor Vehicles**
**Attn: Dealer Desk**
**23 Hazen Dr**
**Concord, NH 03305u**

Please feel free to contact the NH DMV Dealer Desk at 603-227-4120 if you have any questions.

**<u>Gordon-Darby Issued Supplies and Machines</u>**

Gordon-Darby asks that you retain the NHOST equipment on site until a formal recovery or disposal plan is established. This ensures that the transition process can occur efficiently and with minimal disruption. Gordon-Darby expects to have additional on-site resources in New Hampshire to assist stations and coordinate the close-out process after January 31, 2026.

Please feel free to contact Gordon-Darby with any questions 1-800-383-4124

Thank you,

*John C. Marasco*

John C. Marasco

# EXHIBIT 6



**State of New Hampshire**

DEPARTMENT OF SAFETY
OFFICE OF THE COMMISSIONER
33 HAZEN DR. CONCORD, N.H. 03305
603-271-2791

ROBERT L. QUINN
COMMISSIONER OF SAFETY

January 30, 2026

Robert Tefft, President
Gordon-Darby NHOST Services, Inc.
2410 Ampere Drive
Louisville, KY 40299

> RE: Status of Contract - G&C Item #61 on March 27, 2019, and extended by Item #5 O, as approved November 13, 2024

Dear Mr. Tefft:

This letter is in reference to the above captioned contract between Gordon-Darby NHOST Services, Inc. and the State of New Hampshire, Department of Safety, Division of Motor Vehicles ("Department"), executed and approved by Governor & Council (Item #61) on March 27, 2019, and extended by Governor and Council on November 13, 2024 (Item #5 O), referred to herein as "Agreement." On September 16, 2025, in light of the Legislature's repeal of the State's motor vehicle inspection program, including OBD testing, the Department sent a letter notifying you of its intent to terminate the Agreement effective January 31, 2026 ("Notice").

As you are aware, on January 27, 2026, the United States District Court for the District of New Hampshire issued a preliminary injunction requiring continuation of the vehicle inspection program. Specifically, the Court enjoined "any action to terminate, suspend, or otherwise cease implementation or enforcement of the State of New Hampshire's vehicle inspection and maintenance program," and ordered the Department to "take all steps necessary to resume and ensure the continued implementation and enforcement of the State of New Hampshire's vehicle inspection and maintenance program, as codified in New Hampshire's federally approved state implementation plan."

Consistent with the Court's order, the Department is taking all available steps necessary to preserve the program. In an effort to comply with the Court's Order, the Department intends to seek authority to modify the effective date of the Notice to extend the Agreement and allow the continuation of the inspection and maintenance program. The Department understands such an extension requires the approval of the New Hampshire Governor and Executive Council and will be submitting a request for retroactive approval of an extension in the near future.

In the meantime, the State will be announcing that the vehicle inspection program and maintenance program will remain in effect after January 31, 2026, until further notice. Gordon-Darby NHOST Services, Inc. may continue to operate the State's program and continue to work with licensed inspection stations until such time that the Governor and Council votes on the Department's request to revise the termination date contained within the Notice retroactive to January 31, 2026, and until the new termination date for the Agreement set forth in the Governor and Council approval if such approval is successfully obtained.

We appreciate your cooperation while this matter is addressed.

Sincerely,

Robert L. Quinn
Commissioner

Enclosure

# EXHIBIT 7

## <u>NEWS RELEASE</u>

Released by:        John M. Formella, Attorney General
                             Robert L. Quinn, Commissioner, Department of Safety

Subject:           Public Guidance on Vehicle Inspection Program Status

Date:              January 30, 2026

Contact:           Michael S. Garrity, Director of Communications
                             Michael.S.Garrity@doj.nh.gov | (603) 931-9375

Concord, NH - The New Hampshire Department of Justice and Department of Safety are providing an update on the state's vehicle inspection program following a federal court order issued on January 27, 2026:

- **The federal court has ordered a continuation of the state vehicle inspection program. The State intends to appeal this court order.**
- **In the interim, due to the public's reasonable expectation that the program was ending on January 31, 2026, the Department of Safety is extending the deadline to obtain a state inspection to April 10, 2026, for any vehicle with an inspection that expires prior to March 2026.**
- **A request to extend a contract to continue operation of the program is anticipated to be considered by the Executive Council in the near future.**
- **Further guidance will be provided as this situation continues to develop.**

Under state law passed last year, New Hampshire's required vehicle inspection program was scheduled to end on January 31, 2026. However, before that change took effect, a federal court ordered the State to keep the inspection program in place for now. As a result, the vehicle inspection program will continue after January 31, 2026.

