IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

MARILYN C. JONAS

*and*

GORDON-DARBY HOLDINGS, INC.

Plaintiffs,

v.

KELLY AYOTTE, IN HER OFFICIAL CAPACITY AS THE GOVERNOR OF THE STATE OF NEW HAMPSHIRE,

*et al.*,
Defendants.

Civil No. 26-cv-600-LM-TSM

**DEFENDANTS' OBJECTION TO MOTION TO STAY THE CASE WITH SUPPORTING MEMORANDUM OF LAW**

NOW COME Defendants Kelly Ayotte, in her official capacity as the Governor of the State of New Hampshire, the Executive Council of the State of New Hampshire, and its respective members in their official capacities, District 1 Executive Councilor Joseph D. Kenney, District 2 Executive Councilor Karen Liot Hill, District 3 Executive Councilor Janet Stevens, District 4 Executive Councilor John Stephen, District 5 Executive Councilor David K. Wheeler, together with Robert L. Quinn, Commissioner of the New Hampshire Department of Safety ("NHDOS"), Commissioner Robert R. Scott, Commissioner of the New Hampshire Department of Environmental Services ("NHDES"), and Director of NHDOS's Department of Motor Vehicles (NHDMV) John Marasco, in their respective official capacities, and submit this Objection to Motion to Stay the Case with supporting ECF-13.

**INTRODUCTION**

Plaintiff Gordon-Darby Holdings, Inc. previously commenced and attempted to voluntarily dismiss a patently premature but generally identical Clean Air Act ("CAA") citizen suit against two of the named agency Defendants herein based upon the repeal of State law authority to implement and enforce the vehicle emissions inspection and maintenance ("I/M") program contained in the State's State Implementation Plan ("SIP") prior to the Environmental Protection Agency ("EPA") approval of a SIP amendment. *See Gordon-Darby Holdings, Inc. v. NH. Dep't of Safety*, 817 F. Supp. 3d 82, 90 (D. N.H. 2026), *Gordon-Darby Holdings, Inc. v. NH Dep't of Safety*, 821 F. Supp. 3d 202, (D. N.H. Feb. 25, 2026), *Gordon-Darby Holdings v. NH Dep't of Safety*, 2026 U.S. Dist. LEXIS 95919 (Apr. 29, 2026), *Gordon-Darby Holdings v. Quinn*, 174 F.4th 255 (1st Cir. Apr. 30, 2026).

On July 22, 2026, Plaintiffs commenced the current action, which acknowledged that "New Hampshire submitted a revised SIP to EPA seeking to remove the I/M program from the state's SIP on December 24, 2025." ECF-1, ¶ 112. Plaintiffs were well aware at the time they filed their complaint that EPA was expediting the review of New Hampshire's request to remove the I/M program from the State's SIP. ECF-13 at 2, n. 1. On August 11, 2026, "EPA published two notices of proposed rulemaking that, if both finalized, would remove the I/M requirements from New Hampshire's SIP. *Id.* at 2 (citing 91 Fed. Reg. 51644 (Aug. 11, 2026) ("Proposed OTR Removal"); 91 Fed. Reg. 51640 (Aug. 11, 2026) ("Proposed SIP Revision")).

Plaintiffs now ask this Court, prior to the Defendants' September 21, 2026 deadline to answer or file a responsive pleading, to stay this case. For the reasons set forth herein, this Court should deny Plaintiffs' motion on the grounds that the Court must first assess the Defendants' challenge to the Court's subject matter jurisdiction (which is being filed herewith) under *Steel*

*Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998), or in the alternative because Plaintiffs' fail to show good cause for a stay.

**ARGUMENT**

Plaintiffs argue that a stay is warranted because "[i]f EPA finalizes both rulemakings as proposed, then Defendants' failure to implement the I/M program would no longer violate New Hampshire's applicable SIP." ECF-13 at 8. Defendants agree, yet Plaintiffs would not assent, as a condition of their requested stay, to dismissal of this case as moot following the stay if EPA approves the SIP revision.[1] *Id.* at 3. Rather, Plaintiffs assert only that EPA's approval of the requested SIP revision "could resolve Plaintiffs' claims in this litigation" (*id.* at 9 (emphasis supplied)).

Indeed, Plaintiffs further note that any EPA approval "could be reversed and vacated on judicial review, resulting in the current SIP and its I/M program requirements returning to effect," (*id.*) and also that EPA has proposed to conditionally approve the SIP amendment pending a supplemental submission from NHDES within one year, in the absence of which "EPA's conditional approval will be converted to a disapproval and the current SIP would likewise return to effect." *Id.* at 11-12. Without conceding that EPA approval of the requested SIP revision and OTR withdrawal would be dispositive of Plaintiffs' claims, a stay would serve no purpose other than delay.

