**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| MARILYN C. JONAS, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KELLY AYOTTE, in her official capacity as Governor of the State of New Hampshire, et al.,<br><br>*Defendants*. | Civil Action No. 26-cv-00600-LM-TSM |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STAY CASE**

Pursuant to Local Rule 7.1(e), Plaintiffs Marilyn C. Jonas and Gordon-Darby Holdings, Inc. ("Gordon-Darby") file this reply in support of their Motion to Stay (ECF 13). Good cause exists for the Court to stay this case pending the U.S. Environmental Protection Agency's ("EPA") forthcoming final action in two rulemakings that could eliminate the need for judicial resolution of any issues presented here, including the myriad legal issues raised in Defendants' two recently filed motions to dismiss (ECF 14, 15). Defendants' Objection (ECF 16) rests on a faulty legal proposition and does not rebut the clear efficiency benefits to be gained from a stay.

*First*, Defendants' argument that the Court cannot stay this case without first resolving Defendants' two motions to dismiss is plainly incorrect. Obj. at 4-5. The Court is not required to decide whether it has Article III or subject matter jurisdiction before it can exercise its inherent power to "control the disposition of the causes on its docket," including its power to stay the case where good cause exists. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). If Defendants' argument were correct, it would effectively hobble the federal courts, which would be unable to

engage in the simple management of their dockets without first conclusively adjudicating any challenge to their jurisdiction.

Defendants' assertion that the Court is "powerless to act" if it lacks jurisdiction is misguided, since Plaintiffs' Stay Motion does not seek "action" requiring the Court to exercise its jurisdiction—only a temporary pause of proceedings in the interests of efficiency. Obj. at 4 (quoting *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 16 (1st Cir. 2018)). Defendants do not and cannot explain how granting a stay would require this Court to "assess the merits of this case prior to assuring its subject matter jurisdiction." *Id.* at 5.

Defendants' cited cases do not support the extreme position they take here. For example, *Forrence v. Koch* involved the applicability of the automatic stay under the federal Bankruptcy Code (not a stay for good cause under the Court's inherent authority) in a case that had been removed from state to federal court. No. 18-cv-134-LM, 2018 U.S. Dist. LEXIS 114011, *1-2 (D.N.H. 2018). Because the defendant had invoked the automatic stay under 11 U.S.C. § 362, staying the case would have required the Court to exercise its jurisdiction by resolving a question of law (whether or not the case fell under the scope of the automatic stay), which in turn required the Court to decide whether the case was properly in federal or state court. *Id.* at *8 (remanding case). By contrast, Plaintiffs' Stay Motion here invokes only this Court's inherent authority to control its own docket and does not require a similar exercise of jurisdiction. Similarly, *Guzman v. Hamilton Reserve Bank* did not hold that a court must decide any jurisdictional arguments before granting a stay. No. 24-cv-1467, 2025 U.S. Dist. LEXIS 157066 (D.P.R. 2025). That court simply opted to resolve its jurisdiction in response to a motion that sought either a stay *or* dismissal in the alternative. *Id.* at *2. And its reference to deciding jurisdictional issues first was in relation to the

defendants' "other arguments" for dismissal based on failure to state a claim, not in relation to the arguments for a stay. *Id.* at *10.

*Second*, Defendants cannot plausibly dispute that staying this case is the most economical way to proceed. The parties apparently agree that if EPA finalizes both of its rulemakings as proposed, and if both final rules survive judicial review, there will be no need for further litigation in this case. Indeed, the Court itself raised this possibility months ago at oral argument on Gordon-Darby's motion for a preliminary injunction in its previous citizen suit against Defendants Quinn and Scott. *See* Tr. of Prelim. Inj. Hr'g (ECF 36) at 10-15, *Gordon-Darby Holdings, Inc. v. N.H. Dep't of Safety, Comm'r*, No. 25-cv-508 (D.N.H. Jan. 30, 2026) (discussing possibility that case "would be taken off my desk" by EPA action). The parties' remaining disagreement about what should happen at the *end* of Plaintiffs' requested stay period if EPA finalizes both proposals does not negate the overwhelming benefits to judicial economy from staying these proceedings *now*.