The State disagrees with the court's preliminary injunction, plans to appeal the court's decision, and will seek to pause the ruling while the appeal is underway. In addition, future legislative action or court developments could change the status of the inspection program.

We understand that these changes may be confusing or frustrating for New Hampshire drivers. If there are any updates, the State will share new guidance at **www.dmv.nh.gov** and will work to provide additional flexibility where appropriate.

###

# EXHIBIT 8



# State of New Hampshire

FEB 04 2026

**ROBERT L. QUINN
COMMISSIONER**

DEPARTMENT OF SAFETY
JAMES H. HAYES BLDG. 33 HAZEN DR.
CONCORD, N.H. 03305
(603) 271-2791

**EDDIE EDWARDS
ASSISTANT COMMISSIONER**

**STEVEN R. LAVOIE
ASSISTANT COMMISSIONER**

February 3, 2026

Her Excellency, Governor Kelly A. Ayotte
and the Honorable Council
State House
Concord, New Hampshire 03301

## REQUESTED ACTION

The Department of Safety ("Department") requests retroactive authorization to amend the Department's September 16, 2025 notice of intent to terminate its agreement between the State and Gordon-Darby NHOST Services, Inc., effective January 31, 2026, by extending the termination date by 60 days from January 31, 2026 to April 1, 2026.

## EXPLANATION

The State entered into an agreement with Gordon-Darby NHOST Services, Inc., with Governor and Executive Council approval, on March 27, 2019 (Item #61). The agreement was extended, with Governor and Executive Council approval, on November 13, 2024 (Item #5 O) (collectively, the "Agreement"). The Agreement was for the purpose of implementing the State's motor vehicle inspection program. In light of the Legislature's repeal of the State's motor vehicle inspection program effective January 31, 2026, including on-board diagnostic testing, the Department, on September 16, 2025, issued Gordon-Darby NHOST Services, Inc. a notice of intent to terminate the agreement effective January 31, 2026. The new termination date was thus January 31, 2026.

On January 27, 2026, the United States District Court for the District of New Hampshire issued a preliminary injunction requiring continuation of the motor vehicle inspection program. Specifically, the Court enjoined "any action to terminate, suspend, or otherwise cease implementation or enforcement of the State of New Hampshire's vehicle inspection and maintenance program," and ordered the Department to "take all steps necessary to resume and ensure the continued implementation and enforcement of the State of New Hampshire's vehicle inspection and maintenance program, as codified in New Hampshire's federally approved state implementation plan."

Consistent with the Court's Order and to ensure continuity of motor vehicle inspection vendor service, the Department is hereby requesting that the Governor and Executive Council retroactively extend the Agreement termination date by 60 days from January 31, 2026 to April 1, 2026.

Respectfully submitted,

Robert L. Quinn
Commissioner of Safety

# EXHIBIT 9

GOVERNOR AND EXECUTIVE COUNCIL MINUTES
State House, Concord, NH
February 4, 2026, 2:00 p.m.
*Special Meeting*

The Governor and Executive Council convened at 2:05 p.m. with Councilors Kenney, Liot Hill, Stephen and Wheeler present in person, and Councilor Stevens was present via telephone.

*

Today's pre-meeting ceremonial items included:

- Councilor Wheeler offered a prayer
- Councilor Kenney led the Pledge of Allegiance

### DEPARTMENT OF SAFETY

#1     **FAILED** - The Governor and Council on motion of Councilor Stephen, seconded by Councilor Liot Hill, voted to adopt this item for the purpose of discussion.  Following discussion, with Councilors Kenney, Stephen, and Wheeler voting **no**, the Governor and Council **failed** to approve the request to **retroactively** amend the Department's September 16, 2025 notice of intent to terminate its agreement between the State and Gordon-Darby NHOST Services, Inc by extending the termination date by 60 days from  January 31, 2026 to April 1, 2026.