---

[1] Plaintiffs fail to explain how they could continue to maintain a citizen suit against Defendants where, as Plaintiffs acknowledge, Defendants would no longer be "in violation" of any emission limit or standard and where the Eleventh Amendment and the doctrine of *Ex parte Young* prohibit the award of any retrospective relief. *See Town of Barnstable v. O'Connor*, 786 F.3d 130, 139 (1st Cir. 2015); *see also Whalen v. Mass Trial Court*, 397 F.3d 19, 29 (1st Cir. 2005) (citing *Papasan v. Allain*, 478 U.S. 265, 278 (1986)).

Moreover, Plaintiffs acknowledge (and the parties have in fact discussed) that Defendants intend to move to dismiss this case (*id.* at 9) yet argue that the interests of judicial economy and the parties' respective resources would be most efficiently conserved "while waiting to determine whether EPA's actions might resolve this litigation entirely without the need for judicial resolution of any of the issues presented." *Id.* at 9. Given Plaintiffs' refusal to agree that EPA approval would end the case, their judicial economy argument rings hollow as Plaintiffs appear to be reserving the right to argue the case should continue.

Indeed, Plaintiffs propose that 75 days after EPA publishes notice of its final actions on both rulemakings the parties file "motions to govern further proceedings" that would present the parties' "positions as to how this litigation should proceed in light of EPA's final actions," (*id.* at 2), thus contemplating ongoing proceedings notwithstanding the fact that the State would be in compliance with the SIP and the CAA. Far from promoting judicial economy, Plaintiffs' requested stay would insert new issues prolonging the case while simultaneously preventing the Court from addressing the Defendants' 12(b)(1) dismissal arguments.[2] The Court should not allow Plaintiffs to entertain any such review before establishing this Court's subject matter jurisdiction to reach the merits of the case.

1. <u>This Court Must First Address Defendants' Challenge to Its Subject Matter Jurisdiction Prior to Ruling on Plaintiffs' Motion to Stay the Case</u>.

As the First Circuit has observed, "[a] court without jurisdiction is like a king without a kingdom: both are powerless to act." *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 16 (1st Cir. 2018) (citing *See Steel Co.*, 523 U.S. at 94-95; *Bonano v. E. Carib. Airline Corp.*, 365

[2] Defendants note that Gordon-Darby's standing to bring equivalent claims against the Commissioner defendants is currently pending before the First Circuit Court of Appeals, the disposition of which is likely to be controlling in the instant case.

F.3d 81, 83 (1st Cir. 2004). "Without jurisdiction the court cannot proceed at all in any cause . . ." *Steel Co.,* 523 U.S., at 94. This Court should accordingly "determine whether it has subject matter jurisdiction prior to addressing the parties' arguments concerning whether a stay of the proceedings is warranted." *Forrence v. Koch*, 2018 U.S. Dist. LEXIS 114011, *3-4 (D. N.H. 2018); *see also Guzman v. Hamilton Rsrv. Bank*, 2025 U.S. Dist. LEXIS 157066, *10 (D. Puerto Rico 2025) (citing *Lawless,* 894 F.3d at 16).

As noted, Plaintiffs' motion repeatedly argues that any EPA decision on the State's requested SIP amendment, and the outcome of any appeal of such EPA action, "could" be dispositive of the merits of this case. *See* ECF-13 at 2-3, 9-12. Plaintiffs summarize their argument as follows:

> Judicial economy strongly favors the requested stay because if EPA takes final action removing the I/M program requirements from New Hampshire's SIP and those actions are upheld after judicial review (if any), it could resolve some or all of the issues raised in this litigation without the need for judicial resolution.

*Id.* at 2.

Even if this Court could assess the merits of this case prior to assuring its subject matter jurisdiction or was able, contrary to *Steel Co.*, to "proceed at all" prior to doing so (523 U.S., at 94), engaging with subject-matter jurisdiction from the outset in this case is clearly "most efficient way" for this Court to proceed herein. *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 587 (1999). Moreover, the Court would undoubtably benefit from having the jurisdictional issues fully briefed before addressing any remaining issues resulting from EPA's pending action on Defendants' SIP amendment. Such briefing requires no expenditure of judicial resources and, in fact, supports judicial economy.

2. Even if this Court Had Subject Matter Jurisdiction, Plaintiffs Fail to Show that Good Cause for a Stay Exists, that the Stay Would be Reasonable in Duration, or that the Competing Equities Warrant a Stay.

This Court does not cavalierly grant stays but instead requires a showing of good cause for a stay of reasonable duration which is warranted based on the weight and balance of the competing equities. *Gray v. Gray*, 2025 U.S. Dist. LEXIS 73682, *6 (D. N.H. 2025) (citing *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992). Plaintiffs' motion fails all three prongs of this test.