Defendants' recently filed motions to dismiss only highlight why staying this case is plainly the most efficient course here. Defendants have now filed *two* separate motions to dismiss different groups of state officials for both lack of jurisdiction and failure to state a claim totaling forty-eight (48) pages. These motions raise a host of jurisdictional and statutory arguments, as well as constitutional defenses under the Tenth and Eleventh Amendments. Many of these issues were not directly raised (or raised at all) before this Court in the related prior litigation between Gordon-Darby and Defendants Quinn and Scott, and thus would be briefed in full for the first time here.[1]

[1] Defendants note that some of their legal arguments in these motions to dismiss have also been raised in the interlocutory appeal from this Court's preliminary injunction in Gordon-Darby's now-dismissed 2025 citizen suit. Obj. at 4 n.2. To the extent they argue a "controlling" decision on the merits from the First Circuit is imminent, they are wrong, as that case is still in the midst of merits briefing with no oral argument date. *See Gordon-Darby Holdings, Inc. v. Quinn*, No. 26-1209 (1st Cir.). Moreover, because Gordon-Darby voluntarily dismissed the underlying case, that interlocutory appeal is moot and any eventual disposition is unlikely to provide guidance to this

*See, e.g.* Mot. Dismiss as to Governor & Executive Council (ECF 14) at 8-10, 15-17, 18-23. Proceeding ahead to resolve these motions to dismiss now would consume significant time and effort by the parties, as well as by the Court once it turns to deciding them. Instead of requiring the parties and the Court to expend those resources now, the Court should stay this case—for what EPA's announced timeline indicates may be as short as a few months, *see* Stay Mot. at 2—before deciding how to proceed.

Finally, no party will be prejudiced by granting a stay at this early stage of the case. Defendants fail to identify any harm they will actually suffer as a result of a stay. Defendants' attempt to manufacture prejudice out of a threat of accruing civil penalties is misguided. For one, their argument is internally inconsistent, as they claim the Eleventh Amendment completely bars recovery of any civil penalties against them. Obj. at 7. But in any event, Defendants decided to oppose Plaintiffs' Stay Motion without confirming whether Plaintiffs would even *seek* civil penalties related to any time covered by the requested stay. Plaintiffs represent to this Court that if they ultimately prevail in this case, they do not intend to seek imposition of civil penalties for any time during which this case is stayed in response to this Stay Motion.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion to stay this case and suspend all currently applicable deadlines pending EPA's final action on the Proposed OTR Removal, 91 Fed. Reg. 51644 (Aug. 11, 2026), and the Proposed SIP Revision, 91 Fed. Reg. 51640 (Aug. 11, 2026), with the parties' motions to govern further proceedings due seventy-five (75) days after notice of both final actions has been published in the Federal Register.

---

Court on the merits of Defendants' arguments. *See id.* ECF 00118449110 (May 19, 2026) (motion to dismiss appeal for lack of jurisdiction); ECF 00118456647 (June 3, 2026) (order deferring resolution of motion to dismiss to merits panel).

Dated: September 28, 2026

Respectfully submitted,

MARILYN JONAS
GORDON-DARBY HOLDINGS, INC.,

By and through their attorneys,

/s/ *Andrew D. Knudsen*
Allison D. Wood (DC Bar No. 466928)
Andrew D. Knudsen (DC Bar No. 1019697)
McGuireWoods LLP
888 16th Street, N.W., Suite 500
Washington, D.C. 20006
(202) 857-1700
awood@mcguirewoods.com
aknudsen@mcguirewoods.com

Amy Manzelli (NH Bar No. 17128)
Andrian Lee (NH Bar No. 277993)
BCM Environmental & Land Law, PLLC
3 Maple Street
Concord, NH 03301
(603) 225-2585
manzelli@nhlandlaw.com
lee@nhlandlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on September 29, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

/s/ *Andrew D. Knudsen*
ANDREW D. KNUDSEN