*

The next regular Governor and Executive Council meeting is scheduled for Wednesday February 11, 2026 at 10:00 a.m. at the State House, Concord, NH.

The Honorable Board then adjourned at 3:40 p.m.

*

Minutes taken by Kaley Dion, Assistant Secretary of State

Page **1** of **1**

# EXHIBIT 10

**NEWS RELEASE**

| | |
|---|---|
| Released by: | John M. Formella, Attorney General |
| | Robert L. Quinn, Commissioner, Department of Safety |
| Subject: | Vehicle Inspection Program Public Guidance |
| Date: | February 13, 2026 |
| Contact: | Michael S. Garrity, Director of Communications |
| | Michael.S.Garrity@doj.nh.gov / (603) 931-9375 |

Concord, NH - The New Hampshire Department of Justice and Department of Safety are providing a further update on the state's vehicle inspection program in response to the federal District Court's January 27, 2026 preliminary injunction order:

- **The vehicle inspection program is suspended until further notice.**
- **Inspection stations will no longer be authorized to issue state inspection stickers and vehicles will not be required to obtain an annual state inspection at this time.**
- **Drivers are still responsible under current law to ensure that any vehicle driven in New Hampshire is safe to operate, regardless of the status of the inspection program**

Following the Executive Council's denial of the Department of Safety's request to extend the termination date of the State's vehicle inspection contract with Gordon-Darby NHOST, Inc, the State currently has no approved vendor to operate the State's vehicle inspection program. As a result, and after careful review of the legal implications under current state statutes of the lack of an approved vendor, the vehicle inspection program is suspended until further notice. Inspection stations will no longer be authorized to issue state inspection stickers and vehicles will not be required to obtain an annual state inspection at this time.

The Department of Safety and the Department of Environmental Services are exploring all options to continue to comply with the Court's order but currently lack the legal authority to operate a vehicle inspection program given that there is no approved vendor for the program. In addition, the State is continuing to seek relief from the Court's order and has filed a Notice of Appeal to the First Circuit Court of Appeals as well as a motion requesting that the Court stay its preliminary injunction order. While the vehicle inspection program is currently suspended, the status of the program remains subject to change as the legal landscape continues to evolve. The State will update its public guidance on vehicle inspections as more information becomes available and will provide additional regulatory flexibility as needed in the event of future changes, including further deadline extensions should the program resume.

At this time, the public is reminded that they are responsible under current law to ensure that any vehicle driven in New Hampshire is safe to operate, regardless of the status of the inspection program. Vehicle safety requirements are set forth in New Hampshire Revised Statutes Annotated (RSA) Chapter 266.

# EXHIBIT 11





# State of New Hampshire

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4000 TDD Access Relay NH 7-1-1

Robert L. Quinn
Commissioner of Safety

John C. Marasco
Director of Motor Vehicles

February 13, 2026

Dear Valued Inspection Station,

Despite the repeal of various provisions of N.H. Rev. Stat. Ann. ch. 266 on January 31, 2026 relating to the State's motor vehicle inspection program, the United States District Court for the District of New Hampshire issued a preliminary injunction order on January 27, 2026 prohibiting the Department from taking any action to cease implementation and enforcement of the inspection program and requiring the Department to take all necessary steps to resume and ensure continued operation of the inspection program. In accordance with this order, the Department requested an extension of Gordon-Darby NHOST Services, Inc.'s ("Gordon-Darby") contract with the State for sixty days so Gordon-Darby could continue as the State's vendor and implement the inspection program at each of the inspection stations. On February 4, 2026, the Executive Council denied the extension of Gordon-Darby's contract. As such, the State is presently without a vendor authorized to perform the inspection program.

As a result of the repeal of authorizing legislation and the Executive Council's denial of an extension to the current inspection program vendor, the Department is suspending the State's vehicle inspection program until further notice. Therefore, you are advised that, consistent with our guidance issued on November 19, 2025, licensed inspection stations are no longer authorized to perform State mandated motor vehicle inspections at this time. Effective immediately, inspection stations must cease to offer "State" inspections and shall not issue state inspection stickers. Given the fluctuations of the present litigation and other factors, this direction may be revised at a later date. The Department will continue to provide more information or direction to the licensed inspection stations as it becomes available.