First, Plaintiffs are simply asking to be excused from prosecuting their claims while they are afforded an opportunity to pursue notice and comment on EPA's proposed action to amend the State's SIP (ECF-1 at 4, 8) and petition for judicial review of such EPA action. *Id.* at 10. The rules governing procedures in this Court, however, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Proc. 1. A plaintiff's unjustified reluctance to prosecute a case which it has brought can serve as grounds for involuntary dismissal (Fed. R. Civ. Proc. 41(b)), but it does not constitute good cause to stay the case.

Second, Plaintiffs do not (and indeed cannot) propose any reasonable time frame for the stay and instead assert that they should be permitted to "resume" this suit not only after final EPA action on the State's SIP amendment and the expiration of their time to appeal the same, but more than a year down the road should the State thereafter fail to meet the requirements of EPA's proposed conditional approval. ECF-13 at 11-12.

Finally, Plaintiffs' argument that Defendants would not be prejudiced by a stay is manifestly incorrect. ECF-13 at 10. Defendants have no wish to be "relieved from their current deadline to file an answer or other responsive pleading" (*id.*) but instead are entitled to a

threshold determination of this Court's subject matter jurisdiction over Plaintiffs' claims against them. Plaintiffs, on the other hand, simply wish to be relieved of their obligation to prosecute such claims while they are afforded an opportunity to focus solely on the pending EPA SIP revision and initiating judicial review of such EPA action.

Moreover, while retrospective civil penalties against the State are barred by the Eleventh Amendment (*see Town of Barnstable v. O'Connor*, 786 F.3d 130, 139 (1st Cir. 2015); *see also Whalen v. Mass Trial Court*, 397 F.3d 19, 29 (1st Cir. 2005) (citing *Papasan v. Allain*, 478 U.S. 265, 278 (1986)), Plaintiffs have nevertheless brought suit against the State seeking civil penalties. ECF-1 at Prayer 4. CAA civil penalties may be assessed "per day for each violation . . ." 42 U.S.C. §7413. Plaintiffs' motion thus disregards the tacit inequity of permitting them to maintain a civil action seeking civil penalties which could accrue on a daily basis while they seek to stay that action in order to delay the briefing and adjudication of motions to dismiss and to provide them with an undistracted opportunity to focus on EPA's rulemakings and any appeal which they may take therefrom.

## CONCLUSION

This Court should assess its own subject matter jurisdiction prior to addressing Plaintiffs' Motion to Stay the Case, and even if the Court determined that it has jurisdiction over Plaintiffs' claims, Plaintiffs' motion fails to show good cause for a stay of reasonable duration which is warranted based on the weight and balance of the competing equities. Plaintiffs' motion should consequently be denied.

Respectfully submitted,
KELLY AYOTTE, IN HER CAPACITY AS THE GOVERNOR OF THE STATE OF NEW HAMPSHIRE,

THE EXECUTIVE COUNCIL OF THE STATE OF NEW HAMPSHIRE, AND ITS RESPECTIVE MEMBERS IN THEIR OFFICIAL CAPACITIES,
DISTRICT 1 EXECUTIVE COUNCILOR JOSEPH D. KENNEY,
DISTRICT 2 EXECUTIVE COUNCILOR KAREN LIOT HILL,
DISTRICT 3 EXECUTIVE COUNCILOR JANET STEVENS,
DISTRICT 4 EXECUTIVE COUNCILOR JOHN STEPHEN,
DISTRICT 5 EXECUTIVE COUNCILOR DAVID K. WHEELER, AND
ROBERT L. QUINN, COMMISSIONER OF THE NEW HAMPSHIRE DEPARTMENT OF SAFETY,
ROBERT R. SCOTT, COMMISSIONER OF THE NEW HAMPSHIRE DEPARTMENT OF ENVIRONMENTAL SERVICES, AND
JOHN MARASCO, DIRECTOR OF THE NEW HAMPSHIRE DEPARTMENT OF MOTOR VEHICLES

By and through their counsel

JOHN M. FORMELLA
ATTORNEY GENERAL

September 21, 2026

/s/ Mark L. Lucas
Mark L. Lucas, Bar #274692
Assistant Attorney General
Joshua C. Harrison, Bar #269564
Senior Assistant Attorney General
Environmental Protection Bureau
Office of the Attorney General
New Hampshire Department of Justice
One Granite Place South
Concord, New Hampshire 03301
(603) 271-3679
Mark.L.Lucas@doj.nh.gov
Joshua.C.Harrison@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

/s/ Mark L. Lucas
Mark L. Lucas, Bar #274692