As further clarification, repair stations and others so equipped and enabled, may continue to offer vehicle inspection services and emissions testing services consistent with RSA 266:59-b at their own discretion. Such services, however, shall not be marketed as "State" inspections and no State inspection sticker shall be supplied as a result of such non-State mandated vehicle or emissions inspection services.

## State Issued Inspection Supplies

All licensed inspection stations must return any used and unused inspection stickers purchased directly from the Division of Motor Vehicles by April 30, 2026. Stickers should be returned in their original condition. Returns must be submitted either in person at one of the DMV locations or by mail to the address below.



**Robert L. Quinn**
Commissioner of Safety

# State of New Hampshire

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4000 TDD Access Relay NH 7-1-1



John C. Marasco
Director of Motor Vehicles

Any unused inspection stickers returned to the DMV by April 30, 2026, deadline will be credited to the business's DMV account.  If a station prefers to receive a refund instead of a credit, a written request must be submitted along with the returned stickers.  The written request should include the business name, station number, contact information, and a clear statement requesting a refund in place of credit.  Refunds will be processed in accordance with state financial procedures and may take several weeks to complete.

**Please mail to:**

**Division of Motor Vehicles**
**Attn: Dealer Desk**
**23 Hazen Dr**
**Concord, NH 03305**

Please feel free to contact the NH DMV Dealer Desk at 603-227-4120 if you have any questions. Questions related to Gordon-Darby issued supplies and machines may be directed to Gordon-Darby at 1-800-383-4124.

Thank you,

*John C. Marasco*

John C. Marasco

# EXHIBIT 12



## State of New Hampshire

**DEPARTMENT OF SAFETY**
**OFFICE OF THE COMMISSIONER**
**33 HAZEN DR. CONCORD, N.H. 03305**
**603-271-2791**

ROBERT L. QUINN
COMMISSIONER OF SAFETY

February 13, 2026

Robert Tefft, President
Gordon-Darby NHOST Services, Inc.
2410 Ampere Drive
Louisville, KY 40299

RE: Cancellation of Contract - G&C Item #61 on March 27, 2019, and extended by Item #5 O, as approved November 13, 2024

Dear Mr. Tefft:

This letter is in reference to the above captioned contract between Gordon-Darby NHOST Services, Inc. ("Gordon-Darby") and the State of New Hampshire, Department of Safety, Division of Motor Vehicles ("Department"), executed and approved by Governor & Council (Item #61) on March 27, 2019, and extended by Governor and Council on November 13, 2024 (Item #5 O), referred to herein as "Agreement." As stated in my prior letter of February 4, 2026, the Executive Council denied the Department's request to extend the Agreement resulting in termination of the Agreement effective January 31, 2026, pursuant to the September 16, 2025 Notice of Termination.

As a result, we are providing this further notice that Gordon-Darby is no longer authorized to continue performing the services set out in the Agreement or to operate the State's vehicle inspection program. At this time, the Department is suspending the vehicle inspection program and is instructing inspection stations that they are no longer authorized to perform state inspections or issue state inspection stickers until further notice.

Gordon-Darby is further instructed to comply with the termination procedures set forth in Part 2, Section 13.4 of the Agreement based on the Department's termination of the Agreement for convenience. While the State's vehicle inspection program is suspended until further notice, Gordon-Darby remains free to deploy its equipment and enter into business relationships with former New Hampshire inspection stations provided they do not purport to be offering State-mandated or State-sanctioned emissions inspections or otherwise relate to or rely on the terminated Agreement.

Communications necessary to fulfill the termination procedures and develop a mutually agreeable work plan with regards to State data should be directed to DMV Deputy Director Melissa Reilly Melissa.J.Reilly@DOS.NH.GOV.

Sincerely,

Robert L. Quinn

Cc:    Joel Unverzagt, President
       Gordon-Darby NHOST Services, Inc.
       10 Dunklee Road, Unit 22
       Bow, NH 03304

TDD ACCESS: RELAY NH (7-1-1)